**JENNIFER A. BANDLOW, ESQ. (SBN 265757)**
Email: jbandlow@socaljusticelawgroup.com
**GEORGE D. TOURKOW, ESQ. (SBN 331070)**
Email: gtourkow@socaljusticelawgroup.com
**SOCAL JUSTICE LAW GROUP, P.C.**
5670 Wilshire Boulevard, 18th Floor
Los Angeles, California 90036
Telephone: (323) 723-3120
Facsimile: (310) 734-1710

Attorneys for Plaintiff, DEREK MATTHEWS

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK MATTHEWS, an individual<br><br>       Plaintiff,<br><br>  vs.<br><br>DEMITA PINCHBACK, an individual; WARDEN JEROME PRICE, an individual; OFFICER B. SYSMOBATH, an individual; OFFICER A. TOUT, an individual; and DOES 1-10, inclusive<br><br>       Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1)**   **Violation of Civil Rights (42 U.S.C. § 1983) (Based on 8th Amendment Right to be Free of Cruel and Unusual Punishment)**<br>**2)**   **Violation of Civil Rights (42 U.S.C. § 1983) (Based on 4th Amendment Right to be Free of Illegal Search and Seizure)**<br>**3)**   **Violation of Civil Rights (42 U.S.C. § 1983) (Based on 1st Amendment Retaliation)**<br>**4)**   **Sexual Assault and Battery**<br>**5)**   **Intentional Infliction of Emotional Distress**<br>**6)**   **Negligence**<br>**7)**   **Negligent Infliction of Emotional Distress** |

**<u>DEMAND FOR JURY TRIAL</u>**

1.      This complaint concerns the abuse of power by Defendant, and former Correctional Officer DEMITA PINCHBACK (hereinafter "PINCHBACK"), and specifically, PINCHBACK'S sexual assault and sexual abuse of Plaintiff DEREK MATTHEWS (hereinafter "MATTHEWS"), while he was incarcerated and under her care and control, and the subsequent ratification and tacit acquiescence to PINCHBACK'S unconstitutional acts by California Department of Corrections and Rehabilitation (hereinafter "CDCR") and/or California Prison Industry Authority (hereinafter "CAL PIA") supervisors, including WARDEN JEROME PRICE (hereinafter "PRICE"), OFFICER B. SYSMOBATH (hereinafter "SYSMOBATH"), and OFFICER A. TOUT (hereinafter "Tout") and DOES 1-10, inclusive, which occurred during a continuous time period beginning with the date of PINCHBCK'S sexual assault of DEREK MATTHEWS, and up to and including the date in which PINCHBACK was terminated from the CDCR and/or CAL PIA, which occurred on or around October 15, 2015.

## JURISDICTION AND VENUE

2.      Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

3.      Venue is proper in the Eastern District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

4.      At all relevant times mentioned herein, Plaintiff DEREK MATTHEWS was incarcerated at the Deuel Vocational Institution (hereinafter "Deuel"), located at 23500 Kasson Road, in the city of Tracy, in the unincorporated County of San Joaquin and in the State of California.

5.      Upon information and belief, at all times relevant herein,

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California 90036
Telephone (323) 773-3120 Facsimile (310) 734-1710

PINCHBACK resided in the County of San Joaquin and was employed by CDCR and/or CAL PIA in the position of Correctional Officer and stationed at Deuel. During all times mentioned herein, PINCHBACK was acting under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the CDCR and/or CAL PIA, and was acting within the course and scope of her employment with the CDCR and/or CAL PIA.

6.     Upon information and belief, at all times relevant herein, PRICE resided in the County of San Joaquin and was employed by CDCR in the position of Warden and stationed at Deuel. During all times mentioned herein, PRICE was acting under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the CDCR, and was acting within the course and scope of his employment with the CDCR.

7.     Upon information and belief, at all times relevant herein, Defendant OFFICER B. SYSMOBATH (hereinafter "SYSMOBATH") resided in the County of San Joaquin and was employed by CDCR in the position of Correctional Officer at Deuel. During all times mentioned herein, SYSMOBATH was acting under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the CDCR, and was acting within the course and scope of his employment with the CDCR.

8.     Upon information and belief, at all times relevant herein, Defendant OFFICER A. TOUT (hereinafter "TOUT") resided in the County of San Joaquin and was employed by CDCR in the position of Correctional Officer at Deuel. During all times mentioned herein, TOUT was acting under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the CDCR, and was acting within the course and scope of her employment with the CDCR.

9.     Plaintiff is informed, believes, and thereupon alleges that the CDCR

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California 90036
Telephone (323) 773-3120  Facsimile (310) 734-1710

and CAL PIA is, and at all relevant times herein was, a state agency or political subdivision organized and existing under the laws of the State of California.

10. Plaintiff is unaware of the true names and capacities of those Defendants sued herein as DOES 1 through 10 inclusive, each of whom may have acted in a supervisory capacity at the CDCR and/or CAL PIA, and therefore sues these Defendants using fictitious names. Plaintiff will amend this complaint to allege the DOES' true names and capacities when that information becomes known. Plaintiff is informed and believes and, on that basis, alleges that each of these fictitiously named Defendants are legally responsible in some manner for the actions and inactions alleged herein and that the injuries suffered by Plaintiff as alleged throughout this complaint were proximately caused by these actions and inactions. Plaintiff further alleges, based upon information and belief, that each Defendant sued herein was acting as the agent or employee of each of the other Defendants, and in doing the acts alleged herein was acting within the course and scope of such agency and/or employment, and/or aided, abetted, cooperated with, and/or conspired with one another to do the acts alleged herein.

11. At all relevant times mentioned herein supervisory defendant DOES 1 through 10, inclusive, were residents of San Joaquin County and/or business or corporate entities incorporated in and/or doing business in the State of California by virtue of the laws of the State of California.

12. Each Defendant is the agent, servant and/or employee of the other Defendants and each Defendant was acting within the course and scope of his, her, or its authority as an agent, servant, and/or employee of the other Defendants. Defendants, and each of them, are individuals, corporations, partnerships, and other entities which engaged in, joined in, and conspired with the other wrongdoers in carrying out the tortious and unlawful activities described in this complaint, and Defendants, and each of them, ratified the acts of the other

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California 90036
Telephone (323) 773-3170, Facsimile (310) 734-1710

Defendants as described in this Complaint.

13.     Each of the individual Defendants sued herein is sued in his or her individual and personal capacity

## EXHASUTION OF ADMINISTRATIVE REMEDIES

14.     From October 15, 2015, until May 19, 2021, DEREK MATTHEWS was involved in the process of exhausting his administrative remedies with the period and manner prescribed by the CDCR. DEREK MATTHEW'S administrative remedies were fully and finally exhausted on May 19, 2021, when he received correspondence from CDCR titled "Claimant Appeal Claims Decision Response" and it was concluded that "time expired" with respect to filing an administrative appeal.

15.     Administrative remedies were unavailable to DEREK MATTHEWS from October 15, 2015, through January 28, 2016, due to being placed in administrative segregation.

16.     Administrative remedies were rendered unavailable to MATTHEWS as he feared retaliation for reporting PINCHBACK'S abuse as she said if he reported her, she was going to lie and tell prison officials that MATTHEWS raped her, when in fact MATTHEWS was the victim. Moreover, Lieutenant Huff intimidated MATTHEWS when he told him, "You know what happens to men in prison who rape women" because MATTHEWS knew PINCHBACK would do everything she could to portray herself as the victim. Lieutenant Huff made this threat to intimidate MATTHEWS in order to prevent him from pursuing administrative remedies.

17.     After being released from administrative segregation, MATTHEWS submitted his grievance, however, he was informed that he needed to submit his claim on or by November 14, 2015, to comply with the 30-calendar day requirement set forth in the regulations, which he was not able to do because he was in administrative segregation.

18.     DEREK MATTHEWS fully exhausted his administrative remedies prior

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California 90036
Telephone (323) 773-3120 Facsimile (310) 734-1710

to the filing of this lawsuit.

## FACTS COMMON TO ALL CAUSES OF ACTION

19.    This Complaint concerns the sexual assault, battery, abuse of power, intimidation, and harassment of Plaintiff DEREK MATTHEWS, and tacit acquiescence to, and reckless disregard of the unconstitutional activities of PINCHBACK by TOUT, SYSMOBATH, PRICE and DOEs 1-10, inclusive (collectively "Supervisory Defendants"), which began in or around the Month of May 2015 and carried on through on or about October 2015, when Defendant PINCHBACK, was employed at Deuel located at 23500 Kasson Road, in the city of Tracy, in the unincorporated County of San Joaquin and in the State of California.

20.    At all times referenced herein, while at Deuel, DEREK MATTHEWS was within the custody, care, supervision, and control of the CDCR and/or CAL PIA, and Defendants PRICE, PINCHBACK, SYSMOBATH, TOUT, and other heretofore unknown Officers employed by CDCR and/or CAL PIA, or Deuel.

21.    At all times referenced herein, while at Deuel, DEREK MATTHEWS was wearing department issued clothing indicating his status as a prisoner. He was physically restrained to Deuel.

22.    Throughout the acts and omissions described herein, PRICE was the acting Warden of Deuel.

23.    Throughout the acts and omissions described herein, PINCHBACK wearing her department issued uniform, with badge and identification plate plainly visible, and was armed with her department issued pepper spray, baton, handcuffs, flashlight, and police radio.

24.    Throughout the acts and omissions described herein, SYSMOBATH wearing his department issued uniform, with badge and identification plate plainly visible, and was armed with his department issued pepper spray, baton, handcuffs, flashlight, and police radio.

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California 90036
Telephone (323) 773-3120, Facsimile (310) 734-1710

25.     Throughout the acts and omissions described herein, TOUT wearing her department issued uniform, with badge and identification plate plainly visible, and was armed with her department issued pepper spray, baton, handcuffs, flashlight, and police radio.

### *Grooming by PINCHBACK*

26.     Prior to May 2015, another inmate at the Deuel had complained of PINCHBACK'S sexual misconduct. However, on information and belief, PINCHBACK was in charge of the investigation and made sure the complaint backfired. Indeed, PINCHBACK disciplined the complaining inmate and PINCHBACK forced MATTHEWS to write the disciplinary report as part of the grooming process. This way PINCHBACK sent a clear message to MATTHEWS that if he had complained about her actions, such a complaint would backfire. Because the inmate complained about sexual misconduct by PINCHBACK, PRICE knew or should have known about this previous allegation of sexual misconduct involving PINCHBACK because the warden has a duty to review all complaints.

### *Sexual Abuse of MATTHEWS*

27.     From about May 2015 through October 2015, DEREK MATTHEWS, was the victim of sexual abuse and sexual assault inflicted by DEMITA PINCHBACK, including, but not limited to, being coerced and manipulated to perform various sexual acts on multiple occasions as she used her power as prison staff to silence and control DEREK MATTHEWS with threats and promises regarding extra privileges, increased inmate work hours and pay, and hiring an attorney to get him out of prison.

28.     DEREK MATTHEWS had been previously warned by Correctional Officer Albertson to stay away from PINCHBACK.  MATTHEWS was reluctant to work with PINCHBACK and her inmate crew, however, he was persuaded by PINCHBACK to believe that he had nothing to worry about.  PINCHBACK assigned MATTHEWS to clean an office, and every time she came to check on him, she asked

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California 90036
Telephone (323) 723-3120 Facsimile (310) 734-1710

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California 90036
Telephone (323) 773-3120  Facsimile (310) 734-1710

him a sexual question, such as "When was the last time you had some pussy?" or "How big is your dick?" and "Can I see it?" PINCHBACK began to seduce and manipulate MATTHEWS into performing oral sex on her, against his will and that he detested. PINCHBACK made it clear that if anyone found out about it, she would make his life miserable and blame MATTHEWS for raping and seducing her, when in fact it was the other way around.  MATTHEWS was and felt trapped, and belittled. PINCHBACK played mind games with MATTHEWS in order to manipulate him: she would pit him against other inmates, embarrass him in front of other inmates, gas-light him and ignore him for days. When PINCHBACK had successfully worn down and terrified MATTHEWS to his lowest point mentally, she would completely change her attitude, and demand oral sex from him, and when the oral sex did not satisfy her needs, she would demand intercourse.

29.     During the various rapes, PINCHBACK manipulated and coerced MATTHEWS by telling him that she really cared about him and his life.  She assured him that she was working on getting him a lawyer to help him get out of prison and led him to believe that he had a chance at freedom.  However, subsequently, whenever MATTHEWS asked PINCHBACK about these comments, she became belligerent and negative, and told him to do as he was told.  This was a constant pattern.

30.     After manipulating and forcing MATTHEWS to perform sex acts on her, PINCHBACK turned cold and verbally abused MATTHEWS for days.  This led MATTHEWS down a deep, dark path of confusion and depression.

31.     One day, MATTHEWS submitted a medical request expressing concern of discomfort when he urinated, fearing he had received a sexually transmitted disease.  After telling PINCHBACK he did so, she broke into a furious tirade of profanity laced insults directed at MATTHEWS, followed by threats of reporting him for rape. MATTHEWS was terrified of the threat of being accused of rape inside prison, reasonably believing that no one would believe that, in actuality, he was the victim.

PINCHBACK used her position of power and control as a prison correctional officer to gratify her own sexual desires by sexually abusing, assaulting, harassing, and battering MATTHEWS.

32.     On or about October 15, 2015, a secondary prison employee witnessed PINCHBACK sexually abusing and sexually assaulting MATTHEWS, and immediately reported the sexual misconduct to prison authorities, causing PINCHBACK to flee the Deuel prison grounds, throwing her CDCR issued keys in the parking lot.

### *Retaliation Against MATTHEWS for His Complaints*

33.     After the sexual assault of MATTHEWS was reported, MATTHEWS was treated like the perpetrator. Indeed, MATTHEWS was detained and questioned by the Investigative Services Unit ("I.S.U."), including, but not limited to, Lieutenant L.D. Huff and Sergeant C. Jackson, during which time MATTHEWS was subject to a relentless, intimidating, accusatory, and unconstitutional interrogation by the questioning officers.

34.     The questioning officers stated to MATTHEWS that PINCHBACK told them she had been raped by MATTHEWS, implying MATTHEWS was a suspect and not a victim, causing MATTHEWS to be terrified and confused.

35.     Because of the accusations the questioning officers were throwing at MATTHEWS, he told them, "If that is what she said, I need an attorney," however MATTEWS request to exercise his constitutional right to legal representation was ignored and the interrogation continued.  At a subsequent interrogation, on or around October 18, 2015, MATTHEWS again attempted to exercise his constitutional right to legal representation and again his request was ignored.

36.     Although, throughout the interrogation MATTHEWS did his best to convey to the questioning officers that he did not rape anyone, Lieutenant Huff continued to scare and intimidate MATTHEWS by stating to him, "You know what

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California  90036
Telephone (323) 723-3120  Facsimile (310) 734-1710

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California 90036
Telephone (323) 723-3170, Facsimile (310) 734-1710

happens to men in prison who rape women." Huff made this threat to intimidate MATTHEWS in order to prevent him from pursuing administrative remedies.

37.   At the conclusion of the interrogation that occurred on or around October 15, 2015, MATTHEWS was escorted to an isolated room in which he was put in handcuffs and shackles and subjected to an unconstitutional search and seizure. OFFICER B. SYSMOBATH forcefully pulled down MATTHEW'S underwear and administered a procedure on MATTHEW's penis. MATTHEWS was scared, confused, and had no idea what SYSMOBATH was doing. SYSMOBATH moved forward with the procedure and inserted an object into MATTHEWS'S penis, causing MATTHEWS immense pain. The purported purpose of the procedure was to obtain PINCHBACK'S DNA from MATTHEW'S body, albeit against his will.

38.   SYSMOBATH performed the unlawful, unclothed, and invasive procedure in the presence of a female officer, OFFICER TOUT, as TOUT held MATTHEW's arms down as SYSMOBATH performed the procedure. TOUT failed to protect MATTHEW's from the unlawful search and seizure.

39.   MATTHEWS is informed and believes and thereupon alleges that any medical exams, rape exams, and/or any other invasive medical procedures need to be administered by trained licensed medical professionals, not correctional officers. Further, all medical and rape exams must be performed in clean and sterile environments.

40.   Moreover, MATTHEWS was placed in administrative segregation and remained there until an investigation against him for "overfamiliarity" was concluded. Upon information and belief, there was no grievance process for "overfamiliarity" and MATTHEWS was left in administrative segregation as retaliation for reporting sexual misconduct of a prison official. MATTHEWS was then placed in administrative segregation from October 15, 2015, through January 28, 2016.

41.   Eventually, as a result of the sexual assault and sexual abuse of

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California 90036
Telephone (323) 773-3120 Facsimile (410) 744-1710

MATTHEWS, an arrest warrant was issued for PINCHBACK, ultimately leading to her arrest and conviction for sexual abuse of a state prisoner, by the Superior Court of California, County of San Joaquin, Manteca Branch, Case Number: MAN-FE-CE-2016-0004503, (*People v. DEMITA PINCHBACK*).

### *Previous Complaints Against PINCHBACK*

42.     Based upon information and belief, Defendant PRICE, as the Warden, had knowledge that PINCHBACK was previously investigated by I.S.U. for criminal and sexual misconduct involving a different state prisoner.  Yet, PRICE failed to take corrective actions that could have protected other inmates, including MATTHEWS, from PINCHBACK's predatorial behavior.

### *DAMAGES*

43.     The above-described events continue to shock, embarrass, confuse, and terrify MATTHEWS. MATTHEWS did not understand how a male could be sexually assaulted and sexually abused by a female. Through spiritual counseling, MATTHEWS now understands that rape is not defined by gender, but about the power that one exerts over the one who is powerless, and in prison, correctional officers have nearly absolute power of the well-being of the inmate. Yet, MATTHEWS, stills suffers from emotional damages and distress from the sexual assault and sexual abuse to this day.

44.     Prison mental health services denied MATTHEWS treatment as his victimization was misrepresented to prison officials.  His trauma is heighted by the silence.  He is alone and suffering daily.  MATTHEWS struggles daily with how PINCHBACK groomed him, manipulated him, coerced him, and sexually abused him. The longer MATTHEWS goes without professional mental health services and living under constant intimidation of reprisal, the more he sufferers from being sexual abused.

45.     As a direct result proximate result of all of PINCHBACK'S actions and the acts and omissions of SYSMOBATH, TOUT, PRICE, and unknown defendants DOES 1-10, inclusive, DEREK MATTHEWS was wrongfully and

severely sexually assaulted, battered, abused, and harassed and sustained serious and permanent injuries which were exclusively caused by the above-described actions and omissions of the individual Defendants, DOES 1-10, inclusive, and other agents and employees of the CDCR and/or CAL PIA.

46.     As a further direct and proximate cause of the sexual assault, battery,abuse, harassment and civil rights violations of DEREK MATTHEWS by PINCHBACK, SYSMOBATH, TOUT, PRICE, and unknown defendants DOES 1-10, inclusive, DEREK MATTHEWS has suffered, and continues to suffer, great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, anger, lack of motivation, rage, propensity for self-harm, self-degradation, shame, disgust, inability to articulate feeling and apprehension, all to his damage in a sum to be determined at trial.

## **DEFENDANT JEROME PRICE**

47.     Defendant JEROME PRICE was the Warden at Deuel at all relevant times. As Deuel Warden, he was responsible for the supervision and administration of the prison, including but not limited to the provision of safe custody and care of inmates. Defendant PRICE was responsible for supervising the Investigative Services Unit and ensuring that allegations of staff sexual misconduct were handled in a proper and timely manner. Defendant PRICE was also responsible for supervising custody staff who worked at Deuel, including Defendants PINCHBACK, SYSMOBATH, and TOUT.

48.     As Deuel Warden, PRICE was required to be immediately notified about all allegations of sexual misconduct by staff. Department Operations Manual ("DOM") § 54040.8.1.

49.     Defendant PRICE was required to conduct an incident review of every allegation of staff sexual misconduct, even those that had not been

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California 90036
Telephone (323) 773-3120 Facsimile (310) 734-1710

substantiated. DOM § 54040.17.

50.    In or around May 2015 to October 2015, Defendant PRICE failed in his responsibilities to supervise allegations of sexual misconduct against staff, ensure PREA compliance at Deuel, and protect Plaintiff DEREK MATTHEWS from sexual abuse.

51.    During his time as Warden of Deuel, on information and belief, Defendant PRICE, was aware of at least one (1) incident of PINCHBACK'S sexual misconduct. Yet, Defendant PRICE failed to find that case was substantiated, and no criminal investigation resulted.

52.    Despite the known risk of danger to Plaintiff MATTHEWS as a victim of repeated sexual abuse at Deuel, Defendant PRICE failed to protect him from sexual misconduct by staff, including Defendant PINCHBACK.

53.    Defendant PRICE knew or should have known about the sexual misconduct by Defendant PINCHBACK and failed to prevent further harm to Plaintiff DEREK MATTHEWS.

54.    By failing to intervene, Defendant PRICE condoned and encouraged the sexual misconduct against Plaintiff DEREK MATTHEWS by Defendant PINCHBACK.

55.    Additionally, upon information and belief, Defendant PRICE failed to timely refer the allegations of sexual misconduct against Defendant PINCHBACK to CDCR's Office of Internal Affairs, as required by CDCR regulations and prison policies.

56.    Defendants, acting under color of law, as a matter of custom, practice, or policy, failed to maintain adequate and proper training for subordinate staff necessary to educate them as the to the constitutional rights of prisoners. Specifically, Defendants failed to prevent the consistent and systematic use of harassment and assault, failed to take requisite measures to prevent and report

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California  90036
Telephone (323) 723-3120  Facsimile (310) 734-1710

staff/prisoner rape, and failed to adequately supervise or control staff.

57.     Even more egregious, on information and belief, DEREK MATTHEWS was not the only inmate that was sexually assaulted, abused, harassed and/or battered by PINCHBACK while confined at Deuel and prior to the sexual assault of DEREK MATTHEWS as alleged herein, PINCHBACK sexually assaulted and/or battered other inmates and had established a practice of such behavior prior to the time in which DEREK MATTHEWS was assaulted and abused. Upon information and belief, the nature and extent of PINCHBACK'S sexual misconductwas known to Warden PRICE and unknown supervisory defendants DOES 1-10, who acted in a supervisory capacity within the Deuel bothbefore and after the sexual assault and abuse described herein against DEREK MATTHEWS, and were fully aware of PINCHBACK'S unconstitutional activities both before and after the sexual assault described herein against DEREK MATTHEWS, yet failed to take any actions to terminate, remedy, prevent and/or redress PINCHBACK'S unconstitutional activities, and thereby made possible PINCHBACK'S unconstitutional actions in a manner that showed reckless and callous indifference to the constitutional deprivations and ensuing intimidation of DEREK MATTHEWS.

## FOR THE FIRST CAUSE OF ACTION

### (By PLAINTIFF Against PINCHBACK, PRICE, and DOES 1-10
### for Violations of Civil Rights [42 U.S.C. § 1983])
### (Based 8th Amendment Right to be Free of Cruel and Unusual Punishment)

58.     Plaintiff DEREK MATTHEWS hereby restates and incorporates by reference the foregoing paragraphs of this complaint.

59.     This cause of action is to redress the deprivation, under color

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California 90036
Telephone (323) 773-3120 Facsimile (310) 734-1710

of statute, ordinance, r e g u l a t i o n , p o l i c y , c u s t o m , p r a c t i c e or usage of rights, privileges, and immunities secured to DEREK MATTHEWS by the Eighth Amendment to the United States Constitution.

60.     At all times mentioned h e r e i n , Defendant PINCHBCAK a n d DOES 1-10, i n c l u s i v e , were employed by the CDCR and/or CAL PIA in the position of Correctional Officer and stationed at Deuel. CDCR and/or CAL PIA provided PINCHBACK with an official badge and identification cards which designated and described her as an agent and employee of CDCR and/or CAL PIA and Deuel.

61.     During all times mentioned herein, OFFICER PINCHBACK acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the CDCR and/or CAL PIA, and in so doing, deprived DEREK MATTHEWS of the rights, privileges, and immunities secured to him by the EighthAmendment to the United States Constitution and the laws of the United States

62.     During all times mentioned herein, OFFICER PINCHBACK was acting in thecourse and scope of her employment with CDCR and/or CAL PIA and Deuel.

63.     During all times mentioned herein, PINCHBACK'S conduct toward DEREK MATTHEWS was cruel, unusual, malicious, sadistic, offensive to human dignity, sexually abusive, sexually harassing, without penological justification and for her own gratification, thereby depriving DEREK MATTHEWS of the rights, privileges, and immunities secured to him by the Eighth Amendment to the United States Constitution and the laws of the United States.

64.     OFFICER PINCHBACK, sexually assaulted, battered, abused, harassed, and injured DEREK MATTHEWS, as previously described, all of

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California 90036
Telephone (323) 723-3120 Facsimile (410) 734-1710

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California 90036
Telephone (323) 723-3120 Facsimile (310) 734-1710

1  which constituted unjustifiable, unreasonable, and unlawful acts of sexual

2  misconduct in violation of and with deliberate indifference to DEREK

3  MATTHEWS's constitutional right to be free from cruel and unusual

4  punishment.

5      65.      Upon information and belief, the nature and extent of OFFICER

6  PINCHBACK'S sexual misconduct was known to Warden JEROME PRICE

7  and unknown supervisory defendants DOES 1-10, who acted in a supervisory

8  capacity within the Deuel both before and after the sexual assault described

9  herein against DEREK MATTHEWS, and were fully aware of

10  PINCHBACK'S unconstitutional activities both before and after the sexual

11  assault described herein against DEREK MATTHEWS, yet failed to take any

12  actions to terminate, remedy, prevent, and/or redress PINCHBACK'S

13  unconstitutional activities, and thereby made possible PINCHBACK'S

14  unconstitutional actions in a manner that showed a reckless and callous

15  indifference to the constitutional deprivations and ensuing intimidation of

16  DEREK MATTHEWS.

17      66.      The above acts and omissions of the Defendants, and each of

18  them, was undertaken while under color of state law and resulted in the

19  violation of DEREK MATTHEW'S constitutional rights, as stated herein.

20      67.      DEREK MATTHEWS had the right to be free from unlawful cruel

21  and unusual punishment, unlawful use of force unlawful sexual assault, battery,

22  abuse and/or harassment. All of these rights and privileges are secured to

23  MATTHEWS by the provisions of the Eighth Amendment to the United States

24  Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated

25  by the wrongful conduct of the OFFICER PINCHBACK which proximately

26  caused severe injuries to DEREK MATTHEWS, as described herein.

27      68.      The individual defendants named herein, and DOES 1-10,

28

inclusive, separately and in concert, acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive DEREK MATTHEWS of his federally protected rights and privileges, and did in fact violate those rights and privileges, entitling DEREK MATTHEWS to punitive and exemplary damages in an amount to be proven at the trial of this matter.

69.     As a direct and proximate result of the aforementioned constitutional violations DEREK MATTHEWS was sexually assaulted, battered, abused and harassed andhas suffered, and continues to suffer, great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, anger, lack of motivation, rage, propensity for self-harm, self-degradation, shame, disgust, inability to articulate feelings and apprehension, all to his damage in a sum to be determined at trial.

70.     Additionally, as a proximate cause of the sexual assault, battery, abuse, and harassment by PINCHBACK, DEREK MATTHEWS has treated and will continue to treat with mental health providers in an amount to be proven at trial.

71.     DEREK MATTHEWS has been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated constitutional violations. DEREK MATTHEWS is entitled to and hereby demands costs, attorneys' fees., and expenses pursuant to 42 U.S.C § 1988.

### FOR THE SECOND CAUSE OF ACTION

**(By PLAINTIFF Against SYSMOBATH, TOUT and DOES 1-10**
**for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Fourth Amendment Unreasonable Search and Seizure)**

72.     Plaintiff DEREK MATTHEWS hereby restates and incorporates

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California  90036
Telephone (323) 773-3120  Facsimile (310) 734-1710

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California  90036
Telephone (323) 773-3120  Facsimile (410) 734-1710

by reference the foregoing paragraphs of this complaint.

73.     This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth and/or Fourteenth Amendments to the Constitution of the United States, including, but not limited to, Plaintiff's right to be free from unreasonable governmental searches and seizures.

74.     At all times mentioned herein, Defendants SYSMOBATH, TOUT and Unknown Defendant DOES 1-10 were employed by the CDCR in the position of Correctional Officer and stationed at Deuel. CDCR provided SYSMOBATH AND TOUT with an official badge and identification cards which designated and described them as agents and employees of CDCR and Deuel.

75.     During all times mentioned herein, Defendants SYSMOBATH and TOUT acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the CDCR, and in so doing, deprived DEREK MATTHEWS of the rights, privileges, and immunities secured to him by the Fourth Amendment to the United States Constitution and the laws of the United States.

76.     During all times mentioned herein, Defendants SYSMOBATH and TOUT were acting in thecourse and scope of their employment with CDCR and/or Deuel.

77.     After being interrogated by ISU Officers regarding PINCHBACK'S sexual assault and abuse, DEREK MATTHEWS was escorted to an isolated room in which he was put in handcuffs and shackles and subjected to an unconstitutional search and seizure OFFICER B. SYSMOBATH forcefully pulled down MATTHEW'S underwear and administered a procedure on

MATTHEW's penis.  MATTHEWS was scared, confused, and had no idea what
SYSMOBATH was doing. SYSMOBATH moved forward with the procedure and
inserted an object into MATTHEWS'S penis, causing MATTHEWS immense pain.
The purported purpose of the procedure was to obtain PINCHBACK'S DNA from
MATTHEW'S penis, albeit against his will.

78.     SYSMOBATH performed the unlawful, unclothed, and invasive
procedure in the presence of a female officer, OFFICER TOUT, as TOUT held
MATTHEW's arms down as SYSMOBATH collected evidence from
MATTHEW'S penis.

79.     At all times during the aforementioned events, MATTHEWS was in
the custody, care, supervision, and control of Defendants SYSMOBATH and
TOUT. Furthermore, at all times referenced herein, MATTHEWS was not free to
leave Deuel.

80.     Throughout the acts and omissions described herein, Defendants
SYSMOBATH and TOUT, were wearing their department issued uniforms, with
badges and identification plates plainly visible, were armed with department issued
firearms, and were in possession of department issued police radios. Defendants
SYSMOBATH and TOUT used their positions of authority to place MATTHEWS
in unreasonable duress and fear.

81.     DEREK MATTHEWS suffered severe emotional and physical
injuries as a direct and proximate result of the unconstitutional search and seizure of
his person, which was a direct and proximate result of the sexual assault, abuse,
battery, and harassment, perpetrated upon his person by PINCHBACK.
MATTHEWS suffers, including, but not limited to, severe emotional distress, pain
and suffering, embarrassment, shame, and loss of privacy.

82.     At no time during the course of these events did MATTHEWS
consent to the sexual abuse, assault, harassment, and battery by PINCHBACK, and

at no time during the course of these events did MATTHEWS consent to the unconstitutional search and seizure of his person by SYSMOBATH and TOUT.

83.     Based upon all of the foregoing facts, as alleged in this Complaint, SYSMOBATH and TOUT unreasonably detained and seized MATTHEW'S person, as previously described, all of which constituted an unreasonable and unlawful detention in violation of and with deliberate indifference to MATTHEW'S constitutional right to be free from unreasonable seizures and his right to be free from unlawful detentions.

84.     The individual defendants named herein, separately and in concert, acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive MATTHEWS of his federally protected rights and privileges, and did in fact violate those rights and privileges, entitling MATTHEWS to punitive and exemplary damages in an amount to be proven at the trial of this matter.

85.     As a direct, legal, and proximate result of the acts of Defendants, and each of them, as set forth herein, MATTHEWS suffered severe emotional distress which has caused MATTHEWS to sustain severe, serious, and permanent injuries to his mind and body, and economic and non-economic damages in an amount to be shown according to proof and within the jurisdiction of this Court.

86.     As a direct and proximate result of the aforementioned acts, MATTHEWS has suffered, and continues to suffer great pain of the mind and body, shock, emotional distress, physical manifestations of emotional distress, panic, depression, anxiety, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life, all to his damage in a sum to be determined at trial.

87.     As a further result of the acts herein alleged, Plaintiff will incur expenses for medical and psychological treatment, therapy, and/or counseling. Additionally, MATTHEWS will incur substantial amounts for attorneys' fees,

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California  90036
Telephone (323) 773-3170  Facsimile (310) 734-1710

investigation expenses, and other expenses in the prosecution of the above articulated violations. As an additional result of the conduct of each of these defendants, MATTHEWS has lost past and future earnings and/or earning capacity in an amount to be determined according to proof at trial.

88.     Plaintiff is entitled to and hereby demands costs, attorneys fees, and expenses pursuant to 42 U.S.C. § 1988.

**FOR THE THIRD CAUSE OF ACTION**

**By PLAINTIFF Against PRICE, SYSMOBATH, TOUT, and DOES 1-10 for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on First Amendment Retaliation)**

89.     Plaintiff DEREK MATTHEWS restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

90.     This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the First and/or Fourteenth Amendments to the Constitution of the United States, including, but not limited to, Plaintiff's right to seek redress of grievances from prison authorities and as well as right of meaning access to the courts.

91.     At all times mentioned herein, Defendants SYSMOBATH, TOUT, PRICE and Unknown Defendant DOES 1-10 were employed by the CDCR and/or CAL PIA in the positions of Correctional Officers or Warden and stationed at Deuel. CDCR and/or CAL PIA provided SYSMOBATH, TOUT and PRICE with official badges and identification cards which designated and described them as agents and employees of CDCR and Deuel.

92.     During all times mentioned herein, Defendants SYSMOBATH, TOUT, and PRICE acted under color and pretense of law, and under color of the

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California 90036
Telephone (323) 773-3170, Facsimile (310) 734-1710

statutes, ordinances, regulations, policies, practices, customs, and usages of the CDCR and/or CAL PIA, and in so doing, deprived DEREK MATTHEWS of the rights, privileges, and immunities secured to him by the First Amendment to the United States Constitution and the laws of the United States.

93.     During all times mentioned herein, Defendants SYSMOBATH, TOUT, and PRICE were acting in thecourse and scope of their employment with CDCR and/or CAL PIA and Deuel.

94.     DEREK MATTHEWS was detained and questioned by the Investigative Services Unit ("I.S.U."), including, but not limited to, Lieutenant L.D. Huff and Sergeant C. Jackson, where MATTHEWS was subject to a relentless, intimidating, accusatory, and unconstitutional interrogation by the questioning officers.

95.     The questioning officers stated to MATTHEWS that PINCHBACK told them she had been raped by MATTHEWS, implying MATTHEWS was a suspect and not a victim, causing MATTHEWS to be very terrified and confused.

96.     Because of the accusations the questioning officers were throwing at MATTHEWS, he told them, "If that is what she said, I need an attorney," however MATTEWS request to exercise his constitutional right to legal representation was ignored and the interrogation continued.  At a subsequent interrogation, on or around October 18, 2015, MATTHEWS again attempted to exercise his constitutional right to legal representation and again his request was ignored.

97.     Although throughout the interrogation MATTHEWS did his best to convey to the questioning officers that he did not rape anyone, Lieutenant Huff continued to scare and intimidate MATTHEWS but stating to him, "You know what happens to men in prison who rape women." Huff made this threat to intimidate MATTHEWS in order to prevent him from pursuing administrative remedies.

98.     At the conclusion of the interrogation that occurred on or around

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California 90036
Telephone (323) 723-3170, Facsimile (310) 734-1710

October 15, 2015, MATTHEWS was escorted to an isolated room in which he was put in handcuffs and shackles and subjected to an unconstitutional search and seizure. OFFICER B. SYSMOBATH forcefully pulled down MATTHEW'S underwear and administered a procedure on MATTHEW's penis. MATTHEWS was scared, confused, and had no idea what SYSMOBATH was doing. SYSMOBATH moved forward with the procedure and inserted an object into MATTHEWS'S penis, causing MATTHEWS immense pain. The purpose of the procedure was to obtain PINCHBACK'S DNA from MATTHEW'S body, albeit against his will.

99.     SYSMOBATH performed the unlawful, unclothed, and invasive procedure in the presence of a female officer, OFFICER TOUT, as TOUT held MATTHEW's arms down as SYSMOBATH performed the procedure. TOUT failed to protect MATTHEW's from the unlawful search and seizure.

100.     MATTHEWS is informed and believes and thereupon alleges that any medical exams, rape exams, and/or any other invasive medical procedures need to be administered by trained licensed medical professionals, not correctional officers. Further, all medical and rape exams must be performed in clean and sterile environment

101.     Moreover, MATTHEWS was placed in administrative segregation and remained there until an investigation against him for "overfamiliarity" was concluded. Upon information and belief, there was no grievance process for "overfamiliarity" and MATTHEWS was left in administrative segregation as retaliation for reporting sexual misconduct of a prison official. MATTHEWS was left in administrative segregation from October 15, 2015, through January 28, 2016.

102.     At all times during the aforementioned events, MATTHEWS was in the custody, care, supervision, and control of Defendants SYSMOBATH, TOUT, PRICE, and DOES 1-10, inclusive.

103.     Throughout the acts and omissions described herein, Defendants SYSMOBATH and TOUT, were wearing their department issued uniforms, with badges and identification plates plainly visible, were armed with department issued firearms, and were in possession of department issued police radios. Defendants SYSMOBATH and TOUT used their positions of authority to take adverse action against MATTHEWS for reporting PINCHBACK'S sexual abuse, assault, battery, and harassment of MATTHEWS and seeking redress of grievances from prison authorities.

104.     Because MATTHEWS sought redress of grievances from prison authorities, Defendants SYSMOBATH, TOUT, PRICE, and DOES 1-10, inclusive, actions and/or omissions were designed to punish MATTHEWS and deter him from reporting PINCHBACK's sexual misconduct.

105.     Because MATTHEWS was placed in administrative segregation and remained there until an investigation against him for "overfamiliarity" was concluded, MATTHEWS was unable to exercise his First Amendment Right to file an administrative complaint and thereby exhaust his administrative remedies to then have meaningful access to the courts. Upon information and belief, there was no grievance process for "overfamiliarity" and MATTHEWS was left in administrative segregation as retaliation for reporting sexual misconduct of a prison official. MATTHEWS was left in administrative segregation from October 15, 2015, through January 28, 2016

106.     Based upon all of the foregoing facts, as alleged in this Complaint, the acts, and omissions, of Defendants SYSMOBATH, TOUT, PRICE, and DOES 1-10, inclusive, were aimed at unreasonably retaliating against MATTHEWS without reasonably advancing any legitimate correctional goal and resulted in unreasonable and unlawful retaliation in violation of and with deliberate indifference to MATTHEW'S constitutional right to be free from retaliation.

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California 90036
Telephone (323) 773-3170. Facsimile (310) 734-1710

107.     DEREK MATTHEWS suffered severe emotional and physical injuries as a direct and proximate result of the unconstitutional search and seizure of his person, which was a direct and proximate result of the sexual assault, abuse, battery, and harassment, perpetrated upon his person by PINCHBACK. MATTHEWS suffers, including, but not limited to, severe emotional distress, pain and suffering, embarrassment, shame, and loss of privacy.

108.     The individual defendants named herein, separately and in concert, acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive MATTHEWS of his federally protected rights and privileges, and did in fact violate those rights and privileges, entitling MATTHEWS to punitive and exemplary damages in an amount to be proven at the trial of this matter.

109.     As a direct, legal, and proximate result of the acts of Defendants, and each of them, as set forth herein, MATTHEWS suffered severe emotional distress which has caused MATTHEWS to sustain severe, serious, and permanent injuries to his mind and body, and economic and non-economic damages in an amount to be shown according to proof and within the jurisdiction of this Court

110.     As a direct and proximate result of the aforementioned acts, MATTHEWS has suffered, and continues to suffer great pain of the mind and body, shock, emotional distress, physical manifestations of emotional distress, panic, depression, anxiety, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life, all to his damage in a sum to be determined at trial.

111.     As a further result of the acts herein alleged, Plaintiff will incur expenses for medical and psychological treatment, therapy, and/or counseling. Additionally, MATTHEWS will incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated violations. As an additional result of the conduct of each of these

DEREK MATTHEW'S COMPLAINT FOR DAMAGES

defendants, MATTHEWS has lost past and future earnings and/or earning capacity in an amount to be determined according to proof at trial.

112.    Plaintiff is entitled to and hereby demands costs, attorneys fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE FOURTH CAUSE OF ACTION

### By PLAINTIFF Against PINCHBACK, SYSMOBATH, TOUT, and DOES 1-10
### Sexual Assault and Battery

113.    Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

114.    From about May 2015 through October 2015, DEREK MATTHEWS, was the victim of sexual abuse, assault, battery, and harassment, inflicted by DEMITA PINCHBACK, including, but not limited to, being coerced, manipulated and forced to perform various sexual acts on PINCHBACK on multiple occasions as she used her power as prison staff to silence and control DEREK MATTHEWS with threats and promises regarding extra privileges, increased inmate work hours and pay, and hiring an attorney to get him out of prison.

115.    DEREK MATTHEWS had been previously warned by Correctional Officer Albertson to stay away from PINCHBACK.  MATTHEWS was reluctant to work with PINCHBACK and her inmate crew, however, he was persuaded by PINCHBACK to believe that he had nothing to worry about.  PINCHBACK assigned MATTHEWS to clean an office, and every time she came to check on him, she asked him a sexual question, such as "When was the last time you had some pussy?" or "How big is your dick?" and "Can I see it?" PINCHBACK began to seduce and manipulate MATTHEWS into performing oral sex on her, against his will and that he detested. PINCHBACK made it clear that if anyone found out about it, she would make his life miserable and blame MATTHEWS for raping and seducing her, when in fact it was the other way around.  MATTHEWS was and felt trapped, and belittled. PINCHBACK

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California  90036
Telephone (323) 723-3120  Facsimile (310) 734-1710

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California  90036
Telephone (323) 723-3120  Facsimile (310) 734-1710

played mind games with MATTHEWS in order to manipulate him: she would pit him against other inmates, embarrass him in front of other inmates, gas-light him and ignore him for days. When PINCHBACK had successfully worn down and terrified MATTHEWS to his lowest point mentally, she would completely change her attitude, and demand oral sex from him, and when the oral sex did not satisfy her needs, she would demand intercourse.

116.    During the various rapes, PINCHBACK manipulated and coerced MATTHEWS by telling him that she really cared about him and his life.  She assured him that she was working on getting him a lawyer to help him get out of prison and led him to believe that he had a chance at freedom.  However, subsequently, whenever MATTHEWS asked PINCHBACK about these comments, she became belligerent and negative, and told him to do as he was told.  This was a constant pattern.

117.    After manipulating and forcing MATTHEWS to perform sex acts on her, PINCHBACK turned cold and verbally abused MATTHEWS for days.  This led MATTHEWS down a deep, dark path of confusion and depression.

118.    One day, MATTHEWS submitted a medical request expressing concern of discomfort when he urinated, fearing he had received a sexually transmitted disease.  After telling PINCHBACK he did so, she broke into a furious tirade of profanity laced insults directed at MATTHEWS, followed by threats of reporting him for rape.  MATTHEWS was terrified of the threat of being accused of rape inside prison, reasonably believing that no one would believe that, in actuality, he was the victim.  PINCHBACK used her position of power and control as a prison correctional officer to gratify her own sexual desires by sexually abusing, assaulting, harassing, and battering MATTHEWS.

119.    On or about October 15, 2015, a secondary prison employee witnessed PINCHBACK sexually abusing and sexually assaulting MATTHEWS, and immediately reported the sexual misconduct to prison authorities, causing

PINCHBACK to flee the Deuel prison grounds, throwing her CDCR and/or CAL PIA issued keys in the parking lot.

120.    After being interrogated by ISU Officers regarding PINCHBACK'S sexual assault and abuse, DEREK MATTHEWS was escorted to an isolated room where he was put in handcuffs and shackles and subjected to an unconstitutional search and seizure as OFFICER B. SYSMOBATH forcefully pulled down MATTHEW'S underwear and administered a procedure on MATTHEW's penis.  MATTHEWS was scared, confused, and had no idea what SYSMOBATH was doing. While TOUT held MATTHEW'S hands down, SYSMOBATH performed the procedure and inserted an object into MATTHEWS'S penis, causing MATTHEWS immense pain. The purpose of the procedure was to obtain PINCHBACK'S DNA from MATTHEW'S penis, albeit against his will.

121.    In doing the acts as alleged in this complaint, PINCHBACK intended to cause, and did cause, sexually offensive contact with Plaintiff's person by forcing MATTHEWS to orally copulate her and engage in sexual intercourse with her against his will.

122.    In doing the acts as alleged in this complaint, SYSMOBATH and TOUT intended to cause, and did cause, sexually offensive contact with Plaintiff's penis when TOUT held MATTHEW'S hands down and SYSMOBATH inserted an object into MATTHEWS'S penis.

123.    Plaintiff found Defendant PINCHBACK forcing him to perform oral copulation on her to be sexually offensive to his person and dignity.

124.    Plaintiff found Defendant PINCHBACK forcing him to perform sexual intercourse with her to be sexually offensive to his person and dignity.

125.    Plaintiff found Defendants SYSMOBATH and TOUT'S contact with

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California 90036
Telephone (323) 773-3120  Facsimile (310) 734-1710

his penis to be sexually offensive to his person and dignity.

126.     Plaintiff did not consent to the sexual touching, and, in fact, repeatedly objected to Defendant PINCHBACK'S sexual advances and requests.

127.     In committing the acts and/or omissions alleged, Defendant PINCHBACK is guilty of malice, fraud, or oppression and, therefore, Plaintiff seeks an award of punitive damages against Defendant PINCHBACK according to proof at trial.

128.     As a direct and proximate result of the acts and/or omissions of Defendant PINCHBACK, SYSMOBATH, TOUT, PRICE, and DOES 1-10, inclusive, Plaintiff suffered, and continues to suffer, great mental pain, physical pain, emotional distress, suffering, anguish, anxiety, worry, shock, humiliation, embarrassment, anger, depression, stress, uncertainty, loss of enjoyment of life, and trouble sleeping, and will incur expenses for psychological treatment, therapy, and/or counseling, all to his damage in a sum to be determined at trial. Additionally, Plaintiff will incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated violations.

## FOR THE FIFTH CAUSE OF ACTION

## By PLAINTIFF Against PINCHBACK, SYSMOBATH, TOUT, and DOES 1-10
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

129.     Plaintiff incorporates and realleges all previous allegations contained in this Complaint as though fully set forth herein.

130.     The acts and/or omissions of Defendants PINCHBACK, SYSMOBATH, TOUT, and DOES 1-10, inclusive, as described herein was intentional conduct of Defendants PINCHBACK, SYSMOBATH, TOUT, and DOES 1-10, inclusive, including, but not limited to, the sexual battery, assault,

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California  90036
Telephone (323) 723-3170  Facsimile (310) 734-1710

abuse, harassment, and retaliation, directed at Plaintiff by Defendants PINCHBACK, SYSMOBATH, TOUT, and DOE 1-10, inclusive, which caused Plaintiff to suffer severe emotional distress.

131.    Such acts and/or omissions by Defendants PINCHBACK, SYSMOBATH, TOUT, and DOES 1-10, inclusive, were extreme and outrageous exceeding all bounds of decency and subjected Plaintiff to severe emotional distress.

132.    Defendants PINCHBACK, SYSMOBATH, TOUT, and DOES 1-10, inclusive, engaged in the aforementioned outrageous conduct with the intent to cause Plaintiff to suffer emotional distress, or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred and was the target of such heinous conduct.

133.    In committing the acts and/or omissions alleged, Defendants PINCHBACK, SYSMOBATH, TOUT, and DOES 1-10, inclusive, have been guilty of malice, fraud, or oppression and, therefore, Plaintiff seeks an award of punitive damages against Defendants, and each of them, according to proof at trial.

134.    The acts and/or omissions of Defendants PINCHBACK, SYSMOBATH, TOUT, and DOES 1-10, inclusive, were substantial factors in causing Plaintiff to suffer, and continue to suffer, great mental pain, emotional distress, suffering, anguish, anxiety, worry, shock, humiliation, embarrassment, anger, depression, stress, uncertainty, loss of enjoyment of life, and trouble sleeping, and will incur expenses for psychological treatment, therapy, and/or counseling, all to his damage in a sum to be determined at trial. Additionally, Plaintiff will incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated violations.

///

///

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California  90036
Telephone (323) 773-3170  Facsimile (310) 734-1710

# FOR THE SIXTH CAUSE OF ACTION

## By PLAINTIFF Against ALL DEFENDANTS and DOES 1-10
## NEGLIGENCE

135.    Plaintiff incorporates and realleges all previous allegations contained in this Complaint as though fully set forth herein.

136.    Defendant PRICE and DOES 1-10, inclusive, owed MATTHEWS a duty of care as an inmate when he became the Warden at Deuel.  Further, PRICE and DOES 1-10, inclusive, had a duty to supervise the performance of the staff of the prison and make sure that they did not violate Deuel policy.

137.    PRICE and DOES 1-10, inclusive, breached his duty by failing to investigate PINCHBACK for sexually assaulting and abusing prison inmates when there was a previous allegation of sexual misconduct.

138.    As an actual, proximate, legal, and foreseeable result of PRICE'S and DOES 1-10, inclusive, conduct, MATTHEWS was sexually abused, assaulted, battered, and harassed, and has suffered and continues to suffer significant injury, including but not limited to, great mental pain, physical pain, emotional distress, suffering, anguish, anxiety, worry, shock, humiliation, embarrassment, anger, depression, stress, uncertainty, loss of enjoyment of life, and trouble sleeping, and has incurred expenses for psychological treatment, therapy, and/or counseling, all to his damage in a sum to be determined at trial. Additionally, Plaintiff will incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated violations

139.    Further, PRICE and DOES 1-10, inclusive, knowingly and willfully acted with malice and oppression and with the intent to harm MATTHEWS in a despicable manner. Therefore, MATTHEWS is entitled to an award of punitive damages for the purpose of punishing PRICE and DOES 1-10, inclusive, and

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California  90036
Telephone (323) 773-3120  Facsimile (310) 734-1710

deterring them from such conduct in the future.

## FOR THE SEVENTH CAUSE OF ACTION

### By PLAINTIFF Against ALL DEFENDANTS and DOES 1-10

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

140.    Plaintiff incorporates and realleges all previous allegations contained in this Complaint as though fully set forth herein.

141.    The above-described negligent conduct of Defendant PRICE, and DOES 1-10, inclusive, including, but not limited to failing to investigate PINCHBACK for sexually assaulting and abusing prison inmates when there was a previous allegation of sexual misconduct, caused Plaintiff to suffer severe emotional distress as set forth herein.

142.    The acts and/or omissions of Defendant PRICE and DOES 1-10, inclusive, were a substantial factor in causing Plaintiff to suffer, and continue to suffer, great mental pain, physical pain, emotional distress, suffering, anguish, anxiety, worry, shock, humiliation, embarrassment, anger, depression, stress, uncertainty, loss of enjoyment of life, and trouble sleeping, and has incurred expenses for psychological treatment, therapy, and/or counseling, all to his damage in a sum to be determined at trial. Additionally, Plaintiff will incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated violations

## JURY DEMAND

PLAINTIFF DEREK MATTHEWS hereby demands that a jury be empaneled for the trial of this matter.

///

///

///

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California 90036
Telephone (323) 773-3170, Facsimile (310) 734-1710

## **PRAYER**

WHEREFORE, PLAINTIFF DEREK MATTHEWS prays for judgment against Defendants as follows**:**

1.     For general damages in an amount to be determined according to proof at trial;

2.     For special damages in an amount to be determined according to proof at trial;

3.     For costs of suit incurred herein;

4.     For punitive damages against the individual Defendants in an amount to be determined according to proof at trial;

5.     For attorneys' fees, investigation fees, and expert witness fees incurred herein;

6.     For statutory damages as permitted by law; and

7.     For such other and further relief as the Court deems just and proper.

DATED:  July 27, 2022                          Respectfully Submitted,

SOCAL JUSTICE LAW GROUP

By:___/s/ Jennifer A. Bandlow_____
       JENNIFER A. BANDLOW, ESQ.
       GEORGE D. TOURKOW, ESQ.
       Attorneys for Plaintiff

SOCAL JUSTICE LAW GROUP
5670 Wilshire Boulevard, 18th Floor, Los Angeles, California  90036
Telephone (323) 773-3120  Facsimile (310) 734-1710