UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK MATTHEWS,<br><br>           Plaintiff,<br><br>      v.<br><br>DEMITA PINCHBACK, et al.,<br><br>           Defendants. | No. 2:22–cv–1329–DAD–KJN<br><br>ORDER GRANTING ATTORNEY WITHDRAWAL; APPOINTING COUNSEL; STAYING CASE; AND RECLASSIFYING CASE AS PC CASE<br><br>(ECF Nos. 21, 34.) |

Currently before the court are two motions by plaintiff's counsel to withdraw from the case as counsel of record.[1]  (ECF Nos. 21, 34.)

A district court has discretion to permit or deny an attorney's withdrawal. See Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc., 2009 WL 2337863, at *1 (C.D. Cal. July 28, 2009). Courts often consider four factors for withdrawal requests: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." Id.  After discussing the matter with plaintiff, his current counsel, and defendants at a February 7, 2023 hearing, the court finds it appropriate to permit Jennifer Bandlow and George Tourkow to withdraw from this case.

---

[1] These motions were referred to the undersigned by the district judge. (ECF Nos. 24, 39.) See 28 U.S.C. § 636 and Fed. R. Civ. P. 72(a).

1

However, the court is aware of the remaining factors, including the prejudice to the other litigants, harm to the administration of justice, and potential delay caused by counsels' withdrawal.  To rectify these issues, the court finds it appropriate to appoint counsel for plaintiff.  This appointment is for a limited basis, for counsel to handle litigating the pending and potentially-upcoming motions.  (See ECF Nos. 20 (motion to dismiss), 30 (motion for leave to file early motion for summary judgment).)  The court's pro bono coordinator, Sujean Park, is directed to find counsel for plaintiff for these pending motions (as well as the potentially-pending summary judgment motion).[2]  Should plaintiff require more information related to the appointment, Ms. Park can be reached at spark@caed.uscourts.gov or via U.S. Mail (501 I St., Sacramento, CA, 95831, c/o Sujean Park).

Given that it may take some time for the pro bono coordinator to find counsel and have that counsel get up to speed on the case, the court finds it appropriate to stay the case until such time as new counsel is fully briefed and ready to proceed.

Finally, in resolving this matter for the district judge, the court is aware that this case was initially misclassified as a regular civil case.  Given the allegations in the complaint, the case should have been designated as a prisoner case (PC).  Therefore, the clerk of the court will be directed to reclassify this case as a PC case.  The effect of this reclassification is that, under Local Rule 302(c)(17), all pretrial matters are referred to a magistrate judge, with any dispositive matters being resolved on findings and recommendations.  Thus, upon redesignation, the undersigned, rather than the district judge, shall be the one to resolve the pending motion to dismiss and pending motion for leave to file summary judgment.  Once the stay is lifted, the parties shall re-notice these pending motions before the undersigned pursuant to Local Rule 230(l).

///

///

---

[2] Should plaintiff's case survive these dispositive motions, appointed counsel will certainly be allowed to continue with the case.  However, Ms. Bandlow also informed the court that she has been in contact with other counsel that may be available to represent plaintiff after the resolution of these motions.  Ms. Bandlow shall provide those names to Ms. Park at the email address above.

2

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. The Motions to Withdraw as Counsel (ECF Nos. 21, 34) are GRANTED;

2. Jennifer A. Bandlow and George D. Tourkow of SoCal Justice Law Group, P.C., are hereby RELIEVED as counsel of record for Plaintiff Derek Matthews;

3. Plaintiff is appointed counsel for a limited purpose. The court's pro bono coordinator is directed to find an attorney to represent plaintiff for the limited purpose of representing him through resolution of the pending motion to dismiss, pending motion for leave to file early summary judgment, and the potential motion for summary judgment;

4. The Clerk of the Court is directed to reclassify this case as a prisoner case (PC);

5. Given that reclassification effectively refers all pending motions to the undersigned, the court now VACATES all pending hearing dates with this court, including the hearing currently set before District Judge Drozd on 3/7/2023 (see ECF No. 25); and

6. This case is STAYED until such time as new counsel has entered and ready to proceed with the pending motions. At that time, new counsel may request the court lift the stay, and the court will then proceed with the pending motions pursuant to Local Rule 230(l). Should counsel not be ready to proceed within 60 days of this order, the parties are directed to file a status update with the undersigned indicating the reason for the delays and required time to be ready to proceed.

Dated: February 8, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

matt.1329