1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK MATTHEWS,

          Plaintiff,

    v.

DEMITA PINCHBACK, et al.,

          Defendants.

No.  2: 22-cv-01329 DJC KJN P

ORDER AND FINDINGS AND
RECOMMENDATIONS

I.     Introduction

      Plaintiff is a state prisoner, proceeding through counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendant Pinchback's motion to dismiss on the grounds that plaintiff's claims are barred by the statute of limitations.  (ECF No. 20.)  Defendant also argues that plaintiff's state law claims should be dismissed for failing to comply with the California Tort Claims Act.  (Id.)

      For the reasons stated herein, the undersigned recommends that defendant's motion to dismiss plaintiff's federal claims be granted and orders defendant's motion to dismiss plaintiff's state law claims granted with leave to amend.

////

////

////

1

1    II.      Legal Standard for Motion to Dismiss

2          Defendant's motion to dismiss is brought pursuant to Federal Rule of Civil Procedure

3    12(b)(1).  The undersigned finds that defendant's motion to dismiss is properly the subject of a

4    motion for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

5    Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995) (explaining that

6    because "the question whether [a] claim is barred by the statute of limitations is not a

7    jurisdictional question, it should ... be raised through a Rule 12(b)(6) motion to dismiss for failure

8    to state a claim, not a Rule 12(b)(1) motion to dismiss for lack of jurisdiction"); Ledesma v. Jack

9    Stewart Produce, Inc., 816 F.2d 482, 484 n.1 (9th Cir. 1987) (a statute of limitations defense may

10   be raised in a motion to dismiss if the running of the statute is apparent from the face of the

11   complaint).

12         Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for

13   "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In

14   considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court

15   must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89

16   (2007), and construe the pleading in the light most favorable to the plaintiff.  Jenkins v.

17   McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir.

18   1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more

19   than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a

20   cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

21   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

22   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

23   upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.

24   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

25   draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556

26   U.S. at 678.

27         "As a general rule, a district court may not consider any material beyond the pleadings in

28   ruling on a Rule 12(b)(6) motion."  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)

(internal quotes and citation omitted), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).  Otherwise, the motion is treated as one for summary judgment.  Id.  There are exceptions for material which is properly submitted as part of the complaint and "matters of public record" which may be judicially noticed.  Id. at 688-89.  "If the documents are not physically attached to the complaint, they may be considered if the documents' 'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them."  Id. at 688 (quoting Parrino v. FHD, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

III.     Plaintiff's Allegations

This action proceeds on plaintiff's complaint, filed July 27, 2022, against defendants Deuel Vocational Institution ("DVI") Correctional Officers Pinchback, Sysombath and Tout, DVI Warden Price and doe defendants 1-10.  (ECF No. 1.)  Defendants Price, Sysombath and Tout are represented by the Office of the Attorney General.  Defendant Pinchback is represented by private counsel.

Plaintiff alleges that from May 2015 through October 15, 2015, he was sexually assaulted and sexually abused by defendant Pinchback.  On or around October 15, 2015, a prison employee witnessed defendant Pinchback sexually assaulting plaintiff.  After this assault was reported, plaintiff was treated like a perpetrator.  Defendant Pinchback claimed that plaintiff raped her.  Plaintiff alleges that during the October 15, 2015 interrogation regarding the incident, Lieutenant Huff continued to scare and intimidate plaintiff by stating, "You know what happens to men in prison who rape women."  Plaintiff alleges that Lieutenant Huff made this statement to prevent

3

1    plaintiff from pursuing administrative remedies.

2          Following the October 15, 2015 interrogation of plaintiff by prison officials regarding the

3    sexual assault, defendant Sysombath administered a procedure on plaintiff's penis by inserting an

4    object into plaintiff's penis to obtain defendant Pinchback's DNA.  Defendant Sysombath

5    performed this procedure in the presence of defendant Tout, a female officer.  Defendant Tout

6    held plaintiff's arms down while defendant Sysombath performed the procedure.

7          Plaintiff was then placed in administrative segregation ("ad seg") while an investigation

8    against him for "overfamiliarity" was concluded.  Plaintiff remained in ad seg from October 15,

9    2015, through January 28, 2016.

10          Eventually, as a result of the sexual assault and sexual abuse of plaintiff, an arrest warrant

11   was issued for defendant Pinchback, ultimately leading to her arrest and conviction for sexual

12   abuse of a state prisoner, by the San Joaquin Superior Court in case no. MAN-FE-CE-2016-

13   0004503.

14          Plaintiff alleges the following legal claims.  Plaintiff alleges that defendant Pinchback

15   violated the Eighth Amendment when she sexually assaulted him.  Plaintiff alleges that defendant

16   Price violated the Eighth Amendment by failing to protect plaintiff from defendant Pinchback

17   despite his knowledge that defendant Price had previously engaged in sexual misconduct.

18   Plaintiff alleges that defendants Sysombath and Tout violated the Fourth Amendment when they

19   conducted the procedure on plaintiff's penis to obtain defendant Pinchback's DNA.  Plaintiff

20   alleges that defendants Price, Sysombath and Tout retaliated against him for reporting defendant

21   Pinchback's sexual misconduct by performing the painful procedure on plaintiff's penis to obtain

22   defendant Pinchback's DNA and by placing him in ad seg from October 15, 2015, through

23   January 28, 2016.  Plaintiff alleges two state law claims against defendants Pinchback,

24   Sysombath and Tout for sexual assault and battery and the intentional infliction of emotional

25   distress based on the allegations in the complaint.  Plaintiff alleges state law claims for negligence

26   and negligent infliction of emotional distress against all defendants.

27   ////

28   ////

1        IV.      Procedural Background

2              Pursuant to the mailbox rule, on August 8, 2019, plaintiff filed a pro se complaint in the

3     United States District Court for the Central District of California, case 2:EDCV 19-cv-1508 AB

4     (KS).[1]  (See 2:20-cv-2515, at ECF No. 1.)  Plaintiff named as defendants Governor Brown, Scott

5     Walker, Lieutenant Huff, Sergeant Jackson, doe defendants and defendants Pinchback,

6     Sysombath, Price and Tout.  (Id.)  In relevant part, plaintiff alleged in this complaint that

7     defendant Pinchback sexually assaulted him on multiple occasions up until October 15, 2015.

8     (Id.)

9              On October 28, 2019, in case 19-cv-1508, the Central District Court dismissed the claims

10    raised in the original complaint against defendants Brown, Price, Walker and doe defendants with

11    leave to amend.  (Id. at ECF No. 10.)  On November 21, 2019, in case 19-cv-1508, plaintiff filed

12    a pro se amended complaint.  (Id. at ECF No. 14.)  On December 4, 2019, in case 19-cv-1508, the

13    Central District dismissed plaintiff's amended complaint with leave to amend.  (Id. at ECF No.

14    16)

15             On December 23, 2019, in case 19-cv-1508, plaintiff filed a pro se second amended

16    complaint.  (Id. at ECF No. 18.)  Plaintiff named defendants Pinchback, Sysombath and Tout as

17    defendants as well as defendants Walker, Huff and Jackson.  (Id. at ECF No. 18 at 3-4.)  In

18    relevant part, plaintiff alleged that defendant Pinchback violated the Eighth Amendment by

19    sexually assaulting him in 2015.  (Id. at ECF No. 18 at 5-8.)  The second amended complaint

20    raised no state law claims.  (Id. at ECF No. 18.)

21             In the second amended complaint, plaintiff stated that he did not file an administrative

22    grievance regarding his claims because there was no administrative remedy for the sexual abuse

23    of a prisoner by a prison employee.  (Id. at ECF No. 18 at 2.)

24             On December 30, 2019, in case 19-cv-1508, the Central District Court ordered service of

25    _____

26    [1]  The undersigned takes judicial notice of the record in case no. 2:EDCV 19-cv-1508 AB (KS),
      which is contained in the docket of case no. 2:20-cv-2515 JAM DB (E.D. Cal. 2020).  Fed. R.

27    Evid. 201(b); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001), overruled on other
      grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002) (court

28    may take judicial notice of undisputed matters of public record).

the second amended complaint on defendants Pinchback, Walker, Huff, Jackson, Sysombath and Tout.  (Id. at ECF Nos. 20, 21.)

On August 25, 2020, in case 19-cv-1508, defendants Huff, Sysombath, Tout, Walker and Jackson filed a motion to dismiss for failure to exhaust administrative remedies, failure to state a claim and on the grounds that the Central District was not the appropriate district.  (Id. at ECF No. 58.)  On November 12, 2020, in case 19-cv-1508, defendant Pinchback filed a motion to dismiss on the grounds that plaintiff failed to exhaust administrative remedies and that the Central District was not the appropriate district.  (Id. at ECF No. 77.)

On December 14, 2020, the Central District transferred case 19-cv-1508 to the United States District Court for the Eastern District of California, where it was assigned case no. 2:20-cv-2515 JAM DB P.[2]  (Id. at ECF No. 86.)

On June 9, 2021, in case 20-cv-2515, Magistrate Judge Barnes recommended that the motion to dismiss for failure to state a claim filed by defendants Huff, Sysombath, Tout Walker and Jackson be granted in part and denied in part.  (Id. at ECF No. 100.)  Magistrate Judge Barnes also recommended that the motions to dismiss by all defendants for failure to exhaust administrative remedies be denied.  (Id. at ECF No. 100.)  Magistrate Judge Barnes observed that in the complaint, plaintiff marked the "No" box to indicate he did not file a grievance concerning the facts alleged in the second amended complaint.  (Id., at ECF No. 100 at 6.)  Magistrate Judge Barnes found that, liberally construed, plaintiff's second amended complaint alleged that plaintiff did not have an available administrative remedy because his efforts to exhaust were thwarted by prison officials.  (Id. at ECF No. 100 at 6-7.)

On September 3, 2021, in case 20-cv-2515, the Honorable John A. Mendez adopted the June 9, 2021 findings and recommendations.  (Id. at ECF  106.)

On September 17, 2021, in case 20-cv-2515, defendant Pinchback filed an answer to the second amended complaint.  (Id. at ECF No. 108.)

On December 20, 2021, in case 20-cv-2015, retained counsel Jennifer Bandlow was

---

[2]  The undersigned takes judicial notice of the records in case 20-cv-2515 JAM DB P.  Fed. R. Evid. 201(b); Lee, supra.

1   substituted in as plaintiff's attorney.  (Id. at ECF No. 120.)

2          On March 25, 2022, plaintiff voluntarily dismissed case 20-cv-2515 without prejudice.

3   (Id. at ECF Nos. 126, 127.)  The stipulation for dismissal did not state the reasons for the

4   voluntary dismissal.  (Id. at ECF No. 126.)

5          On July 27, 2022, plaintiff filed the instant action, represented by attorneys Bandlow and

6   Tourkow.  (ECF No. 1.)  The main differences between the complaint filed in the instant action

7   and the second amended complaint filed in case 20-cv-2515 are that in the instant action, plaintiff

8   alleges state law claims and that he exhausted administrative remedies on May 19, 2021, when he

9   received a correspondence from the California Department of Corrections and Rehabilitation

10  ("CDCR") concluding that "time expired" with respect to his grievance.  (ECF No. 1 at 5.)

11         On December 5, 2022, defendant Pinchback filed the pending motion to dismiss.  (ECF

12  No. 20.)

13         On December 9, 2022, attorney Bandlow filed a motion to withdraw as plaintiff's counsel

14  for medical reasons.  (ECF No. 21.)  On December 28, 2022, attorney Tourkow filed a motion to

15  withdraw as plaintiff's counsel.  (ECF No. 34.)

16         On December 27, 2022, attorney Bandlow filed an opposition to defendant Pinchback's

17  motion to dismiss.  (ECF No. 27.)

18         On February 8, 2023, the undersigned granted the motions to withdraw by attorneys

19  Bandlow and Tourkow.  (ECF No. 44.)  On April 26, 2023, the undersigned appointed attorney

20  Jenny C. Huang to represent plaintiff. (ECF No. 46.)

21         On June 7, 2023, attorney Huang filed a supplemental opposition to the motion to

22  dismiss.[3] (ECF No. 51.)

23         On June 21, 2023, defendants filed a reply.  (ECF No. 52.)

24

25  [3]  Attorney Huang requests that to the extent the supplemental opposition raises arguments
    inconsistent with arguments raised in the opposition filed December 27, 2022, that any prior
26  conflicting arguments be withdrawn.  (ECF No. 51 at 6 n. 3.)  It is not clear to the undersigned
    which arguments raised in the supplemental opposition plaintiff's counsel believes conflict with
27  arguments raised in the original opposition.  Accordingly, in an abundance of caution, the
    undersigned addresses the arguments raised in both oppositions.
28

7

1    V.    Statute of Limitations

2        Defendant moves to dismiss plaintiff's federal and state claims as barred by the statute of

3    limitations.  However, defendant addresses only the law regarding the statute of limitations for

4    plaintiff's federal claims.  Defendant does not address whether California law provides for

5    different statutes of limitations for plaintiff's state law claims.  For example, the undersigned

6    observes that California Code of Civil Procedure § 340.16(b)(3) now provides a ten year statute

7    of limitations for civil actions filed after January 1, 2019, alleging sexual assault occurring on or

8    after January 1, 2009.  Accordingly, because defendant failed to address whether plaintiff's state

9    law claims are subject to different statutes of limitations than plaintiff's federal claims, the

10   undersigned herein considers only whether plaintiff's federal claims are barred by the statute of

11   limitations.

12       A.  Calculation of Statute of Limitations

13           *Legal Standard for Statute of Limitations*

14   "A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the

15   applicable statute of limitations only when 'the running of the statute is apparent on the face of

16   the complaint.'"  Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th

17   Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)).

18   "However, Rule 12(b)(6) also permits consideration of any matters of which judicial notice may

19   be taken, and any exhibits attached to the complaint."  Guerra v. Janda, 2014 WL 4385689, at *9

20   (S.D. Cal. Jul. 22, 2014) (citing United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003)).

21       "'[F]ederal law determines when a civil rights claim accrues.'"  Azer v. Connell, 306 F.3d

22   930, 936 (9th Cir. 2002) (quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th

23   Cir. 2000)).  "Under federal law, a claim accrues when the plaintiff knows or should know of the

24   injury that is the basis of the cause of action."  Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir.

25   2009) (citation omitted).

26       Because Title 42 U.S.C. § 1983 does not have its own limitations period, this court applies

27   California's "statute of limitations for personal injury actions, along with the forum state's law

28   regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent

8

1   with federal law." <u>Jones v. Blanas</u>, 393 F.3d 918, 927 (9th Cir. 2004).  California's statute of

2   limitations for personal injury actions is two years.  Cal. Civ. Proc. Code § 335.1; <u>Maldonado v.

3   Harris</u>, 370 F.3d 945, 954-55 (9th Cir. 2004); <u>Blake v. Davis</u>, 2023 WL 3958881, at *1 n. 2 (C.D.

4   Cal. June 12, 2023) ("'a state's residual personal injury statute of limitations, not a range of

5   specialized statutes of limitations, should be applied to a § 1983 claim to prevent unnecessary

6   litigation and preserve the efficacy of the § 1983 remedy.'") (quoting <u>Bonneau v. Centennial Sch.

7   Dist. No. 28J</u>, 266 F.3d 577, 579 (9th Cir. 2012) (citing <u>Wilson v. Garcia</u>, 471 U.S. 261, 272-73

8   (1985) (superseded by statute on other grounds as recognized by <u>Jones v. R.R. Donnelly & Sons

9   Co.</u>, 541 U.S. 369 (2004)); <u>Sosa v. Hulse</u>, 2021 WL 289377, at *5, n. 2 (E.D. Cal. Jan. 28, 2021)

10   (same).

11        Such limitation period is statutorily tolled for a period of two years for a person who is

12   "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a

13   term less than for life."  Cal. Civ. Proc. Code § 352.1.  Only prisoners sentenced to life without

14   the possibility of parole are excluded from such additional two-year tolling provision.  <u>Brown v.

15   Cnty. of Los Angeles</u>, 830 F. App'x 231, 232 (9th Cir. 2020) (only prisoners serving sentences

16   less than life without the possibility of parole are entitled to § 352.1 tolling).

17        *Calculation of Statute of Limitations Pursuant to Cal. Code Civil Procedure §§ 352.1 and*

18   *335.1*

19        In the motion to dismiss, defendant Pinchback argues that the claims against her accrued

20   on October 15, 2015, or earlier.  Defendant Pinchback argues that plaintiff had four years from

21   October 15, 2015, to file a timely civil rights action, i.e., two years pursuant to California Code of

22   Civil Procedure § 335.1 and two years pursuant to California Code of Civil Procedure 352.1.

23   Plaintiff filed the instant action on July 27, 2022, which is more than four years after October 15,

24   2015.[4]

25        Plaintiff does not dispute that the statute of limitations ran as late as October 15, 2015.

26   (ECF No. 51 at 3.)  Accordingly, the undersigned finds that the statute of limitations expired four

27

28   [4]  Plaintiff is entitled to tolling pursuant to § 352.1 because he does not claim he is serving a
      sentence of life without the possibility of parole.

1  years later on October 15, 2019.  Therefore, plaintiff's federal claims, raised in the complaint

2  filed July 27, 2022, are barred by the statute of limitations unless rendered timely pursuant to

3  tolling for administrative exhaustion and/or equitable tolling.

4       2.  Tolling for Administrative Exhaustion

5            *Legal Standard*

6       Prisoners are entitled to tolling during the exhaustion of mandatory administrative

7  remedies.  Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("the applicable statute of

8  limitations must be tolled while a prisoner completes the mandatory [administrative] exhaustion

9  process" required under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a)).

10           *Discussion*

11      For the reasons stated herein, the undersigned finds that plaintiff is not entitled to tolling

12  during the time he allegedly exhausted administrative remedies.

13      In the complaint filed in the instant action, plaintiff alleges that he submitted an

14  administrative grievance which CDCR returned on May 19, 2021, because the time to respond

15  expired.  Plaintiff does not allege when he submitted this grievance.  However, for the reasons

16  stated herein, the undersigned finds that judicially noticed records reflect that plaintiff submitted

17  this grievance *after* the statute of limitations expired on October 15, 2019.

18      As discussed above, in his complaint filed in case 20-cv-2515 on August 13, 2019,

19  plaintiff stated that he did not file an administrative grievance regarding his claims against

20  defendant.  Plaintiff's opposition to the motions to dismiss, filed on January 19, 2021, in case 20-

21  cv-2515, reflects that plaintiff had not filed his grievance at the time of the opposition.  In the

22  opposition to the motion to dismiss in case 20-cv-2515, plaintiff argued that there were no

23  administrative remedies available to him regarding his claims against defendant.  (Case 2:20-cv-

24  2515, at ECF No. 94 at 1-4.)   Plaintiff claimed that it was "impossible to exhaust an admin.

25  remedy for a term such as overfamiliarity' that does not exist.  The term overfamiliarity is not an

26  identifiable grievance to provide administrative mechanism for review…"  (Id. at ECF No. 94 at

27  4.)  Thus, the judicially noticed records reflects that plaintiff did not file his administrative

28  grievance prior to October 15, 2019.

While it is generally true that a statute of limitations is tolled while a prisoner completes the mandatory exhaustion process, completion of the exhaustion process after the applicable statute of limitations has already expired does not revive the statute of limitations and has no tolling effect. <u>Miller v. Najera</u>, 2020 WL 7183577, at *2 (E.D. Cal. Dec. 7, 2020) (citing <u>Forman v. Chicago Title Ins. Co.</u>, 32 Cal. App. 4th 998, 1006 (1995) ("Tolling can only suspend the running of a statute [of limitations] that still has time to run; it cannot revive a statute which has already run out."). Therefore, plaintiff is not entitled to administrative grievance tolling because he submitted and exhausted his relevant administrative grievance *after* the statute of limitations expired on October 15, 2019.[5]

The undersigned observes that in the opposition filed December 27, 2022, plaintiff contends that from 2015 to the present, federal regulations mandate that no time limit may be imposed for an inmate to submit a grievance based on an allegation of sexual assault. Plaintiff is correct that the Prison Rape Elimination Act ("PREA") mandates that an "agency shall not impose a time limit on which an inmate may submit a grievance regarding an allegation of sexual abuse." 28 C.F.R. 115.52 (b)(1). However, as to time limits that apply to inmate lawsuits, § 115.52(b)(4) of the regulations provides: "Nothing in this section shall restrict the agency's ability to defend against an inmate's lawsuit on the ground that the applicable statute of limitations has expired." Therefore, the regulations do not extend the statute of limitations for claims alleging sexual assault, as plaintiff suggests.

3.      Equitable Tolling

In the original opposition, plaintiff argued that he was entitled to equitable tolling for the 105 days he was in ad seg (October 15, 2015, to January 28, 2016) because he could not file an administrative grievance during that time, as alleged in the complaint. In the original opposition, plaintiff also appeared to argue for equitable tolling after his release from ad seg on the grounds

---

[5] In the opposition, plaintiff cites <u>McDonald v. Antelope Valley Cmty. Coll. Dist.</u>, 45 Cal.4th 88, 108-14 (2008), where the California Supreme Court held that the one-year statute of limitations could be tolled where the employee voluntarily pursues an internal grievance procedure. In <u>McDonald</u>, the California Supreme Court did not find that an administrative grievance can revive the statute of limitations.

that prison officials threatened him if he pursued a grievance or other remedies against defendant, as alleged in the complaint.  In the supplemental opposition, plaintiff appears to argue for equitable tolling on the grounds that plaintiff acted in good faith when he dismissed case 20-cv-2515 in order to exhaust administrative remedies.

The undersigned first finds that plaintiff's arguments for equitable tolling are based on allegations in the complaint.  Therefore, equitable tolling may be addressed by way of defendant's motion to dismiss.

This court must apply California law governing equitable tolling.  Jones v. Blanas, 393 F.3d at 927.  Under California law, "'if the defendant is not prejudiced thereby, the running of the limitations period is tolled '[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one.'"  Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1136 (9th Cir. 2001) (quoting Elkins v. Derby, 12 Cal.3d 410, 414 (1974)).  The purpose of California's equitable tolling doctrine "'is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court.'"  Daviton, 241 F.3d at 1137 (quoting Addison v. State of California, 21 Cal.3d 313, 316 (1978)).  California law "'favors relieving plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage,'"  Daviton, 241 F.3d at 1137 (quoting Addison at 317), and has a "'simple[ ] rationale: a plaintiff should not be barred by a statute of limitations unless the defendant would be unfairly prejudiced if the plaintiff were allowed to proceed.'"  Daviton, id. (quoting Collier v. City of Pasadena, 142 Cal.App.3d 917, 923 (1983)).

Three requirements govern application of California's equitable tolling doctrine in this context:  "tolling is appropriate where the record shows '(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim.'"  Daviton, 241 F.3d at 1137-38 (quoting Collier, 142 Cal.App.3d at 924).  However, this aspect of California's equitable tolling doctrine is only available when a plaintiff seeks tolling for an action filed earlier in a different forum.  Gonzales v. Gamberg, 2016 WL 823568, at *2 (E.D.

1  Cal. March 3, 2016) (citing <u>Downs v. Department of Water and Power</u>, 58 Cal.App.4th 1093,

2  1099-1101 (Cal.App. 2 Dist. 1997); <u>Mojica v. 4311 Wilshire, LLC</u>, 131 Cal.App.4th 1069, 1073

3  (Cal.App. 2 Dist. 2005)).

4  　　　　The undersigned first finds that defendant had timely notice of plaintiff's federal claims

5  based on the timely filing of case 20-cv-2515.  The undersigned also finds that, based on the brief

6  delay between the dismissal of case 20-cv-2515 and the filing of the instant action, defendant is

7  not prejudiced in gathering evidence to defend the federal claims raised in the instant action.

8  　　　　Turning to the third factor, whether plaintiff acted reasonably and in good faith involves

9  two distinct inquiries.  <u>Saint Francis Mem'l Hosp. v. State Dep't. of Public Health</u>, 9 Cal.5th 710,

10  729 (2020).  "A plaintiff's conduct must be objectively reasonable and subjectively in good

11  faith."  <u>Id</u>.  "An analysis of reasonableness focuses not on a party's intentions or the motives

12  behind a party's actions, but instead on whether that party's actions were fair, proper, and

13  sensible in light of the circumstances."  <u>Id</u>.  Second, whether a party's late filing was subjectively

14  in good faith requires an inquiry into "whether it was the result of an honest mistake or was

15  instead motivated by a dishonest purpose."  <u>Id</u>.

16  　　　　On subjective good faith, there is no indication that plaintiff filed the instant action in bad

17  faith.  Accordingly, the undersigned finds that the subjective element has been met.

18  　　　　Turning to the objective inquiry, plaintiff fails to explain how his placement in ad seg and

19  the alleged threats by defendants and other prison officials contributed to his untimely filing of

20  the instant action.  In the supplemental opposition, plaintiff argues that his prior counsel acted

21  reasonably in dismissing case 20-cv-2515 so that plaintiff could exhaust administrative remedies.

22  However, as discussed above, plaintiff was not required to exhaust administrative remedies if, as

23  alleged, administrative remedies were not available to him due to his placement in ad seg and

24  threats made by defendants and other prison officials.[6]

25  ////

26  _____

27  [6] The undersigned also observes that plaintiff is not entitled to equitable tolling for the time case
   20-cv-2515 was pending because the doctrine of equitable tolling, set forth above, applies to
   earlier actions filed in different forums, not sequential federal lawsuits.  <u>Gonzales</u>, 2016 WL

28  823568, at *2.

The undersigned speculates that prior counsel dismissed case 20-cv-2515 and filed the instant action *after* plaintiff exhausted administrative remedies because prior counsel determined that she could not prove that plaintiff's placement in ad seg and the alleged threats excused his failure to exhaust.  See 42 U.S.C. § 1997e(a) (no action shall be brought by a prisoner until administrative remedies as are available are exhausted); Jones v. Bock, 549 U.S. 199, 211 (2007) (prisoner required to exhaust available administrative remedies prior to filing suit).  However, in deciding to file the instant action *after* completing the administrative grievance process, prior counsel failed to take the statute of limitations into account.  Prior counsel's mistake in failing to consider the statute of limitations deadline is not objectively reasonable.  See Saint Francis Memorial Hospital v. State Department of Public Health, 59 Cal.App.5th 965, 982 (2021) (counsels' miscalculation of statute of limitations deadline not objectively reasonable).

The undersigned can conceive of no circumstances under which plaintiff's prior counsel acted reasonably by dismissing case 20-cv-2515 and refiling plaintiff's claims four months later in the instant action.  Saint Francis Mem'l Hosp., 59 Cal. App. 5th at 977 ("in assessing whether Saint Francis acted reasonably, we take into account that it was represented by counsel throughout the proceedings") (citing Collier v. City of Pasadena, 142 Cal. App. 3d 917, 931 (1983) (requirement that plaintiff acted reasonably and in good faith like requires that [plaintiff's] lawyers have acted reasonably and in good faith since they made most of the decisions about what whether and what to file.").)  Accordingly, plaintiff is not entitled to equitable tolling on the grounds discussed above.

California's equitable tolling jurisprudence permits equitable tolling of a limitations period during the pendency of an earlier filed action in the same forum where other conditions are satisfied.  In Bollinger v. National Fire Ins. Co., 25 Cal.2d 399 (1944), the California Supreme Court considered the application of equitable tolling in a second suit brought after an initial action brought on the same cause of action was dismissed as prematurely filed.  Bollinger, 25 Cal.2d at 402-03.  The Bollinger rule of tolling will apply when "(1) the plaintiff [has] diligently pursued his or her claim; (2) the fact that the plaintiff is left without a judicial forum for resolution of the claim [is] attributable to forces outside the control of the plaintiff, [i.e., the dismissal of the first

14

1   action was in error and, thus, due to forces outside of his own control]; and (3) the defendant [is

2   not] prejudiced by application of the doctrine (which is normally not a factor since the defendant

3   will have had notice of the first action)."  Hull v. Cent. Pathology Serv. Med. Clinic, 28 Cal.App.

4   4th 1328, 1336 (1994) (brackets added).

5          California law makes clear that in order to be entitled to equitable tolling under the

6   Bollinger rule, a plaintiff must demonstrate all three Bollinger factors.  Allen v. Greyhound Lines,

7   Inc., 656 F.2d 418, 421 (9th Cir. 1981) ("The [California Supreme Court] thus made it clear that

8   to avoid the literal language of [section 335], the plaintiff must demonstrate the existence of those

9   three factors present in Bollinger.");  Hull, 28 Cal. App. 4th at 1337 (reiterating that the three

10   Bollinger factors are prerequisites expressly required to apply tolling).

11          In Bollinger, a plaintiff filed a timely action against his fire insurance carrier, but the trial

12   court erroneously dismissed that action.  25 Cal. 2d at 404-05.  The California Supreme Court

13   held, that, under its equitable power, and under those circumstances, the plaintiff could file a

14   second action against the carrier outside the statute of limitations.  Id. at 410-11.  The court held

15   that tolling was appropriate because (1) the original dismissal was erroneous; (2) the plaintiff had

16   diligently pursued his claim; and (3) the defendant was not prejudiced.  Id.

17          In the instant case, plaintiff cannot satisfy the second Bollinger factor because he does not

18   allege that the court erred in dismissing his first case, i.e., case 20-cv-2515, or that it was

19   dismissed due to factors outside his control.  See Carranza v. Lewis, 2017 WL 1050538, at *20

20   (N.D. Cal. March 17, 2017) (plaintiff failed to demonstrate that the court's dismissal of his first

21   action was erroneous and due to forces outside of his own control); see also Wilkins v. Vancott,

22   2018 WL 3763316, at *7-8 (N.D. Ca. Aug. 7, 2018) (citing California cases finding equitable

23   tolling under Bollinger rule inapplicable where first action dismissed due to plaintiff's own error).

24   Accordingly, the undersigned finds that plaintiff is not entitled to equitable tolling based on the

25   Bollinger rule because he has not and cannot demonstrate that the dismissal of case 20-cv-2515

26   was due to forces outside his control.

27          In the supplemental opposition, plaintiff cites Williams v. Diaz, 2005 WL 8161555 (S.D.

28   Cal. Feb. 2005), in support of the argument for equitable tolling.  Plaintiff contends that in

15

1  Williams, the court held that equitable tolling applied when a plaintiff's second complaint was

2  filed only four months after his previous case was dismissed.  The undersigned discusses

3  Williams v. Diaz herein.

4       In Williams v. Diaz, the statute of limitations for the plaintiff's claims expired on August

5  29, 2002.  2005 WL 8161555, at *7.  The court found that plaintiff's complaint, filed April 1,

6  2003, was timely because he was entitled to tolling while he exhausted administrative remedies.

7  Id.  The court observed that plaintiff filed a previous action, Williams v. Garcia, on February 8,

8  2000, before the Director's Level Decision for his grievance was rendered.  Id. at *8.  The

9  Director's Level Decision was issued on November 13, 2001.  Id.  The court dismissed Williams

10  v. Garcia on December 9, 2002, and instructed plaintiff to refile.  Id.  Plaintiff filed Williams v.

11  Diaz approximately four months later on April 1, 2003.  Id.  At the time the court decided

12  Williams v. Diaz, the Ninth Circuit had not decided whether the statute of limitations was tolled

13  for the period during which prisoners were exhausting administrative remedies.  Id. at 7.

14  Following the holdings of other circuits, the district court in Williams v. Diaz applied tolling

15  during plaintiff's exhaustion of administrative remedies and found plaintiff's complaint timely

16  filed.  Id. at *7-8.

17       The instant action is distinguished from Williams v. Diaz because here, plaintiff submitted

18  his administrative grievance after the statute of limitations expired.  In Williams v. Diaz, the

19  plaintiff exhausted administrative remedies before the statute of limitations expired.  For this

20  reason, the undersigned finds that Williams v. Diaz is not applicable to the instant action.

21       4.   Conclusion

22       Based on the allegations in the complaint and other judicially noticed pleadings, the

23  undersigned finds that plaintiff's federal claims are barred by the statute of limitations.

24  Accordingly, defendants' motion to dismiss plaintiff's federal claims on these grounds should be

25  granted.

26  ////

27  ////

28  ////

16

VI.     Failure to Allege Compliance with California Tort Claims Act

Defendant moves to dismiss plaintiff's state law claims for failure to file a Government Tort Claim.

The California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2.  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v. Superior Ct. of Kings County (Bodde), 32 Cal. 4th 1234, 1239 (Cal. 2004).  The "failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity."  Id. at 1239; Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

Further, to state a tort claim against a public employee, a plaintiff must also allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; Bodde, 32 Cal. 4th at 1244. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a complaint to [dismissal] for failure to state a cause of action." Bodde, 32 Cal. 4th at 1239.  The requirement that a plaintiff must affirmatively allege compliance with the Government Claims Act applies to state law claims brought in federal court.  Karim-Panahi, 839 F.2d at 627.

The undersigned reviewed plaintiff's complaint and finds that it fails to allege compliance with or excusal for his failure to comply with the Government Tort Claims Act.  (See ECF No. 1.) For this reason, defendant's motion to dismiss plaintiff's state law claims is granted with leave to amend.

In the December 27, 2022 opposition, plaintiff requests that defendant's motion to dismiss his state law claims for failure to comply with the Government Tort Claims Act be denied for defendant's failure to comply with Judge Drozd's standing order requiring meet and confer. Plaintiff cites Judge Drozd's standing order, filed September 2, 2022, stating that prior to filing a motion in a case where the parties are represented by counsel, counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution.  (ECF No. 7-1 at 2.)

1    Assuming defendant failed to meet and confer regarding plaintiff's state law claims,

2    plaintiff's state law claims must still be dismissed with leave to amend so that plaintiff may allege

3    either compliance with or excusal for his failure to comply with the Government Tort Claims Act.

4    In the supplemental opposition, plaintiff also argues that defendant should be estopped

5    from asserting his non-compliance with the Government Tort Claims Act because prison staff

6    took affirmative acts to deter plaintiff from filing a timely claim.  Plaintiff refers to allegations in

7    the complaint to support this argument.  As discussed above, facts alleging excusal for

8    compliance with the Government Tort Claims Act must be raised in the complaint.  Plaintiff's

9    complaint does not mention the California Tort Claims Act or link the allegations in the

10   complaint to his failure to comply with this act.  Plaintiff shall address these matters in an

11   amended complaint.

12       VI.    Relief from Judgment in Case 20-cv-2515

13   In the supplemental opposition, plaintiff states that if the court grants defendant's motion

14   to dismiss on statute of limitations grounds, plaintiff will seek relief from judgment in case 20-cv-

15   2515.  In the supplemental opposition, plaintiff raises several arguments in support of relief from

16   judgment in case 20-cv-2515.  Plaintiff's arguments for relief from judgment in case 20-cv-2515

17   should be raised in that case.  The undersigned will not address these arguments in these findings

18   and recommendations.

19   Accordingly, IT IS HEREBY ORDERED that defendant's motion to dismiss plaintiff's

20   state law claims (ECF No. 20) is granted; plaintiff is granted thirty days from the date of this

21   order to file an amended complaint addressing only the pleading defects regarding his state law

22   claims, as discussed above; failure to file an amended complaint within that time will result in the

23   dismissal of plaintiff's state law claims against defendant Pinchback; and

24   IT IS HEREBY RECOMMENDED that defendant's motion to dismiss plaintiff's federal

25   claims against defendant Pinchback as barred by the statute of limitations (ECF No. 20) be

26   granted.

27   ////

28   ////

18

1    These findings and recommendations are submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3  after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

6  objections shall be filed and served within fourteen days after service of the objections.  The

7  parties are advised that failure to file objections within the specified time may waive the right to

8  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  Dated:  July 21, 2023

10

11                                    KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE
12

13  Matt1329.mtd
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        19