UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK MATTHEWS, | No. 2:22-cv-1329 DJC KJN P |
| Plaintiff, | |
| v. | ORDER |
| DEMITA PINCHBACK, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, proceeding through counsel, filed this civil rights action seeking relief under 42 U.S.C. § 1983. CDCR defendants filed an ex parte application to stay discovery pending resolution of defendant Pinchback's motion to dismiss and a ruling on the CDCR defendants' anticipated motion to dismiss plaintiff's first amended complaint. On September 5, 2023, plaintiff filed an opposition to the motion; defendants filed a reply on September 6, 2023.

As discussed below, CDCR defendants' motion is granted.

Background

Of relevance here, the court previously stayed all discovery, other than discovery related to the exhaustion issues and the statute of limitations, based on the stipulation of the parties. (ECF No. 50.) Specifically, discovery was stayed "until a decision is issued on the motion(s) for summary judgment for failure to exhaust administrative remedies and based upon the statute of limitations." (ECF No. 50 at 3.) In addition, again based on the parties' stipulation, CDCR

1

defendants were granted fourteen days after defendant Pinchback's motion to dismiss is decided to file an early motion for summary judgment. (Id. at 2.) Findings and Recommendations on defendant Pinchback's motion to dismiss are pending before the district court; plaintiff filed objections.

Legal Standards

The Ninth Circuit has affirmed that district courts have "wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). While the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause. Id. (affirming district court's decision to stay discovery pending resolution of motion for summary judgment); Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss). Federal Rule of Civil Procedure 26 states "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery. Fed. R. Civ. P. 26(c)(1). The party seeking a protective order has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004).

The Federal Rules of Civil Procedure do not provide for an automatic stay on discovery when a potentially dispositive motion is pending, and federal courts generally look unfavorably upon such stays. See Mlejnecky v. Olympus Imaging Am., Inc., 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011); see also Skellercup Indus. Ltd. v. City of L.A., 163 F.R.D. 598, 600-601 (C.D. Cal. 1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation" (citation and quotation marks omitted).).

District courts in the Ninth Circuit often apply a two-pronged test to decide whether to stay discovery. Mlejnecky, 2011 WL 4889743, at *6; Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp., 2007 WL 1146607, at *1 (E.D. Cal. 2007). The first prong requires that the

pending motion "be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." Id.  The second prong requires the court to "determine whether the pending, potentially dispositive motion can be decided absent additional discovery." Id.  If either prong is not met, discovery should proceed.  Id.

Discussion

Addressing the second prong first, the court has issued findings and recommendations on defendant Pinchback's motion to dismiss and no party has argued that additional discovery is required for the district court to address plaintiff's objections thereto.  The issue here is whether plaintiff needs additional discovery to address an anticipated motion to dismiss on statute of limitations grounds expected to be filed by the CDCR defendants.  While the facts of the underlying claims against the CDCR defendants may differ from the facts alleged against defendant Pinchback, plaintiff fails to demonstrate that the statute of limitations analysis would differ on plaintiff's federal claims based on yet to be uncovered facts or evidence.  Rather, the analysis of such claims will turn on the legal authorities governing the statute of limitations issue and the date plaintiff filed the instant action.

The first prong is met because the undersigned recommended that defendant Pinchback's motion to dismiss be granted on statute of limitations grounds.  The undersigned found that plaintiff filed the instant action over four years after the limitations period expired.  Plaintiff argues that limited discovery on plaintiff's prison records may be relevant to the issue of equitable tolling for the period plaintiff exhausted administrative remedies.  However, the undersigned found that plaintiff was not entitled to tolling for the period he was completing the mandatory exhaustion process because he submitted and exhausted his grievance after the statute of limitations expired on October 15, 2019.  (ECF No. 53 at 11.)  Plaintiff's claims against the CDCR defendants arose on or about the same time as the claims against defendant Pinchback; thus, if the court finds that plaintiff's claims against the CDCR defendants are also barred by the statute of limitations, such ruling would be dispositive of the entire case.

Contrary to plaintiff's claim he requested limited discovery, plaintiff's subpoena duces tecum sought 19 separate categories of documents including all documents contained in SOMS,

3

ERMS, central file and/or inmate record concerning plaintiff for the entire period of his confinement; documents concerning plaintiff's confinement in administrative segregation at DVI from 2015-16; all of plaintiff's mental health care records for the entire period of his confinement; all interviews of plaintiff; all documents concerning any inquiry or investigation conducted by the Deuel Investigative Services Unit concerning plaintiff and defendant Pinchback; all documents concerning inquiries or investigations conducted by the Deuel Investigative Services Unit and the OIA concerning plaintiff and defendant Pinchback.  (ECF No. 60 at 14-15.)  Such broad discovery requests were not limited to the issues of statute of limitations and exhaustion of administrative remedies.

       Plaintiff claims that discovery is necessary to determine whether the 10-year statute of limitations should apply to plaintiff's claims alleging sexual assault or torture.  Specifically, plaintiff claims that contrary to defendants' claim their anticipated motion to dismiss would be based solely on legal arguments, additional discovery is necessary to determine whether the search and seizure constituted sexual abuse under California Penal Code § 243.4(a) which would support applying the 10 year limitations period under CCP § 340.16.  (ECF No. 58 at 5.)  However, defendants correctly point out that plaintiff does not allege that any of the CDCR defendants' actions were taken for the "purpose of sexual arousal, sexual gratification, or sexual abuse."  (ECF No. 60 at 3.)  Rather, the actions allegedly taken by defendants Tout and Sysombath, which defendants dispute, were for the purpose of conducting a search as part of an investigation; while plaintiff alleges such search was improper, there is no claim it was done for any sexual purpose.  (ECF No. 60 at 4.) ("The purported purpose of the procedure was to obtain PINCHBACK'S DNA from MATTHEWS' body, albeit against his will."  (ECF No. 1 at 10 ¶ 37).)  Because the operative complaint does not allege the procedure was done for any sexual purpose or torture, the court finds plaintiff's arguments unpersuasive.

       Finally, it appears that CDCR defendants now intend to file a motion to dismiss on statute of limitations grounds once the district court addresses defendant Pinchback's motion to dismiss.  Thus, the undersigned modifies the prior order to grant CDCR defendants fourteen days after the district court addresses defendant Pinchback's motion to dismiss to file their motion to dismiss,

but confirms that CDCR defendants remain allowed to file an early motion for summary judgment on exhaustion and statute of limitations grounds, pursuant to the parties' stipulation and order adopting same (ECF No. 50).  Further, the court modifies the prior order and grants CDCR defendants' motion to stay all pending discovery until the statute of limitations issue is resolved.

If the district court declines to adopt the pending findings and recommendations, the undersigned will issue an appropriate order at that time.

Accordingly, IT IS HEREBY ORDERED that:

1. CDCR defendants' application to stay all discovery (ECF No. 57) is granted;

2. Discovery in this action is stayed until the statute of limitations issue is resolved as to all parties; and

3. Fourteen days after the district court addresses defendant Pinchback's motion to dismiss, CDCR defendants may file a motion to dismiss on the issue of statute of limitations or an early motion for summary judgment on the issues of exhaustion and statute of limitations.

Dated:  September 8, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/matt1329.sty.dsc