UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK MATTHEWS, | No. 2:22-cv-1329 DJC KJN P |
| Plaintiff, | |
| v. | ORDER |
| DEMITA PINCHBACK, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding through counsel. Defendant Pinchback's motion to dismiss is submitted for decision. The ex parte motion for extension of time filed by the remaining defendants ("CDCR defendants") is pending. As discussed below, the motion is partially granted.

Background

On May 23, 2023, the parties' stipulation to allow CDCR defendants to file an early motion for summary judgment on exhaustion grounds was granted. (ECF Nos. 49, 50.)

On September 8, 2023, CDCR defendants' motion to stay all discovery pending resolution of the statute of limitations issue was granted.[1] (ECF No. 61 at 5.) The court also confirmed that

---

[1] Previously, discovery was stayed except for discovery related to exhaustion or statute of limitations grounds. However, plaintiff did not propound limited discovery; rather, plaintiff sought 19 separate categories of documents by subpoena duces tecum, which the court found "were not limited to the issues of statute of limitations and exhaustion of administrative

1

the CDCR defendants would be allowed to file an early motion for summary judgment on exhaustion grounds. (Id.)

On November 17, 2023, the district court granted defendant Pinchback's motion to dismiss plaintiff's first cause of action (federal claim) as barred by the statute of limitations, and granted plaintiff leave to amend "addressing only the pleading defects regarding his state law claims." (ECF No. 62.) On November 27, 2023, CDCR defendants were relieved of an obligation to file a motion on statute of limitations or exhaustion grounds until further order of court. (ECF No. 63.)

On December 15, 2023, plaintiff filed a first amended complaint. (ECF No. 64.)

On January 12, 2024, defendant Pinchback filed a motion to dismiss on statute of limitations grounds and failure to comply with the California Tort Claims Act. (ECF No. 69.) Such motion is fully briefed. (ECF Nos. 71, 72.)

On March 1, 2024, CDCR defendants filed an ex parte motion to allow them to file an early motion for summary judgment on exhaustion grounds and/or motion to dismiss on statute of limitations grounds within thirty days. (ECF No. 73.) Plaintiff filed an opposition to CDCR defendants' motion to file an early motion for summary judgment on exhaustion grounds. (ECF No. 74.) In the alternative, plaintiff seeks a stay of this action while he proceeds with a motion for relief from judgment in Matthews I.[2] (ECF No. 74 at 2, citing Fed. R. Civ. P. 60(b)(6).) Plaintiff contends that if the 60(b) motion is successful, it would render the instant motions moot, and the stay would thus "avoid duplicative motions and the unnecessary waste of judicial resources." (ECF No. 74 at 9.)

Following a further briefing order, on March 22, 2024, CDCR defendants filed a reply, pointing out that they have been granted leave to file an early motion for summary judgment on exhaustion, that plaintiff violated the order permitting limited discovery because plaintiff did not

---

remedies." (ECF No. 61 at 3-4.) Therefore, the court modified the order staying discovery. (Id. at 5.)

[2] On March 25, 2022, plaintiff's prior case, Matthews v. Brown, No. 2:20-cv-2515 JAM DB ("Matthews I"), was voluntarily dismissed without prejudice, by stipulation of the parties and without explanation.

2

limit his discovery request as ordered, plaintiff continued to insist on obtaining discovery related to the merits, and thus plaintiff should not be allowed to engage in discovery prior to the filing of CDCR defendants' contemplated motion. (ECF No. 76 at 3-4.) Further, plaintiff's new theories concerning exhaustion are based on claims that plaintiff did not file a grievance because the grievance process was unavailable will not require supporting evidence but will only require the court to address questions of law. (ECF No. 76 at 4-5.) CDCR defendants contend the stay on discovery should remain. Alternatively, CDCR defendants contend the court should wait until the motion for summary judgment is briefed to determine whether further discovery is required. (ECF No. 76 at 6.) Or the court should review the prior discovery ruling and grant only those portions of the discovery request that were pertinent to exhaustion and set a deadline for production. (Id. at 7.) Or the court should maintain the stay of discovery and grant CDCR defendants leave to file a motion to dismiss on statute of limitations grounds; such motion would clarify whether an exhaustion motion or further discovery is required. (Id.) Finally, CDCR defendants argue that plaintiff's motion for stay pending filing of a 60(b) motion in Matthews I should be denied. They argue that such motion would be untimely and insufficient.[3] (ECF No. 76 at 7-8.) Further, CDCR defendants contend the stay would not prevent duplicative motions. If the stay were granted and plaintiff filed the 60(b) motion, defendants would be required to oppose such motion and again attempt to bring its early motion for summary judgment on exhaustion and tort claim grounds. (ECF No. 76 at 9.) And if the 60(b) motion were denied, the defendants would have to return to this action and go through the same motions. But if defendants are allowed to proceed with its exhaustion and tort claims motion, such issues would be precluded in the prior action. (ECF No. 76 at 9.)

Defendant Pinchback agrees with and joins CDCR defendants' reply, arguing the parties have the information needed to decide exhaustion and statute of limitations issues, and points to Pinchback's pending motion to dismiss. (ECF No. 77 at 1.) Second, Pinchback denies any

---

[3] CDCR defendants also point out that plaintiff's current counsel was appointed in April 2023 and as early as June 2023 has been suggesting plaintiff was considering filing a 60(b) motion in Matthews I, yet still has not filed one. (ECF No. 76 at 8 n.7, citing ECF No. 51 at 6:7-13.)

further discovery is required to address exhaustion because plaintiff did not submit a grievance until October 2019 and in Matthews I, argued that the grievance system was unavailable.  (ECF No. 77 at 2)  Pinchback contends that if plaintiff now claims he was unable to submit a grievance while he was in administrative segregation, he can provide his own declaration as evidence.  Pinchback reiterates that the broad discovery plaintiff sought was not limited in scope but rather sought information going to the merits of the case.  (ECF No. 77 at 2.)  Third, Pinchback argues that plaintiff's prior lawsuit and the withdrawal of prior counsel "have little bearing on the issues of whether he timely exhausted his administrative remedies or timely filed this lawsuit."  (Id.)  Fourth, Pinchback contends the motion for stay should be denied because it was improperly included in an opposition brief and must be brought as a noticed motion.  Finally, Pinchback argues that any motion for reconsideration in Matthews I would be untimely.  (ECF No. 77 at 3.)

Discussion

Following review of all of the briefing, the undersigned is persuaded that this court should first address the statute of limitations issue.  Thus, the CDCR's motion is partially granted.  The CDCR defendants shall file their motion to dismiss on statute of imitations grounds and, if appropriate on a motion to dismiss, include their challenge to the timeliness of the tort claims.  Once such motion is fully briefed, the court will decide defendant Pinchback's pending motion to dismiss along with the CDCR defendants' motion.  Discovery remains stayed.

Further, plaintiff's motion for stay was not properly brought as a noticed motion.  Despite this, the undersigned denies the motion for stay.  As argued by defendants, imposing such a stay would not avoid duplicative motions.  On July 27, 2022, plaintiff's prior counsel chose to file this new action rather than to file a motion for reconsideration in Matthews I.  The undersigned will not speculate on how the assigned judges might address such a motion in Matthews I.  But there is no point in further delaying resolution of this action, particularly in light of the district court's finding that plaintiff's federal claim against defendant Pinchback is barred by the statute of limitations.

Accordingly, IT IS HEREBY ORDERED that:

1. The ex parte application (ECF No. 73) is partially granted;

4

    2. The CDCR defendants shall file their motion to dismiss on statute of limitations grounds, as set forth above, within twenty-one days from the date of this order;

    3. Ruling on defendant Pinchback's motion to dismiss is stayed pending completion of briefing on CDCR defendants' motion to dismiss; and

    4. Plaintiff's motion for stay of this action is denied.

Dated: March 26, 2024

CAROLYN K. DELANEY  
UNITED STATES MAGISTRATE JUDGE

/matt1329.exp.ext