1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 DEREK MATTHEWS,         No.  2:22-cv-1329 DJC CSK P

12         Plaintiff,

13     v.         FINDINGS AND RECOMMENDATIONS

14 PINCHBACK, et al.,         (ECF Nos. 69, 80)

15         Defendants.

16

17 I.       INTRODUCTION

18        Plaintiff is a state prisoner, proceeding through counsel, with a civil rights action pursuant

19 to 42 U.S.C. § 1983.  Pending before the Court is defendant Pinchback's motion to dismiss on the

20 grounds that plaintiff's state law claims are barred by the statute of limitations, and that plaintiff's

21 state law claims should be dismissed for failing to comply with the California Tort Claims Act.

22 (ECF No. 69.)  Also pending before the Court is defendant J. Price, A. Tout, and B. Sysombath's

23 (referred to as California Department of Corrections and Rehabilitation ("CDCR") defendants)

24 motion to dismiss plaintiff's federal and state law claims against the remaining defendants on the

25 same grounds as defendant Pinchback.[1]  (ECF No. 80.)

26 ///

27

28

---

[1]  Defendant Pinchback is represented by private counsel.  CDCR defendants are represented by
the Office of the Attorney General of California.

1

1    For the reasons set forth below, the Court recommends that both motions to dismiss be

2    granted, and this action be dismissed.

3    II.    BACKGROUND

4    A.    Matthews I (2019):  Case No. 5:19-cv-1508-AB-KS (C.D. Cal.)

5    On August 8, 2019, plaintiff filed a pro se complaint in the United States District Court

6    for the Central District of California, No. 5:19-cv-1508-SB-KS.[2]  (See Matthews v. Brown, No.

7    2:20-cv-2515 JAM DB P (E.D. Cal.), at ECF No. 1.)  Plaintiff named as defendants Governor

8    Brown, Scott Walker, Lieutenant Huff, Sergeant Jackson, Doe defendants and defendants

9    Pinchback, Sysmobath, Price and Tout.  (Id.)  In relevant part, plaintiff alleged in this complaint

10   that defendant Pinchback sexually assaulted plaintiff on multiple occasions up until October 15,

11   2015.  (Id.)  On October 28, 2019, the Central District of California district court dismissed the

12   claims raised in the original complaint against defendants Brown, Price, Walker, and Doe

13   defendants with leave to amend.  (Id. at ECF No. 10.)

14   On November 21, 2019, plaintiff filed a pro se amended complaint.  (Id. at ECF No. 14.)

15   On December 4, 2019, the court dismissed plaintiff's amended complaint with leave to amend.

16   (Id. at ECF No. 16.)

17   On December 23, 2019, plaintiff filed a pro se second amended complaint.  (Id. at ECF

18   No. 18.)  Plaintiff named defendants Pinchback, Sysmobath and Tout as defendants as well as

19   defendants Walker, Huff and Jackson.  (Id. at ECF No. 18 at 3-4.)  In relevant part, plaintiff

20   alleged that defendant Pinchback violated the Eighth Amendment by sexually assaulting him in

21   2015.  (Id. at ECF No. 18 at 5-8.)  The second amended complaint raised no state law claims.  (Id.

22   at ECF No. 18.)  In the second amended complaint, plaintiff stated that he did not file an

23   administrative grievance regarding his claims because there was no administrative remedy for the

24   sexual abuse of a prisoner by a prison employee.  (Id. at ECF No. 18 at 2.)  On December 30,

25   _____

26   [2]   The Court takes judicial notice of the record in No. 5:19-cv-1508-AB-KS (C.D. Cal. 2019),
      which is incorporated into the docket of case No. 2:20-cv-2515 JAM DB (E.D. Cal. 2020).  Fed.

27   R. Evid. 201(b); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001), overruled on
      other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002)

28   (court may take judicial notice of undisputed matters of public record).

2019, the court ordered service of the second amended complaint on defendants Pinchback, Walker, Huff, Jackson, Sysmobath and Tout.  (Id. at ECF Nos. 20, 21.)

On August 25, 2020, defendants Huff, Sysmobath, Tout, Walker and Jackson filed a motion to dismiss for failure to exhaust administrative remedies, failure to state a claim and on the grounds that the Central District of California was not the appropriate district.  (Id. at ECF No. 58.)  On November 12, 2020, defendant Pinchback filed a motion to dismiss on the grounds that plaintiff failed to exhaust administrative remedies and that the Central District of California was not the appropriate district.  (Id. at ECF No. 77.)  On December 14, 2020, the Central District of California district court transferred this case to the United States District Court for the Eastern District of California, where it was assigned case No. 2:20-cv-2515 JAM-DB-P.[3]  (Id. at ECF No. 86.)

B.   Matthews I:  No. 2:20-cv-2515 JAM-DB-P (E.D. Cal.)

On June 9, 2021, in case No. 2:20-cv-2515 JAM-DB-P, the assigned magistrate judge recommended that the motion to dismiss for failure to state a claim filed by defendants Huff, Sysmobath, Tout, Walker and Jackson be granted in part and denied in part.  (Id. at ECF No. 100.)  Magistrate Judge Deborah Barnes also recommended that the motions to dismiss by all defendants for failure to exhaust administrative remedies be denied.  (Id. at ECF No. 100.)  Magistrate Judge Barnes observed that in the complaint, plaintiff marked the "No" box to indicate he did not file a grievance concerning the facts alleged in the second amended complaint.  (Id. at ECF No. 100 at 6.)  Magistrate Judge Barnes found that, liberally construed, plaintiff's second amended complaint alleged that plaintiff did not have an available administrative remedy because his efforts to exhaust were thwarted by prison officials.  (Id. at ECF No. 100 at 6-7.)  On September 3, 2021, District Judge John Mendez adopted the June 9, 2021 findings and recommendations in full.  (Id. at ECF  106.)  On September 17, 2021, defendant Pinchback filed an answer to the second amended complaint.  (Id. at ECF No. 108.)

On October 12, 2021, Magistrate Judge Barnes denied plaintiff's October 4, 2021 motion

---

[3]  The undersigned takes judicial notice of the records in case 20-cv-2515 JAM DB P.  Fed. R. Evid. 201(b); Lee, 250 F.3d at 690.

for the appointment of counsel.  (Id. at ECF No. 113.)  Plaintiff subsequently retained counsel

(Jennifer Bandlow) in December 2021.  (Id. at ECF Nos. 119, 120.)  On March 24, 2022, plaintiff

voluntarily dismissed Matthews I, case No. 2:20-cv-2515 JAM-DB-P without prejudice.  (Id. at

ECF No. 126.)  The stipulation for dismissal did not state the reasons for the voluntary dismissal.

(Id.)  The case was closed on March 25, 2022.

C.  Matthews II:  No. 2:22-cv-1329 DJC-CSK-P (E.D. Cal.)

On July 27, 2022, plaintiff filed the instant action, his second federal lawsuit based on the

same underlying misconduct (Pinchback's alleged sexual assault) against defendants also named

in Matthews I:  Pinchback, Price, Sysmobath and Tout.  (ECF No. 1.)  Plaintiff was represented

by attorneys Bandlow and George Tourkow.  The main differences between the original

complaint filed in Matthews II and the second amended complaint filed in Matthews I (case no.

2:20-cv-2515 JAM-DB-P) were that in the instant action, plaintiff alleged state law claims and

claimed that he exhausted administrative remedies on May 19, 2021, when he received

correspondence from CDCR concluding that "time expired" with respect to his grievance.  (ECF

No. 1 at 5.)  On December 5, 2022, defendant Pinchback filed a motion to dismiss arguing that

plaintiff's claims were barred by the statute of limitations and because plaintiff failed to file a

government tort claim.  (ECF No. 20.)

On December 9, 2022, attorney Bandlow filed a motion to withdraw as plaintiff's counsel

for medical reasons.  (ECF No. 21.)  On December 28, 2022, attorney Tourkow also filed a

motion to withdraw as plaintiff's counsel.  (ECF No. 34.)  On December 27, 2022, attorney

Bandlow filed an opposition to defendant Pinchback's motion to dismiss.  (ECF No. 27.)  On

February 8, 2023, the motions to withdraw by attorneys Bandlow and Tourkow were granted.

(ECF No. 44.)  On April 26, 2023, attorney Jenny C. Huang was appointed to represent plaintiff.

(ECF No. 46.)  On June 7, 2023, attorney Huang filed a supplemental opposition to the motion to

dismiss, and on June 21, 2023, defendant Pinchback filed a reply.  (ECF Nos. 51, 52.)

On July 21, 2023, the assigned magistrate judge (Kendall Newman) found that plaintiff

was not entitled to tolling due to administrative exhaustion and was not entitled to equitable

tolling of the limitations period and recommended that defendant Pinchback's motion to dismiss

4

1    plaintiff's federal claims as barred by the statute of limitations be granted.  (ECF No. 53 at 16.)

2    Magistrate Judge Newman pointed out that defendant Pinchback did not address whether

3    California law provided a different statute of limitations for plaintiff's state law claims, observing

4    that "California Code of Civil Procedure § 340.16(b)(3) now provides a ten year statute of

5    limitations for civil actions filed after January 1, 2019, alleging sexual assault occurring on or

6    after January 1, 2009."  (ECF No. 53 at 8.)  In addition, Magistrate Judge Newman found that

7    because plaintiff failed to allege compliance with the California Government Claims Act,

8    defendant Pinchback's motion to dismiss plaintiff's state law claims should be granted with leave

9    to amend.  (ECF No. 53 at 17.)  Plaintiff filed objections.[4]  (ECF No. 54.)

10         On November 27, 2023, District Judge Daniel Calabretta adopted the July 21, 2023

11   findings and recommendations in full, dismissed plaintiff's first cause of action against defendant

12   Pinchback as barred by the statute of limitations, and dismissed plaintiff's fourth through seventh

13   causes of action against defendant Pinchback with leave to amend.  (ECF No. 62.)  Plaintiff was

14   directed to "file an amended complaint addressing only the pleading defects regarding the state

15   law claims within thirty days of the entry of this order."  (Id. at 2.)

16         On December 15, 2023, plaintiff filed a first amended complaint ("FAC").  (ECF No. 64.)

17   On January 12, 2024, defendant Pinchback filed a second motion to dismiss.  (ECF No. 69)  On

18   February 6, 2024, plaintiff filed an opposition, and on February 20, 2024, defendant filed a reply.

19   (ECF Nos. 71, 72.)  On March 26, 2024, a ruling on defendant Pinchback's second motion to

20   dismiss was stayed pending completion of briefing on CDCR defendants' anticipated motion to

21   dismiss on statute of limitations grounds.  (ECF No. 78.)  On April 16, 2024, CDCR defendants

22   filed a motion to dismiss.  (ECF No. 80.)  On April 30, 2024, plaintiff filed an opposition, and on

23   May 14, 2024, CDCR defendants filed a reply.  (ECF Nos. 81, 82.)

24   / / /

25   

26   _____

[4]  In his objections, plaintiff argued for the first time that he should be granted equitable tolling
based on his prior counsel's medical challenges.  (ECF No. 54 at 4, n.1.)  The district court found
27   plaintiff failed to cite any authority supporting such argument, and "declined to consider such
new and unsupported argument for equitable tolling raised in plaintiff's objections."  (ECF No.
28   62 at 1 n.1.)

1    III.    LEGAL STANDARDS FOR MOTION TO DISMISS

2           Defendant Pinchback's second motion to dismiss was brought pursuant to Rule 12(b)(1)

3    of the Federal Rules of Civil Procedure.  CDCR defendants' motion to dismiss was brought

4    pursuant to Rule 12(b)(6).  The Court finds that the motions to dismiss are properly the subject of

5    a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of

6    Civil Procedure.  See Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 n.2 (9th Cir.

7    1995) (explaining that because "the question whether [a] claim is barred by the statute of

8    limitations is not a jurisdictional question, it should . . . be raised through a Rule 12(b)(6) motion

9    to dismiss for failure to state a claim, not a Rule 12(b)(1) motion to dismiss for lack of

10   jurisdiction"); Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482, 484 n.1 (9th Cir. 1987) (a

11   statute of limitations defense may be raised in a motion to dismiss if the running of the statute is

12   apparent from the face of the complaint).

13          Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for

14   "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In

15   considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true the

16   allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the

17   pleading in the light most favorable to the plaintiff.  Jenkins v. McKeithen, 395 U.S. 411, 421

18   (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  Still, to survive

19   dismissal for failure to state a claim, a pro se complaint must contain more than "naked

20   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

21   action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

22   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

23   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

24   upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.

25   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

26   draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556

27   U.S. at 678.

28          "As a general rule, a district court may not consider any material beyond the pleadings in

                                                6

ruling on a Rule 12(b)(6) motion."  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotes and citation omitted), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).  Otherwise, the motion is treated as one for summary judgment.  Lee, 250 F.3d at 688.  There are exceptions for material which is properly submitted as part of the complaint and "matters of public record" which may be judicially noticed.  Id. at 688-89.  "If the documents are not physically attached to the complaint, they may be considered if the documents' 'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them."  Id. at 688 (quoting Parrino v. FHD, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998)).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).

IV.     PLAINTIFF'S ALLEGATIONS IN MATTHEWS II

This action proceeds on plaintiff's FAC against defendants Pinchback, Price, Sysmobath and Tout.  (ECF No. 64.)  Plaintiff alleges that defendant Pinchback was employed by CDCR and/or California Prison Industry Authority ("PIA"), a state agency or political subdivision organized and existing under the laws of the State of California, as a correctional officer stationed at Deuel Vocational Institution ("DVI"); defendant Price was employed by the CDCR as Acting Warden of DVI; and defendants Sysmobath and Tout were employed as correctional officers at DVI.  (Id. at ¶¶ 5-9.)  Plaintiff also names Doe defendants 1 through 10.

Plaintiff alleges that from May 2015 through October 2015, he was sexually harassed, sexually assaulted, and sexually abused by defendant Pinchback, including being coerced to perform various sex acts and being controlled by promises and threats.  (Id. at ¶¶ 26-30.)  On or around October 15, 2015, a prison employee witnessed defendant Pinchback sexually assaulting plaintiff, and immediately reported the sexual misconduct to prison authorities.  (Id. at ¶ 31.)  Defendant Pinchback fled the DVI prison grounds, throwing her CDCR issued keys in the parking lot.  (Id.)

That same day, after the sexual assault was reported, plaintiff claims that he was detained and questioned by the Investigatory Services Unit ("ISU"), including by non-defendants

1    Lieutenant ("Lt.") L.D. Huff and Sergeant C. Jackson.  (Id. at ¶¶ 32-36.)  Plaintiff claimed that

2    these investigators implied that instead of plaintiff being the victim, plaintiff may have been the

3    one who raped defendant Pinchback.  (Id. at ¶ 33.)  Because of the investigators' allegations,

4    plaintiff requested an attorney, but he claims his request was ignored, and the interrogation

5    continued.  (Id. at ¶ 34.)

6         Plaintiff claims that throughout the October 15, 2015 interrogation, Lt. Huff continued to

7    scare and intimidate plaintiff by stating, "You know what happens to men in prison who rape

8    women."  (Id. at ¶ 35.)  Plaintiff alleges that Lt. Huff made this statement to prevent plaintiff from

9    pursuing administrative remedies.  (Id.)

10        Following the October 15, 2015 interrogation, plaintiff was taken to a room where he was

11   handcuffed and shackled.  (Id. at ¶ 36.)  Plaintiff alleges defendant Sysmobath and Does 1-10

12   "forcefully pulled down [plaintiff's] underwear and administered a procedure on [his] penis.  (Id.)

13   Plaintiff claims that he "was scared, confused, and had no idea what Sysmobath was doing."  (Id.)

14   Defendant Sysmobath "inserted an object into [plaintiff's] penis, causing [him] immense pain."

15   (Id.)  Plaintiff alleges that defendant Sysmobath performed this" non-consensual penetration of

16   [plaintiff's] penis" for "no investigatory purpose,' but "was intended solely to humiliate, degrade,

17   and intimidate [plaintiff] and cause cruel and extreme pain and suffering for retaliatory and

18   sadistic purposes."  (Id. at ¶ 93.)  Plaintiff claims defendant Sysmobath performed this procedure

19   in the presence of defendant Tout and while Tout held down plaintiff's arms.  (Id. at ¶¶ 38, 93.)

20   Plaintiff alleges defendant Tout failed to protect plaintiff from defendant Sysmobath's abuse and

21   retaliation.  (Id.)

22        Plaintiff alleges that at a subsequent interrogation held on or about October 18, 2015, he

23   again requested an attorney, but the request was ignored.  (Id. at ¶ 34.)

24        Plaintiff alleges he was placed in administrative segregation for overfamiliarity, although

25   he was never formally charged, where he remained until February 4, 2016.  (Id. at ¶¶ 40, 41.)

26        Further, plaintiff alleges that defendant Price was Warden of DVI and had knowledge that

27   defendant Pinchback was previously investigated by the ISU for criminal and sexual misconduct

28   involving a different state prisoner yet failed to take corrective actions that could have protected

1    plaintiff and other inmates from her "predatorial behavior."  (Id. at ¶ 46.)

2    V.      FEDERAL CLAIMS AGAINST CDCR DEFENDANTS:  FIRST, SECOND, AND

3            THIRD CAUSES OF ACTION

4        In the first three causes of action in the FAC, plaintiff alleges that (1) defendants Price and

5    Does 1-10 violated plaintiff's Eighth Amendment right to be free from cruel and unusual

6    punishment; (2) defendants Sysmobath, Tout and Does 1-10 violated plaintiff's Fourth

7    Amendment right to be free from unreasonable search and seizure; and (3) defendants

8    Sysmobath, Tout, Price and Does 1-10 retaliated against plaintiff in violations of the First

9    Amendment.  (ECF No. 64 at ¶ 73-134.)

10       In plaintiff's opposition to CDCR defendants' motion, plaintiff states that he "does not

11   dispute that his Fourth and Eighth Amendment claims were untimely brought by his former

12   counsel, with the refiling of this lawsuit."  (ECF No. 81 at 6.)  Plaintiff also does not dispute that

13   such claims accrued on October 15, 2015, or that his federal claims are subject to a four year

14   statute of limitations.  (Id. at n.6.)  In light of such concessions, the Court recommends that the

15   Fourth and Eighth Amendment claims be dismissed as barred by the statute of limitations.

16       The Court turns now to plaintiff's remaining federal claim in the third cause of action, that

17   defendants Sysmobath, Tout and Price violated plaintiff's First Amendment rights by retaliating

18   against him.

19       A.  The Parties' Positions

20           1.  CDCR Defendants' Motion

21       CDCR defendants contend that because plaintiff's claims against CDCR defendants took

22   place in the same time frame and involve the same set of circumstances as Matthews I, the law of

23   the case doctrine should apply, and all the federal claims should be dismissed.  (ECF No. 80 at 11

24   (citing Stacy v. Colvin, 825 F.3d 563, 567 (9th Cir. 2016).)  Further, plaintiff's claims against

25   defendant Price hinge on his knowledge of a prior incident involving defendant Pinchback, based

26   on a failure to protect theory, and because plaintiff alleges such claims arose from May 2015 to

27   October 2015, such claims are also time-barred.  (ECF No. 80 at 12 (citing ECF No. 64 at ¶¶ 51-

28   61).)  Similarly, the claims against defendants Tout and Sysmobath are solely based on their acts

1  and omissions on October 15, 2015.  Because this action (<u>Matthews II</u>) was filed seven years after

2  October 15, 2015, CDCR defendants argue that such claims are barred by the statute of

3  limitations.  (ECF No. 80 at 12.)

4      Further, CDCR defendants argue that plaintiff is not entitled to tolling due to

5  administrative exhaustion or to equitable tolling, for the same reasons addressed in the prior

6  findings and recommendations that found plaintiff's claims against defendant Pinchback are

7  barred by the statute of limitations.  (<u>Id.</u> at 13-17 (citing ECF No. 53).)

8          *2.  Plaintiff's Opposition*

9      In opposition, plaintiff first argues that his federal claims against CDCR defendants are

10  factually distinct from the federal claim for sexual abuse against defendant Pinchback, and thus

11  require a separate evaluation.  (ECF No. 81 at 5.)  Plaintiff contends that the "CDCR defendants

12  are responsible for engaging in several years of retaliatory behavior after defendant Pinchback

13  fled the prison, which prevented plaintiff from earlier filing a lawsuit."  (<u>Id.</u> at 6.)

14      Second, plaintiff argues that his First Amendment claims did not begin to accrue until

15  March 2021 when plaintiff was first informed that all investigations related to defendant

16  Pinchback were completed.  (<u>Id.</u> at 7.)  Plaintiff relies on the continuing violations doctrine,

17  arguing that the FAC "includes numerous allegations of a series of retaliatory actions that began

18  on October 15, 2015, and continued for many years until March of 2021," when plaintiff was

19  finally informed that all investigations were completed.  (<u>Id.</u> (citing ECF No. 64 at ¶¶ 32-45).)

20  Plaintiff contends the pattern of retaliation was "a concerted effort by CDCR defendants to follow

21  through on their verbal threats about the consequences for prisoners who rape prison staff."  (ECF

22  No. 81 at 7.)

23      Third, plaintiff contends that the law of the case doctrine should not apply because the

24  Court has not previously decided whether equitable tolling should apply based on the alleged

25  retaliatory actions that prevented plaintiff from earlier filing his lawsuit.[5]  Further, plaintiff argues

26

27  [5]  Plaintiff did not argue that he should be granted tolling for exhaustion of administrative remedies.  (ECF No. 81, <u>passim</u>.)  Therefore, the Court does not address this issue.

28

that equitable tolling should apply because unlike defendant Pinchback, CDCR defendants remained at DVI and "were responsible for years of threatening and intimidating conduct that kept [plaintiff] in fear of disciplinary or criminal charges of rape, . . . preventing [him] from earlier filing his lawsuit." (Id. at 8.) Plaintiff contends he faced "an abusive penile swab, solitary confinement, disciplinary charges for overfamiliarity, and the looming threat of criminal charges for rape that lasted for years," supporting a finding that any reasonable person would have been deterred from pursuing civil remedies. (Id. at 9.) Plaintiff argues that CDCR defendants will not be prejudiced by such tolling because they were immediately aware of a possible civil claim once defendant Pinchback was found to be engaged in a sex act with plaintiff on prison grounds, as well as when she was criminally prosecuted. (Id.) Plaintiff maintains that equitable tolling should apply because CDCR defendants "are responsible for creating the threatening and intimidating environment that delayed plaintiff from bringing this lawsuit for many years." (Id. at 9-10.)

Finally, plaintiff argues that CDCR defendants should be equitably estopped from asserting the statute of limitations defense because they should not benefit from their retaliatory behavior. (Id. at 10.) Plaintiff cites the October 15, 2015 false accusation that plaintiff raped defendant Pinchback; Lt. Huff's threatening statement about "what happens to men in prison who rape women"; the unnecessary and intrusive DNA swab in plaintiff's penis; charging plaintiff with a disciplinary violation for overfamiliarity, and confining him to administrative segregation for over three months; DVI staff continued to threaten, harass and intimidate plaintiff although he was advised that internal affairs had concluded its investigation into the overfamiliarity charge; and despite the Prison Rape Elimination Act ("PREA") investigation being completed in February 2017, DVI staff did not inform plaintiff until March 4, 2021. (ECF No. 81 at 11 (citing Matthews I at ECF No. 103 at 19, 24).)[6] Plaintiff argues that (1) the criminal prosecution of

---

[6] Pursuant to plaintiff's request (ECF No. 81 at 11 n.9), the Court takes judicial notice of the informational chrono filed pro se by plaintiff in Matthews I (ECF No. 103 at 19). Fed. R. Evid. 201(b); see, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

1  defendant Pinchback demonstrates CDCR defendants knew it was not plaintiff who committed

2  sexual misconduct; (2) the escalating threats and intimidating conduct by CDCR defendants show

3  they intended for plaintiff to believe he would suffer consequences for raping defendant

4  Pinchback, and such actions raise an inference they intended to instill fear in plaintiff by showing

5  him what happens to prisoners who rape staff; (3) plaintiff was afraid that he would be criminally

6  charged with rape and requested an attorney several times, to no avail; and (4) while under threat

7  of investigation as late as 2021, plaintiff lived in reasonable fear of further retaliation by

8  defendants and was prevented from pursuing his legal remedies.  (ECF No. 81 at 12 (citing ECF

9  No. 64 ¶¶ 16, 34, 35, 40-45, 63, 66, 114, & 127).)

10           *3.  CDCR Defendants' Reply*

11           In reply, CDCR defendants contend that the continuing violations doctrine does not apply,

12  and that plaintiff is not entitled to equitable relief.

13                a.  CDCR Defendants Argue Continuing Violations Doctrine Does Not Apply

14           First, CDCR defendants argue that the continuing violations doctrine does not apply

15  because the actions of defendants Tout and Sysmobath were included in the complaint filed in

16  Matthews I on August 13, 2019, and thus plaintiff cannot now claim he was unaware of the

17  actions giving rise to his retaliation claims until March 2021.  (ECF No. 82 at 3.)

18           Second, CDCR defendants contend that the continuing violations doctrine does not apply

19  to plaintiff's claims against defendants Tout and Sysmobath because the sole allegation against

20  them is limited to the one discrete incident that took place on October 15, 2015.  (Id. (citing ECF

21  No. 64 at ¶¶ 32-45, 87-105).)  There are no other factual allegations expressly implicating

22  defendants Tout and Sysmobath in any subsequent acts or omissions allegedly committed against

23  plaintiff.

24           Third, CDCR defendants argue that contrary to plaintiff's claims in his opposition,

25  plaintiff fails to allege any ongoing series of retaliatory events that took place over a period of

26  years in the FAC.  (ECF No. 82 at 4.)  Instead, CDCR defendants point out that plaintiff alleged

27  "[d]efendants' threats and retaliatory actions continued throughout the period that [plaintiff] was

28  in custody at [DVI] and until he was transferred to another prison in July 2016."  (Id. (quoting

1    ECF No. 64 at ¶ 71).)  CDCR defendants contend such allegation confirms that "any alleged

2    retaliatory activity by any defendant ceased as of July 2016 when plaintiff was moved to another

3    prison."  (ECF No. 82 at 4.)

4            Fourth, as to the PREA investigation, CDCR defendants argue that plaintiff does not

5    allege any action or violations by any named defendant from 2017 through 2021.  (Id.)  Because

6    the PREA investigation concluded in 2017, which plaintiff admits, CDCR defendants contend

7    "that there was no continuing activity by *anyone* related to an investigation involving plaintiff, let

8    alone any defendant, such that the continuing violations doctrine would apply."  (Id.)

9            Finally, CDCR defendants argue that because the allegations against defendants Tout and

10   Sysmobath are based solely on the discrete October 15, 2015 incident, of which plaintiff was

11   aware, and which is separate from any other alleged actions, the claim accrued as of October

12   2015 and not March 2021 as plaintiff now contends.  (Id.)

13           For all of the above reasons, CDCR defendants argue that "plaintiff's argument that the

14   continuing violations doctrine operated to extend the statute of limitations should be disregarded."

15   (Id. at 4-5.)

16                     b.   CDCR Defendants Argue Equitable Relief Is Not Appropriate

17           CDCR defendants contend that plaintiff's assertions that his federal claims against CDCR

18   defendants should be equitably tolled for the duration of their retaliatory conduct and that plaintiff

19   is entitled to equitable estoppel based on CDCR defendants' alleged retaliatory actions fail.  (ECF

20   No. 83 at 5.)

21           CDCR defendants counter that the doctrine of equitable tolling is based on plaintiff's

22   actions, not defendants, and therefore any allegations asserting retaliation by defendants are not

23   relevant.  (Id. (citing Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002) (distinguishing

24   between equitable tolling as focusing on plaintiff's action and equitable estoppel as focusing on

25   defendant's actions).)  Therefore, CDCR defendants reiterate that because the Court already

26   found that plaintiff is not entitled to equitable tolling, such ruling is the law of the case and

27   equitable tolling also does not apply to extend the statute of limitations as to plaintiff's claims

28   against CDCR defendants.  (ECF No. 82 at 6.)  Similarly, defendants argue that the Court

                                                        13

1  previously found plaintiff was not entitled to tolling for administrative exhaustion, and such claim

2  should also be barred by law of the case.  (ECF No. 80 at 13.)  CDCR defendants argue plaintiff

3  is not entitled to assert equitable estoppel for his claims against them because plaintiff did not

4  allege any retaliatory activities by defendants Tout, Sysmobath and Price, or "any retaliatory

5  activity that would reasonably have prevented plaintiff from filing his lawsuit."  (Id.)

6  Specifically, CDCR defendants argue that plaintiff alleges no activity after October 15, 2015, by

7  either defendant Tout or defendant Sysmobath, and includes no allegation that defendant Price

8  engaged in any form of retaliation.  (Id.)  Absent such allegations, CDCR defendants contend that

9  plaintiff cannot argue that any of these defendants prevented plaintiff from filing a lawsuit until

10  August 2019.  (Id.)  CDCR defendants acknowledge plaintiff's allegation that there was a

11  "concerted effort by CDCR defendants to follow through on their verbal threats about the

12  consequences for prisoners who rape prison staff," but argue such a vague and general allegation

13  fails to explain what actions any specific defendant took.  (Id. (quoting ECF No. 81 at 7:16-21).)

14      In addition, CDCR defendants contend that plaintiff's claims that during and after his

15  confinement to administrative segregation[7] he was subjected to "ongoing threats, harassment, and

16  intimidating conduct by prison staff, who called him names to antagonize and mock him,"

17  demonstrate efforts to deter plaintiff from filing his lawsuit, fail to identify specific conduct by a

18  particular individual, and fail to show how they were connected to plaintiff's pursuit of litigation.

19  (ECF No. 82 at 7 (quoting ECF No. 64 at ¶ 68).)  Indeed, CDCR defendants point out that the

20  only specific threat identified in the FAC is nonparty Lt. Huff's alleged statement "you know

21  what happens to men in prison who rape women," and alleged plaintiff was subjected to a

22  "relentless, intimidating, accusatory and unconstitutional" interrogation by Lt. Huff.  (ECF No. 82

23  at 7 (quoting ECF No. 64 at ¶¶ 32, 35).)  CDCR defendants contend that plaintiff also admitted he

24  was found engaging in sexual intercourse with defendant Pinchback, and that the ISU officers

25  _____

26  [7]  CDCR defendants also point out that while plaintiff claims he was "charged with a disciplinary violations for overfamiliarity" (ECF No. 81 at 10:28-11:1) and cites the violation as retaliation by CDCR defendants (id. at 11:12-15), such claim is contradicted by plaintiff's pleading specifically stating that plaintiff "was never formally charged with any disciplinary violations for overfamiliarity" (ECF No. 64 at ¶ 66).  (ECF No. 82 at 7.)

27

28

1    informed plaintiff that Pinchback told them "she had been raped by" plaintiff, so it was

2    reasonable for the officers to question plaintiff as a possible rape suspect.  (ECF No. 82 at 7

3    (quoting ECF No. 64 at ¶ 33).)  And because most suspects would find an interrogation to be

4    intimidating and accusatory, defendants argue there is no basis to support a claim of retaliation

5    absent facts not alleged in the FAC.  (ECF No. 82 at 7.)

6         Finally, CDCR defendants argue that plaintiff's reliance on the pending PREA

7    investigation as well as his purported lack of awareness until 2021 that the PREA investigation

8    had concluded is unavailing for several reasons.  (ECF No. 82 at 8.)  First, a PREA investigation

9    involves investigating allegations of rape or sexual assault on an inmate, not on a non-inmate like

10   Pinchback.  (ECF No. 82 at 8 (citing CDCR Operations Manual ("DOM") § 54040.3 (2015).)[8]

11   Thus, CDCR defendants argue that the investigation of criminal charges and subsequent

12   prosecution of an inmate for raping a non-inmate would not be included in a PREA investigation.

13   (ECF No. 82 at 9.)  Second, CDCR defendants contend that investigating an allegation of rape of

14   an inmate cannot be viewed as "affirmative misconduct" or "wrongdoing" to demonstrate an

15   entitlement to equitable estoppel.  (Id. (citing Estate of Amaro v. City of Oakland, 653 F.3d 808,

16   813 (9th Cir. 2011), and Bolt v. United States, 944 F.2d 603, 609 (9th Cir. 1991).)  Instead, such

17   investigation should only be viewed as taken in plaintiff's best interest and would support the

18   filing of a lawsuit on similar grounds.  (ECF No. 82 at 9.)  Third, CDCR defendants argue that

19   there are no allegations that any CDCR defendants were involved or responsible for plaintiff not

20   becoming aware until 2021 that the investigation had concluded in 2017, as necessary to invoke

21   equitable estoppel.  (Id.)  Fourth, CDCR defendants point out that plaintiff admitted in his FAC

22   that defendant Pinchback was arrested and convicted for sexual abuse of plaintiff, so there was no

23   risk plaintiff could also be charged for sexual assault of Pinchback.  (Id. (citing ECF No. 64 at

24   ¶ 45).)  Fifth, CDCR defendants argue that plaintiff's claim that he was deterred from filing suit

25   until 2021 is belied by the fact that he filed Matthews I, his first lawsuit raising these allegations

26

27   _____

     [8]  Pursuant to CDCR defendants' request (ECF No. 82-1), the Court takes judicial notice of
     CDCR Operations Manual ("DOM") § 54040.3 (2015).  Fed. R. Evid. 201(b); Lee, 250 F.3d at

28   690.

                                           15

1   in August 2019.  (ECF No. 82 at 9.)  Sixth, CDCR defendants contend that plaintiff's argument

2   that he was prevented from filing a lawsuit is illogical because if he thought he might be

3   criminally charged for rape, it would make more sense for him to file a lawsuit to proclaim he

4   was the victim rather than remain silent.  (Id.)  CDCR defendants argue that plaintiff fails to

5   explain how it would be a detriment for him to file a lawsuit.  (Id.)

6          Finally, CDCR defendants argue that plaintiff's contention that the threat of criminal

7   prosecution deterred him from filing a lawsuit until 2021 fails because it has been rejected by

8   courts.  (Id. (citing Sekerke v. Hoodenpyle, 2021 WL 148075, at *17 (S.D. Cal. Jan. 15, 2021).)

9   In Sekere, the district court found that the plaintiff's "fear of false charges being brought against

10  him to cover up the beating by defendants," was "subjective, and demonstrably unfounded," and

11  did not warrant equitable tolling.  (ECF No. 82 at 10 (quoting Sekerke, 2021 WL 148075 at *17).)

12          B.  Legal Standards for Statute of Limitations Governing Federal Claims

13          Because 42 U.S.C. § 1983 does not have its own limitations period, the court applies

14  California's "statute of limitations for personal injury actions, along with the forum state's law

15  regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent

16  with federal law."  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  California's statute of

17  limitations for personal injury actions is two years.  Cal. Civ. Proc. Code § 335.1; Maldonado v.

18  Harris, 370 F.3d 945, 954-55 (9th Cir. 2004); Blake v. Davis, 2023 WL 3958881, at *1 n.2 (C.D.

19  Cal. June 12, 2023) ("a state's residual personal injury statute of limitations, not a range of

20  specialized statutes of limitations, should be applied to a § 1983 claim to prevent unnecessary

21  litigation and preserve the efficacy of the § 1983 remedy.") (internal quotes and citation omitted).

22  Such limitation period is statutorily tolled for a period of two years for a person who is

23  "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a

24  term less than for life."  Cal. Civ. Proc. Code § 352.1.

25          C.  Discussion

26              1.  The First Amendment Claim Against CDCR Defendants Is Time-Barred

27          The Court finds that plaintiff identifies no specific act or omission by defendants Price,

28  / / /

16

1    Sysmobath and Tout that took place after October 2015.[9]  Plaintiff alleges omissions on the part

2    of defendant Price that took place prior to October 15, 2015, allegedly in failing to protect

3    plaintiff from the actions of defendant Pinchback.  But there are no specific allegations as to

4    defendant Price beyond October 2015.  Similarly, plaintiff's allegations as to defendants

5    Sysmobath and Tout are entirely based on their acts and omissions on October 15, 2015.  Thus,

6    based on the FAC, the last possible date of accrual for all of plaintiff's allegations against

7    defendants Price, Sysmobath and Tout is October 31, 2015.  Plaintiff does not dispute that the

8    applicable limitations period is four years.  (ECF No. 81 at 6 n.6.)  The statute of limitations

9    period expired on October 31, 2019.  Plaintiff did not file the instant action until July 27, 2022.

10   (ECF No. 1.)  Therefore, unless the Court grants tolling, plaintiff's First Amendment claim is

11   barred by the statute of limitations.

12              *2.  The Continuing Violations Doctrine Does Not Apply*

13          The Court agrees with CDCR defendants that the continuing violations doctrine does not

14   apply to plaintiff's First Amendment claims.

15          The continuing violations doctrine is an exception to the discovery rule of accrual, which

16   may allow a plaintiff to seek relief for incidents occurring outside the limitations period.  See Bird

17   v. Dep't of Human Servs., 935 F.3d 738, 746 (9th Cir. 2019) (citing Knox v. Davis, 260 F.3d

18   1009, 1013 (9th Cir. 2001)).  The continuing violations doctrine does not apply to related acts for

19   Section 1983 claims.  See id. at 747.  In National R.R. Passenger Corp. v. Morgan, the Supreme

20   Court held that "discrete . . . acts are not actionable if time barred, even when they are related to

21   acts alleged in timely filed charges . . ." [because] "[e]ach discrete . . . act starts a new clock for

22   filing charges alleging that act."  536 U.S. 101, 113 (2002); see Bird, 935 F.3d at 747; Carpinteria

23   Valley Farms, Ltd. v. County of Santa Barbara, 344 F.3d 822, 829 (9th Cir. 2003) ("Although

24

25   [9]  In the FAC, plaintiff alleges that all of the claims against all of the defendants began around
     May 2015 "and carried on through or about October 2015."  (ECF No. 64 at ¶ 18.)  Plaintiff also
26   refers to the October 2015 date in connection with specific allegations as to defendants Pinchback
     and Price.  (Id. at ¶¶ 26, 136 (Pinchback), 54 (Price).)  However, the only specific date alleged in
27   the FAC is the October 15, 2015 date defendant Pinchback and plaintiff were discovered and
     defendants Sysmobath and Tout obtained the DNA sample.  In an abundance of caution, and
28   taking the facts alleged as true, the Court uses October 2015.

1   <u>Morgan</u> was a Title VII case . . . we have applied <u>Morgan</u> to bar § 1983 claims predicated on

2   discrete time-barred acts, notwithstanding that those acts are related to timely filed claims.").

3          Here, plaintiff identifies no discrete acts taken by defendants Price, Sysmobath and Tout

4   after October 2015 that would restart the limitations clock.  The Court recognizes that plaintiff

5   alleges "ongoing threats, harassment, and intimidating conduct by prison staff" (ECF No. 64 at

6   ¶¶ 42, 68, & 121), and claims that "[d]efendants' threats and retaliatory actions continued

7   throughout the period that [plaintiff] was in custody at [DVI] and until he was transferred to

8   another prison in July 2016" (ECF No. 64 at ¶ 71).  But such allegations are too vague and

9   conclusory to constitute a series of discrete acts.  Plaintiff's allegations attributed to unidentified

10  "prison staff" provide no connection to defendants Price, Sysmobath or Tout.  And despite

11  alleging "defendants' threats and retaliatory actions," plaintiff includes no facts constituting a

12  threat or retaliatory action taken by each CDCR defendant.

13         Plaintiff also argues that there was a "concerted effort by CDCR defendants to follow

14  through on their verbal threats about the consequences for prisoners who rape prison staff."  (ECF

15  No. 81 at 7:16-21.)  But this allegation was not included in the FAC.  <u>See Lee</u>, 250 F.3d at 688.

16  Further, such a vague and conclusory statement is also insufficient to constitute discrete acts by or

17  to demonstrate a nexus to defendants Price, Sysmobath or Tout.  Indeed, the alleged statement

18  concerning what happens to prisoners who rape prison staff is attributed to nonparty Lt. Huff,

19  with no corresponding allegation connecting defendants Price, Sysmobath or Tout to such

20  statement or to the interrogation by Lt. Huff.

21         Similarly, the FAC contains no allegations connecting defendants Price, Sysmobath or

22  Tout to the PREA investigation, or identifying any action or violations by any named CDCR

23  defendant through 2017 when the PREA investigation concluded.  Absent such allegations, there

24  is no continuing activity for the Court to apply the continuing violations doctrine.

25              *3.  Plaintiff Is Not Entitled to Equitable Tolling*

26         As argued by CDCR defendants, plaintiff misapprehends the application of equitable

27  tolling principles.  Equitable tolling turns on the actions or omissions of plaintiff, not defendants.

28  <u>See Johnson</u>, 314 F.3d at 414 (explaining that equitable tolling excuses the acts or omissions of

18

1   the claimant, and equitable estoppel "focuses primarily on the actions taken by the defendant in

2   preventing a plaintiff from filing suit.")  Plaintiff's arguments that he is entitled to equitable

3   tolling as to his retaliation claims are solely based on the alleged retaliatory actions of defendants.

4   But because equitable tolling principles apply to the actions or omissions of the plaintiff, not

5   defendants, plaintiff's request for equitable tolling fails.  See id.

6              *4.  Plaintiff Is Not Entitled to Tolling Based on Equitable Estoppel*

7              Finally, the Court agrees with CDCR defendants that plaintiff is not entitled to tolling of

8   the statute of limitations applicable to plaintiff's First Amendment retaliation claims based on the

9   doctrine of equitable estoppel.

10             "The doctrine of equitable estoppel, often referred to as fraudulent concealment, is based

11  on the principle that a party 'should not be allowed to benefit from its own wrongdoing.'"  Estate

12  of Amaro, 653 F.3d at 813 (quoting Collins v. Gee West Seattle LLC, 631 F.3d 1001, 1004 (9th

13  Cir. 2011)).  "The doctrine 'focuses primarily on the actions taken by the defendant in preventing

14  a plaintiff from filing suit."  Id. (quoting Santa Maria v. Pac. Bell, 202 F.3d 1170, 1176 (9th Cir.

15  2000)).  Plaintiff carries the burden of pleading and proving the following elements of equitable

16  estoppel:

17              (1) The party to be estopped must know the facts; (2) he must intend
               that his conduct shall be acted on or must so act that the party
18              asserting the estoppel has a right to believe it is so intended; (3) the
               latter must be ignorant of the true facts; and (4) he must rely on the
19              former's conduct to his injury.

20  Watkins v. U.S. Army, 875 F.2d 699, 709 (9th Cir. 1989).  "Additionally, when estoppel is

21  sought against the government, 'there must be affirmative misconduct (not mere negligence) and

22  a serious injustice outweighing the damage to the public interest of estopping the government.'"

23  Estate of Amaro, 653 F.3d at 813 (quoting Bolt, 994 F.2d at 609).  "Equitable estoppel *does* apply

24  where the plaintiff believes she has a cause of action but is 'dissuaded' from bringing the claim

25  because of defendant's affirmative misrepresentations and stonewalling during the limitations

26  period."  Id. at 813.

27             Here, plaintiff's request that the Court apply equitable estoppel fails because there are no

28  allegations in the FAC asserting that any CDCR defendants retaliated against plaintiff or took

                                                    19

retaliatory actions that were intended to prevent or did prevent plaintiff from filing his lawsuit. "[F]ederal courts have repeatedly held that plaintiffs seeking to toll the statute of limitations on various grounds must have included the allegation in their pleadings; this rule applies even where the tolling argument is raised in opposition to summary judgment." Wasco Products, Inc. v. Southwall Technologies, Inc., 435 F.3d 989, 991 (9th Cir. 2006). An opposition to a motion is not a pleading as defined by Federal Rule of Civil Procedure 7(a). There are no factual allegations in the FAC that any defendant affirmatively misrepresented or prevented plaintiff from filing his lawsuit within the statute of limitations period. The sole allegations as to defendants Sysmobath and Tout pertain to the taking of the DNA sample from plaintiff's penis on October 15, 2015. Also, there are no allegations in the FAC that defendant Price retaliated against plaintiff in any way. In addition, there are no allegations that any CDCR defendants were aware of Lt. Huff's alleged statement concerning what happens to men in prison who rape women. Further, there are no allegations that any CDCR defendants were involved in, or even aware of, plaintiff's placement in administrative segregation, or any investigation of defendant Pinchback's sexual contact with plaintiff, including the PREA investigation. Absent allegations attesting to CDCR defendants' knowledge of or involvement in a particular investigation, plaintiff cannot allege that any CDCR defendants prevented plaintiff from filing a lawsuit until July 27, 2022, when plaintiff filed Matthews II.

Also, plaintiff's argument that there was a "concerted effort by CDCR defendants to follow through on their verbal threats about the consequences for prisoners who rape prison staff" (ECF No. 81 at 7:16-21) fails to identify a particular defendant, his or her specific act, and how such alleged act prevented plaintiff from filing a lawsuit until July 2022. The generalized threats alleged in the FAC are similarly too vague and conclusory to show such threats deterred plaintiff from timely filing his lawsuit.

Further, plaintiff's reliance on his claim that he was unaware until 2021 that the PREA investigation had concluded fails to support his claim to equitable estoppel because he filed his pro se Matthews I complaint in August 2019, within the limitations period. In addition, his FAC confirms that the alleged threats and retaliatory actions "continued until he was transferred to

1    another prison in July 2016" (ECF No. 64 at ¶ 71), and does not allege retaliation after his July

2    2016 transfer.  Thus, plaintiff's argument that he was deterred from filing Matthews II "for years"

3    fails and is undermined by plaintiff timely filing Matthews I in August 2019 based on the same

4    underlying misconduct (i.e., Pinchback's sexual assault) and by plaintiff's own FAC allegations.

5        The FAC contains no facts demonstrating plaintiff actually and reasonably relied on a

6    particular defendant's specific conduct or misrepresentations.  Thus, the Court finds plaintiff's

7    subjective concerns, unsupported by specific facts as to conduct by a named defendant, are

8    insufficient to warrant equitable estoppel.  See Sekerke, 2021 WL 148075, at *8.

9            *5.  Conclusion*

10       Plaintiff conceded dismissal of plaintiff's Fourth and Eighth Amendment claims against

11   CDCR defendants.  In addition, Plaintiff is not entitled to any tolling of the statute of limitations

12   period as to his First Amendment claims against CDCR defendants Price, Sysmobath and Tout.

13   Because plaintiff's federal claims are barred by the four year statute of limitations, CDCR

14   defendants' motion to dismiss plaintiff's federal claims (ECF No. 80) should be granted.

15   VI.     STATE LAW CLAIMS

16       Plaintiff raises state law claims alleging sexual assault and battery and intentional

17   infliction of emotional distress against defendants Pinchback, Sysmobath, Tout and Does 1-10.

18   (ECF No. 64 at ¶¶ 135-60.)  Plaintiff raises state law claims based on negligence and the

19   negligent infliction of emotional distress against all defendants:  Pinchback, Price, Sysmobath,

20   Tout and Does 1-10.  (Id. at ¶¶ 161-68.)  All of the named defendants have moved to dismiss the

21   state law claims as barred by the statute of limitations and barred by plaintiff's failure to file a

22   state tort claim.  (ECF Nos. 69 at 4-9, 80 at 17-23.)

23       A.  California's Statute of Limitations

24           *1.  Defendant Pinchback's Second Motion to Dismiss*

25               a.   Defendant Pinchback's Arguments

26       In his second motion to dismiss, defendant Pinchback contends that all of plaintiff's state

27   law claims are barred by the statute of limitations because plaintiff's claims accrued on October

28   15, 2015, and he was required to file suit within four years but did not file the instant action

(Matthews II) until July 27, 2022.  (ECF No. 69 at 4-5.)  Defendant Pinchback points out that in the FAC, plaintiff did not cite or rely on the section of the California Code of Civil Procedure cited by Magistrate Judge Newman as a potential means for defendant Pinchback to extend the limitations period to ten years for a claim of sexual assault.  (ECF No. 69 at 5 n.2 (referring to ECF No. 53 at 8).)

Plaintiff again claims he was "involved in the process of exhausting his administrative remedies" from October 15, 2015, until May 19, 2021, but defendant Pinchback argues such claims are demonstrably false based on plaintiff's prior pleadings in Matthews I, which show that plaintiff had filed no grievance alleging Pinchback's sexual misconduct by October 2019 when the statute of limitations expired.  (ECF No. 69 at 6 (quoting ECF No. 64 ¶ 14, and citing Matthews I, ECF Nos. 1 (Compl.) & 18 (FAC).)  Instead, defendant Pinchback points out that plaintiff argued the exhaustion process was unavailable due to the circumstances of the offense. (Id.)  Further, in plaintiff's November 16, 2020 opposition to the motion to dismiss filed in Matthews I, plaintiff confirmed his failure to file a grievance, arguing that it was "impossible to exhaust an admin[istrative] remedy for a term such as 'overfamiliarity' that does not exist."  (ECF No. 69 at 6 (quoting Matthews I, ECF No. 94 at 4).)  Defendant Pinchback adds that two of these three pleadings were filed by plaintiff after the statute of limitations had expired.  (ECF No. 69 at 6.)

Defendant Pinchback contends that plaintiff is not entitled to equitable tolling because the statute of limitations expired two years before plaintiff voluntarily dismissed Matthews I in 2022. (ECF No. 69 at 7.)  Defendant Pinchback argues that because she was not put on notice that plaintiff would attempt to pursue the grievance process, she was prejudiced by the filing of the new Matthews II lawsuit after the voluntary dismissal of Matthews I, and contends that plaintiff's "secret agenda" does not constitute good faith, thus failing to meet the requirements to apply equitable tolling.  (Id.)  Further, defendant Pinchback points out that although plaintiff was pro se during most of the pendency of Matthews I, by December 2021, he was represented by counsel, as well as when the parties stipulated to voluntarily dismiss Matthews I.  (ECF No. 69 at 7 (citing Matthews I, ECF Nos. 120, 126).)  Thus, defendant Pinchback argues that the instant lawsuit

1    cannot "relate back" to the prior lawsuit, which was dismissed without prejudice or explanation

2    by the same counsel.  (ECF No. 69 at 7 (citing Fed. R. Civ. P. 15(c)(1) (permitting amendment of

3    pleadings to add or change a defendant if it relates back to the time of original filing).)

4                     b.  Plaintiff's Opposition

5         Plaintiff counters that his state law claims against defendant Pinchback are timely because

6    they were filed within ten years of the October 15, 2015 sexual assault.  (ECF No. 71 at 4 (citing

7    Cal. Civ. Proc. Code § 340.16).)  Plaintiff argues that this statute applies to any such action based

8    on conduct that occurred on or after January 1, 2009, and an action was commenced on or after

9    January 1, 2019.  (ECF No. 71 at 4.)  Because the last incident of sexual assault occurred on

10   October 15, 2015, and both Matthews I and the instant action were filed after January 1, 2019,

11   plaintiff contends his state law claims are timely.  (Id. at 4-5.)  Plaintiff also contends that because

12   his state law claims alleging negligence and intentional and negligent infliction of emotional

13   distress are all related claims arising out of the sexual assault, such claims are also revived.  (Id. at

14   5 (citing Cal. Civ. Proc. Code § 340.16).)  Plaintiff argues that the prior dismissal of claims

15   without prejudice in Matthews I did not litigate or conclude such claims to finality and therefore

16   should not exclude plaintiff from the revival of such claims under California Code of Civil

17   Procedure (hereafter "Cal. Civ. Proc. Code") § 340.16.  (ECF No. 71 at 5.)

18       While plaintiff observed that some federal courts concluded, in dicta, that Cal. Civ. Proc.

19   Code § 340.16 does not operate to extend the statute of limitations for claims brought under

20   42 U.S.C. § 1983, plaintiff argues that those federal courts found that the ten year statute of

21   limitations was not consistent with the remedy or purpose of § 1983, and thus contends that such

22   decisions would not bar plaintiff's state law claims.  (ECF No. 71 at 5.)  Indeed, plaintiff notes

23   that in Blake, 2023 WL 3958881, at *2 n.2, the district court specifically reserved decision on

24   whether Cal. Civ. Proc. Code § 340.16 should extend the limitations period for a state law claim

25   of sexual assault.

26                     c.  Defendant Pinchback's Reply

27       Defendant Pinchback responds that Cal. Civ. Proc. Code § 340.16 should not apply to

28   plaintiff's state law claims alleging negligence, or the negligent and intentional infliction of

emotional distress, or any other state law claims related to the alleged sexual assault.  (ECF No. 72 at 7.)  Rather, Cal. Civ. Proc. Code § 340.16 should only apply to plaintiff's state law claim alleging sexual assault and battery, "as envisioned by the statute."  (ECF No. 72 at 7.)  Defendant Pinchback argues that allowing all state law claims if sexual assault was involved would circumvent the purpose of the statute and points out that plaintiff cited no authority for his position.  (Id.)  Section 340.16 defines "sexual assault" as any crime described in California Penal Code Sections 243.4, 261, 264.1, 286, 287, 289, or former sections 262 and 288a, assault with the intent to commit any of these crimes, or an attempt to commit any of these crimes; therefore, defendant Pinchback argues, negligence causes of action would not fall within the statute because negligence "involves the breach of a duty and/or a failure to act."  (ECF No. 72 at 7.)

Moreover, defendant Pinchback contends that plaintiff did not allege that PIA, a state agency and Pinchback's employer, covered up a prior instance or allegation of sexual assault by defendant Pinchback, or that the CDCR covered up such acts, as required under Cal. Civ. Proc. Code § 340.16(e)(2)(C).  (ECF No. 72 at 7-8.)  Finally, defendant Pinchback points out that Cal. Civ. Proc. Code § 340.16 "expressly states that it does not revive claims that have been litigated to finality in a court of competent jurisdiction before January 1, 2023," and argues some federal courts have found a voluntary dismissal without prejudice is a final proceeding.  (ECF No. 72 at 8 (citing Yesh Music v. Lakewood Church, 727 F.3d 356, 357-58 (5th Cir. Aug. 14, 2013) (holding a voluntary dismissal is final for purposes of vacatur under Fed. R. Civ. P. 60(b)).)  Thus, defendant Pinchback contends only plaintiff's state law claims alleging sexual assault and battery would be timely under Cal. Civ. Proc. Code § 340.16.

2. *CDCR Defendants' Motion to Dismiss*

a. CDCR Defendants' Arguments

CDCR defendants also contend that plaintiff's state law claims are barred by the four year statute of limitations because the claims accrued no later than October 15, 2015, and plaintiff did not file the instant action until July 22, 2022.  (ECF No. 80 at 17.)  While Magistrate Judge Newman previously acknowledged that a ten year statute of limitations under Cal. Civ. Proc. Code § 340.16(b)(3) may apply to plaintiff's state law claim for sexual assault as to defendant

Pinchback, CDCR defendants argue that this statute does not apply to plaintiff's state law claims

against CDCR defendants, and plaintiff did not allege in his FAC that it applied to such claims.

(ECF No. 80 at 17 (referring to ECF No. 53 at 8:2-8).)

Specifically, CDCR defendants argue that the ten year statute of limitations does not apply

to plaintiff's claims against defendants Tout and Sysmobath because their actions were not taken

for a sexual purpose.  (ECF No. 80 at 17.)  CDCR defendants argue that all of the crimes

specifically identified in Cal. Civ. Proc. Code § 340.16(b)(1) require some sort of prurient intent

or sexual purpose behind the perpetrator's actions, and plaintiff has "*never* alleged that any of the

actions of . . . CDCR defendants were for the purpose of sexual arousal, sexual gratification, or

sexual abuse." (ECF No. 80 at 17-18.)  Rather, plaintiff contends defendants Sysmobath and

Tout were conducting a search as part of an investigation.  (ECF No. 80 at 18 (citing ECF Nos. 1

at ¶ 37, 64 at ¶ 37).)  CDCR defendants observe that plaintiff added an allegation that defendants

Tout and Sysmobath had less invasive ways to obtain the information but argue that such

allegation does not demonstrate that the true purpose was for sexual gratification or satisfaction of

either defendant.  (ECF No. 80 at 18.)  Indeed, CDCR defendants point out that in a prior ruling

on CDCR's motion to stay discovery, Magistrate Judge Newman stated:

> [D]efendants correctly point out that plaintiff does not allege that any
> . . . CDCR defendants' actions were taken for the "purpose of sexual
> arousal, sexual gratification, or sexual abuse." (ECF No. 60 at 3.)
> Rather, the actions allegedly taken by defendants Tout and
> Sysmobath, which defendants dispute, were for the purpose of
> conducting a search as part of an investigation; while plaintiff alleges
> such search was improper, there is no claim it was done for any
> sexual purpose. (ECF No. 60 at 4.) ("The purported purpose of the
> procedure was to obtain PINCHBACK'S DNA from MATTHEWS'
> body, albeit against his will." (ECF No. 1 at 10 ¶ 37).)  Because the
> operative complaint does not allege the procedure was done for any
> sexual purpose or torture, the court finds plaintiff's arguments
> unpersuasive.

(ECF No. 61 at 4:16-24.)  CDCR defendants contend that such analysis remains true because the

FAC does not allege that the actions of either defendant Tout or defendant Sysmobath "were

taken for a sexual purpose and do not plausibly suggest such an inference." (ECF No. 80 at 19.)

Thus, CDCR defendants argue that the extended ten year limitations period does not apply to

1    defendants Tout and Sysmobath.

2          Similarly, CDCR defendants contend that the ten year statute of limitations based upon

3    sexual assault under Cal. Civ. Proc. Code § 340.16(e)(5) does not apply to defendant Price

4    because there are no allegations in the FAC that meet the essential elements for Cal. Civ. Proc.

5    Code § 340.16(e)(5) to apply.  (ECF No. 80 at 20.)  Specifically, CDCR defendants point out that

6    plaintiff "has not alleged that any entity, or any officer, director, representative, employee or

7    agents engaged in a cover up of a previous instance or allegations of sexual assault" as required

8    under Cal. Civ. Proc. Code § 340.16.  (ECF No. 80 at 20.)  While plaintiff alleged that defendant

9    Price was aware of at least one prior allegation of sexual assault by defendant Pinchback, CDCR

10   defendants point out that plaintiff also alleged that defendant Price "failed to find that case was

11   substantiated, and no criminal investigation was resulted."  (Id. (quoting ECF No. 64 at ¶ 55).)

12   Although plaintiff then alleges that defendant Price failed to protect plaintiff from sexual abuse,

13   CDCR defendants argue that plaintiff included no allegations that defendant Price engaged in any

14   deliberate cover up of the prior allegations.  (ECF No. 80 at 20.)

15         Like defendant Pinchback, CDCR defendants also maintain that because Matthews I was

16   dismissed by voluntary dismissal elicited by plaintiff, such voluntary dismissal should be

17   considered a final resolution precluding application of the ten year statute of limitations under

18   Cal. Civ. Proc. Code § 340.16.

19         For all of the above reasons, CDCR defendants contend that plaintiff's state law claims

20   against CDCR defendants are barred by the four year statute of limitations.

21               b.  Plaintiff's Opposition

22         Plaintiff contends that his state law claims against CDCR defendants are also timely

23   because they were filed within ten years of the October 15, 2015 sexual assault by Pinchback.

24   (ECF No. 81 at 13 (citing Cal. Civ. Proc. Code § 340.16).)  Plaintiff argues that this statute

25   applies to any such action based on conduct that occurred on or after January 1, 2009, and an

26   action was commenced on or after January 1, 2019.  (ECF No. 81 at 13.)  Plaintiff argues that

27   even assuming all of the state law claims accrued on October 15, 2015, both Matthews I and the

28   instant action were filed after January 1, 2019, and plaintiff's state law claims are timely because

1    they were brought before October 15, 2025.  (ECF No. 81 at 13.)  In addition, plaintiff contends

2    that his state law claims alleging negligence and intentional and negligent infliction of emotional

3    distress are all related claims arising out of the sexual assault, and therefore such claims are also

4    revived.  (Id. (citing Cal. Civ. Proc. Code § 340.16(c)(5)).)

5            Further, plaintiff argues that the prior dismissal of claims without prejudice in Matthews I

6    did not litigate or conclude such claims to finality as required under the statute and therefore

7    should not exclude plaintiff from the revival of such claims under Cal. Civ. Proc. Code § 340.16.

8    (ECF No. 71 at 5.)  Plaintiff contends that the Fifth Circuit's decision in Yesh Music does not

9    apply because the court "simply held that a voluntary dismissal without prejudice is a final

10   judgment in that it ends the pending action for purposes of subjecting it to a Rule 60 motion for

11   relief from judgment."  (ECF No. 71 at 5 (citing Yesh Music, 727 F.3d at 357-58).)  Thus,

12   plaintiff argues that the court addressed an issue completely different from whether a voluntary

13   dismissal without prejudice amounts to litigating a case to "finality."  (ECF No. 71 at 5.)  Because

14   Matthews I was not litigated on the merits, plaintiff contends the voluntary dismissal without

15   prejudice does not exclude it from the ten year statute of limitations under Cal. Civ. Proc. Code

16   § 340.16.  (ECF No. 71 at 5.)

17          In addition, plaintiff argues that the Court should reject CDCR defendants' argument that

18   Cal. Civ. Proc. Code § 340.16 extends the limitations period only in sexual assault cases where

19   the offender was sexually gratified or aroused.  (ECF No. 81 at 15.)  Plaintiff argues that such

20   "extremely flawed understanding of sexual assault does not comport with the legislative history

21   of Cal. Civ. Proc. Code § 340.16, which was introduced with several other bills during the 'Me

22   Too' and 'Time's Up'" movements."  (ECF No. 81 at 15) (citing "Comments to AB 1619

23   Hearing on 8/28/18 before Assembly Committee on Judiciary at p.2" (see Bianco v. Warner, Case

24   No. 2:21-cv-03677 (C.D. Cal. Sept. 3, 2021) (ECF No. 22 at 22)).  Plaintiff contends that the

25   forced retrieval of DNA from plaintiff's penis served no investigatory purposes, was non-

26   consensual and sadistic sexual contact intended solely to humiliate, degrade, and intimidate

27   plaintiff.  (ECF No. 81 at 15 (citing ECF No. 64 at ¶¶ 37, 64, 93, 116, 143, & 152).)  Plaintiff

28   argues that because the statute defines sexual assault as including "sexual contact intended to

1  insult, humiliate, or intimidate, [he] has adequately alleged facts in support of his claim for sexual

2  assault and battery against defendants Sysmobath, Tout and Doe defendants." (ECF No. 81 at

3  15.) Plaintiff contends that sexual abuse can include sexual touching, without consent, for the

4  purpose of insulting, humiliating, or intimidating another. (Id. at 14 (citing In re Shannon T., 144

5  Cal. App. 4th 618, 622-23 (2006)).) Further, plaintiff contends that the facts alleged satisfy the

6  definition of a sexual battery claim under California Penal Code § 243.4(a), therefore the state

7  law claims are subject to the ten year statute of limitations. (ECF No. 81 at 15.)

8          Specifically, as to defendant Price, plaintiff contends that the alleged facts show defendant

9  Price knew about, but ignored, prior incidents of sexual abuse by defendant Pinchback with other

10  prisoners. (Id.) Plaintiff argues that the FAC "includes numerous allegations supporting the

11  inference that defendant Price attempted to cover up prior incidents of sexual abuse by defendant

12  Pinchback." (Id. at 16 (citing ECF No. 64 at ¶¶ 59, 61).) In addition, plaintiff contends he

13  alleged that defendant Price failed to supervise defendant Pinchback and failed to intervene and

14  act against defendant Pinchback and as a result, "defendant Price encouraged and condoned the

15  sexual abuse of defendant Pinchback and failed to prevent harm to [plaintiff]." (ECF No. 81 at 16

16  (citing ECF No. 64 at ¶¶ 56-58, 60-61).) Plaintiff maintains that such allegations, taken together,

17  adequately support a sexual assault claim against defendant Price that is subject to the ten year

18  limitation period under Cal. Civ. Proc. Code § 340.16(e)(2). (ECF No. 81 at 16.)

19          Alternatively, in the event the Court declines to apply Cal. Civ. Proc. Code § 340.16(e)(2)

20  to plaintiff's state law claims, plaintiff argues he is entitled to application of the equitable

21  estoppel doctrine and incorporated his equitable estoppel arguments from his opposition to CDCR

22  defendants' motion to dismiss the federal claims. (ECF No. 81 at 16 (incorporating ECF No. 81

23  at 10-13).)

24          c.  CDCR Defendants' Reply

25          CDCR defendants counter that the allegations pled against CDCR defendants do not fit

26  into the type of claims covered by Cal. Civ. Proc. Code § 340.16. (ECF No. 82 at 10.) First, they

27  argue that the allegations against defendants Tout and Sysmobath do not classify as sexual abuse

28  as that term is used in Cal. Civ. Proc. Code § 340.16. (Id.) Defendants object to plaintiff's new

1    position, taken only after the Court noted that the ten year statute of limitations may apply for

2    sexual assault claims against defendant Pinchback, and argue that plaintiff "consistently and

3    repeatedly, over the course of two separate litigations, admitted that the actions of defendants

4    Tout and Sysmobath . . . on October 15, 2015 were taken as part of a rape investigation, not for

5    any other prurient or sexually abusive purpose."  (ECF No. 82 at 10.)  Indeed, CDCR defendants

6    point out that in <u>Matthews I</u>, the court made the following findings concerning plaintiff's Eighth

7    Amendment claims against defendants Tout and Sysmobath:

> Here, plaintiff alleges the challenged conduct was undertaken as part
> of a sexual assault investigation. Under plaintiff's allegations, a
> legitimate penological purpose was served by the search. Plaintiff's
> allegations do not plausibly suggest either defendant engaged in
> malicious or sadistic conduct for the purpose of causing him harm.
> Plaintiff has not alleged facts allowing an inference that defendants
> were aware of any circumstances that would have put them on notice
> plaintiff was at substantial risk of injury or trauma if defendants
> obtained the evidence in the manner alleged. On this basis, plaintiff's
> allegations against defendants Sysmobath and Tout do not state a
> claim under the Eighth Amendment for cruel and unusual
> punishment.

15   <u>Matthews I</u> (ECF No. 100 at 11:25-12:5 (findings and recommendations)).  In plaintiff's

16   objections,  plaintiff "specifically admitted that defendants Sysmobath and Tout administered a

17   procedure on plaintiff's penis "in order to remove evidence for a criminal case against my

18   abuser." (ECF No. 82 at 11 (quoting <u>Matthews I</u> (ECF No. 103 at 3)).)  CDCR defendants add

19   that in an order granting defendants' request to stay discovery in this case, the Court also

20   similarly addressed plaintiff's new claim, finding "there was no claim it was done for any sexual

21   purpose," and "[b]ecause the operative complaint does not allege the procedure was done for any

22   sexual purpose or torture, the court finds plaintiff's arguments unpersuasive.  (<u>Id.</u> (quoting ECF

23   No. 61 at 4:16-24).)  Plaintiff added allegations to the FAC "in an attempt to crowbar the

24   allegations into the ambit of [Cal. Civ. Proc. Code] § 340.16," but CDCR defendants contend that

25   "none of the additional statements . . . are facts that would support any finding that CDCR

26   defendants' actions constituted sexual abuse," but rather inserted conclusory statements that other

27   techniques to obtain DNA could have been used.  (ECF No. 82 at 12 (citing ECF No. 64 at ¶ 37).)

28   CDCR defendants object that such new allegations are simply conclusions, not facts, and they

directly contradict plaintiff's prior allegations as well as the courts' prior rulings. (ECF No. 82 at 12.) Finally, CDCR defendants argue that plaintiff's reliance on In re Shannon T., . . ., 144 Cal. App. 4th at 622, is misplaced because the circumstances surrounding the In re Shannon T. defendant's actions in pinching the victim's breast led the court to conclude his actions were sexual abuse. (ECF No. 82 at 12.)

As to defendant Price, CDCR defendants contend that plaintiff does not explain how the allegation that defendant Price failed to refer allegations to the office of internal affairs for investigation (ECF 64 at ¶ 59) constitutes a cover up, particularly where plaintiff also alleges the allegations were investigated by ISU as part of a criminal investigation (id. at ¶ 46). CDCR defendants argue that plaintiff alleges no facts suggesting that defendant Price tried to hide information or evidence or tried to keep anyone silent as "cover up" is defined in Cal. Civ. Proc. Code § 340.16(e)(4)(A). (ECF No. 82 at 13.) Therefore, CDCR defendants contend that the ten year statute of limitations under Cal. Civ. Proc. Code § 340.16(e)(2) does not apply to plaintiff's state law claims against defendant Price, and the state law claims should be dismissed. (ECF No. 82 at 13.)

CDCR defendants also point out that in Matthews I, the court screened plaintiff's original complaint and found that he failed to state a claim against defendant Price, and defendant Price should be dismissed. (ECF No. 82 at 13 n.8 (citing Matthews I (ECF No. 10 at 7:16-25).) Plaintiff was directed to either amend to provide facts supporting a claim against defendant Price or omit him as a defendant. (Id.) Plaintiff amended the complaint and omitted defendant Price as a defendant. Matthews I (ECF No. 14). CDCR defendants state "[t]his would also support that this claim was litigated to finality even aside from the entire dismissal of [Matthews I]." (ECF No. 82 at 13 n.8.)

### 3. Standards Governing California's Statute of Limitations

California's statute of limitations for personal injury claims is two years. Cal. Civ. Proc. Code § 335.1. California tolls the statute of limitations during imprisonment under certain conditions. California Civil Procedure Code § 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution

30

1   under the sentence of a criminal court for a term of less than for life." Cal. Civ. Proc. Code

2   § 352.1(a). The tolling is not indefinite; the disability of imprisonment delays the accrual of the

3   cause of action for a maximum of two years. See id.; Fink v. Shedler, 192 F.3d 911, 916 (9th Cir.

4   1999), as amended on denial of reh'g and reh'g en banc (Dec. 13, 1999). Thus, because plaintiff

5   was incarcerated at all relevant times, plaintiff had at least four years to bring his state claims.

6          *4. Discussion*

7          As the Court found in evaluating plaintiff's First Amendment claim, plaintiff alleges no

8   specific act or omission by defendants Sysmobath, Tout or Price that occurred after October

9   2015, thus, plaintiff's state law claims also accrued no later than October 2015. As to defendant

10  Price, the FAC alleges omissions on the part of defendant Price that took place prior to October

11  15, 2015, but no specific acts or omissions by defendant Price after October 2015. Plaintiff

12  alleges defendant Price knew or should have known about the previous allegation of sexual

13  misconduct by defendant Pinchback, failed to take corrective actions that would have protected

14  plaintiff from defendant Pinchback's predatorial behavior, supervised the ISU yet failed to

15  supervise allegations of sexual misconduct against staff, knew or should have known about the

16  sexual misconduct by defendant Pinchback against plaintiff, and failed to take corrective

17  measures. (ECF No. 64 at ¶¶ 25, 46, & 51-61.) Specifically in the sixth and seventh state law

18  causes of action for negligence and the negligent infliction of emotional distress, plaintiff alleges

19  that defendant Price breached his duty by failing to investigate defendant Pinchback for sexually

20  assaulting and abusing prisoners (ECF No. 64 at ¶¶ 161-68.) But there are no specific allegations

21  as to defendant Price beyond October 2015. Similarly, the sole allegations as to defendants

22  Sysmobath and Tout are entirely based on their acts and omissions on October 15, 2015. Thus,

23  based on the FAC, the last possible date of accrual for all of plaintiff's state law claims against

24  defendants Price, Sysmobath and Tout is October 31, 2015. The Court finds that the statute of

25  limitations period expired on October 31, 2019. Plaintiff did not file the instant action until July

26  27, 2022. (ECF No. 1.) Therefore, plaintiff's state law claims are barred by the statute of

27  limitations unless the Court grants tolling or finds that Cal. Civ. Proc. Code § 340.16 applies to

28  extend the limitations deadline to ten years.

a. <u>No Equitable Tolling</u>

The Court previously applied California law governing equitable tolling and found that plaintiff was not entitled to equitable tolling for the statute of limitations governing his federal claims against defendant Pinchback, which were ultimately dismissed.  (ECF No. 53 at 12-15.)  As the Court stated:

> three requirements govern application of California's equitable tolling doctrine in this context: "tolling is appropriate where the record shows (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim."

(ECF No. 53 at 12 (quoting <u>Daviton v. Columbia/HCA Healthcare Corp.</u>, 241 F.3d 1131, 1137-386 (9th Cir. 2001) (internal quotation and citation omitted)).)  The Court found that although defendant Pinchback had timely notice of plaintiff's federal claims based on the filing of <u>Matthews I</u>, the Court could not find that the actions of plaintiff's prior counsel in voluntarily dismissing <u>Matthews I</u> and refiling plaintiff's claims in the instant action four months later could be construed as reasonable.  (ECF No. 53 at 14.)  In addition, the Court found that plaintiff was not entitled to relief under <u>Bollinger v. National Fire Ins. Co.</u>, 25 Cal. 2d 399 (1944), because plaintiff did not and could not show that the dismissal of <u>Matthews I</u> was due to forces outside his control.  (ECF No. 53 at 15.)

Turning to plaintiff's state law claims, because the limitations period for the federal claims is four years, the same period as the California limitations period, the Court finds that the same analysis applies to plaintiff's state law claims.  (ECF No. 53 at 12-15.)  Indeed, in plaintiff's oppositions, plaintiff does not argue equitable tolling should apply to plaintiff's state law claims, instead relying on equitable estoppel arguments.  (ECF Nos. 71 at 4-6, 81 at 6-16.)  Because plaintiff provided no new arguments supporting equitable tolling as to his state law claims, and in the FAC plaintiff renewed his claims that threats were made to intimidate and prevent him from filing a grievance (ECF No. 64 at ¶¶ 16, 35), the Court incorporates the prior analysis of equitable tolling (ECF No. 53 at 12-15) and finds that plaintiff is also not entitled to equitable tolling of the statute of limitations period as to his state law claims.

1    In addition, in the FAC plaintiff included no facts addressing the delay in bringing this

2  action.  The party asserting equitable tolling has the burden to show that the doctrine applies.  See

3  In re Marriage of Zimmerman, 183 Cal. App. 4th 900, 912 (2010), as modified (Apr. 23, 2010),

4  review denied (June 23, 2010); see also Williams v. Holevinski, 295 F. App'x 167, 168 (9th Cir.

5  2008) (concluding district court properly found plaintiff not entitled to equitable tolling because

6  he did not plead sufficient facts to account for his lack of diligence in pursuing remedies).  Where

7  the time-bar appears "on the face of the complaint," the plaintiff "has an obligation to anticipate

8  the defense and plead facts to negative the bar."  Union Carbide Corp. v. Superior Court, 36 Cal.

9  3d 15, 25 (1984); see also Reyes v. Healthcare Servs. Grps., Inc., 2015 WL 6551870, at *5 (C.D.

10 Cal. Oct. 26, 2015).

11    For all of the above reasons, the Court recommends that plaintiff is not entitled to

12 equitable tolling of the statute of limitations period as to all his state law claims.

13                  b.  No Tolling for Administrative Exhaustion

14    The FAC alleges that plaintiff was "involved in the process of exhausting his

15 administrative remedies" from October 15, 2015.  (ECF No. 64 ¶ 14.)  The Court concludes,

16 however, that plaintiff is not entitled to any tolling for administrative exhaustion based on law of

17 the case.  "The law of the case doctrine is a judicial invention designed to aid in the efficient

18 operation of court affairs."  United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir.

19 2000) (quoting Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 715 (9th Cir.

20 1990)).  "Under the law of the case doctrine, 'a court is generally precluded from reconsidering

21 an issue previously decided by the same court, or a higher court in the identical case.'"  Ingle v.

22 Circuit City, 408 F.3d 592, 594 (9th Cir. 2005) (quoting Lummi Indian Tribe, 235 F.3d at 452).

23 The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion.  Arizona v.

24 California, 460 U.S. 605, 618 (1983), decision supplemented, 466 U.S. 144 (1984).  "A district

25 court abuses its discretion in applying the law of the case doctrine only if (1) the first decision

26 was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand

27 was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice

28 would otherwise result."  Ingle, 408 F.3d at 594.

Here, the record demonstrates the Court previously found that plaintiff filed no grievance concerning the October 15, 2015 incidents before the statute of limitations expired.  (ECF No. 53 at 10-11, adopted ECF No. 62.)  Because plaintiff filed no grievance, there is no time period to be tolled.  Thus, plaintiff is not entitled to any tolling for administrative exhaustion based on law of the case.

### c.   Ten Year Tolling Under Cal. Civ. Proc. Code § 340.16

Plaintiff contends that his state law claims are not barred by the four year statute of limitations applicable to his state law claims because they fall under the revival provisions of Cal. Civ. Proc. Code § 340.16.  As discussed below, the Court finds that plaintiff is not entitled to the ten year extension of the statute of limitations for any state law claim except plaintiff's state law claims as to defendant Pinchback.

#### i.   *Relevant Provisions of Cal. Civ. Proc. Code § 340.16*

Section 340.16 of the Cal. Civ. Proc. Code, in relevant part, provides:

(a) In any civil action for recovery of damages suffered as a result of sexual assault, where the assault occurred on or after the plaintiff's 18th birthday, the time for commencement of the action shall be the later of the following:

(1) Within 10 years from the date of the last act, attempted act, or assault with the intent to commit an act, of sexual assault against the plaintiff.

(2) Within three years from the date the plaintiff discovers or reasonably should have discovered that an injury or illness resulted from an act, attempted act, or assault with the intent to commit an act, of sexual assault against the plaintiff.

. . .

(b)(3) This section applies to any action described in subdivision (a) that is commenced on or after January 1, 2019.

. . .

(e)(1) Notwithstanding any other law, any claim seeking to recover damages suffered as a result of a sexual assault that occurred on or after the plaintiff's 18th birthday that would otherwise be barred before January 1, 2023, solely because the applicable statute of limitations has or had expired, is hereby revived, and a cause of action may proceed if already pending in court on January 1, 2023, or, if not filed by that date, may be commenced between January 1, 2023, and December 31, 2023.

34

(2) This subdivision revives claims brought by a plaintiff who alleges all of the following:

(A) The plaintiff was sexually assaulted.

(B) One or more entities are legally responsible for damages arising out of the sexual assault.

(C) The entity or entities, including, but not limited to, their officers, directors, representatives, employees, or agents, engaged in a cover up or attempted a cover up of a previous instance or allegations of sexual assault by an alleged perpetrator of such abuse.

(3) Failure to allege a cover up as required by subparagraph (C) of paragraph (2) as to one entity does not affect revival of the plaintiff's claim or claims against any other entity.

(4) For purposes of this subdivision:

(A) "Cover up" means a concerted effort to hide evidence relating to a sexual assault that incentivizes individuals to remain silent or prevents information relating to a sexual assault from becoming public or being disclosed to the plaintiff, including, but not limited to, the use of nondisclosure agreements or confidentiality agreements.

(B) "Entity" means a sole proprietorship, partnership, limited liability company, corporation, association, or other legal entity.

(C) "Legally responsible" means that the entity or entities are liable under any theory of liability established by statute or common law, including, but not limited to, negligence, intentional torts, and vicarious liability.

(5) This subdivision revives any related claims, including, but not limited to, wrongful termination and sexual harassment, arising out of the sexual assault that is the basis for a claim pursuant to this subdivision.

(6) This subdivision does not revive either of the following claims:

(A) A claim that has been litigated to finality in a court of competent jurisdiction before January 1, 2023.

. . .

(8) Nothing in this subdivision precludes a plaintiff from bringing an action for sexual assault pursuant to subdivisions (a) and (b).

Cal. Civ. Proc. Code § 340.16.

ii.  *Defendants Sysmobath and Tout*

35

1        This Court is not persuaded by plaintiff's argument that Cal. Civ. Proc. Code § 340.16

2  applies to the actions or omissions of defendants Sysmobath and Tout.  Indeed, plaintiff provided

3  no legal authority to support his novel theory, raised for the first time over eight years after

4  October 15, 2015, that defendants Sysmobath and Tout are subject to the extended limitations

5  period because plaintiff claims they are liable for sexual assault and battery.  Rather, plaintiff

6  relies on California Penal Code Section 243.4, which defines sexual battery as:

7

                    Any person who touches an intimate part of another person while that
8                    person is unlawfully restrained by the accused or an accomplice, and
                    if the touching is against the will of the person touched and is for the
9                    purpose of sexual arousal, sexual gratification, or sexual abuse, is
                    guilty of sexual battery.

10  Id. § 243.4(a).  However, the plain language of the statute requires that the intended purpose of

11  the touching must be "for the purpose of sexual arousal, sexual gratification, or sexual abuse"

12  because the statute uses the term "and."  Id.  In the context of this case, plaintiff's reliance on

13  California Penal Code § 243.4 fails.

14        Plaintiff also relies on a vague reference to the legislative history for the statute.[10]  (ECF

15  No. 81 at 15.)  The cited legislative history states that California Civil Code § 43 provides that

16  each person is entitled to the "right of protection from bodily restraint or harm."  Bianco v.

17  Warner, Case No. 2:21-cv-03677 (C.D. Cal. Sept. 3, 2021) (ECF No. 22 at 22).  But nothing on

18  the page cited by plaintiff extends the proposed application of the pending bill to nonsexual or

19  investigatory contexts; indeed, the paragraph referencing the "Me Too" and "Time's Up"

20  movements specifically reference "sexual assault" and "sexual harassment."  Id. (emphasis

21  added).  The Court agrees with plaintiff that sexual abuse can include sexual touching, but

22  plaintiff's allegations regarding defendants Sysmobath and Tout do not involve a sexual touching

23  or provide a sexual context like that found in the surrounding circumstances cited in Shannon T.,

24  144 Cal. App. 4th at 622-23.

25

26  [10]  The Court takes judicial notice of the cited legislative history.  Anderson v. Holder, 673 F.3d
    1089, 1094 n.1 (9th Cir. 2012); see also Louie v. McCormick & Schmick Rest. Corp., 460 F.
27  Supp. 2d 1153, 1155 n.4 (C.D. Cal. 2006) ("Under Rule 201 of the Federal Rules of Evidence, the
    court may take judicial notice of . . . the legislative history of state statutes.").

28

1    In the FAC, plaintiff acknowledges that the "purported purpose of the procedure was to

2    obtain [defendant Pinchback's] DNA from [plaintiff's] body," but contends that because there

3    were other less intrusive means to obtain the DNA, and there was an eyewitness, the actions of

4    defendants Sysmobath and Tout served no investigatory purpose, but instead were "intended

5    solely to humiliate, degrade, and intimidate him and cause cruel and extreme pain and suffering

6    for retaliatory and sadistic purposes." (ECF No. 64 ¶ 143.) Such allegations are devoid of any

7    sexual context and no inference can plausibly be raised that such actions constitute sexual assault

8    or were taken for sexual abuse purposes, whether or not alternative means to obtain evidence

9    were available.[11]

10   For the above reasons, the Court finds that plaintiff's state law claims against defendants

11   Sysmobath and Tout are not subject to the revival provision of Cal. Civ. Proc. Code § 340.16.

12   Thus, plaintiff's state law claims as to defendants Sysmobath and Tout are barred by the four year

13   statute of limitations. The Court recommends that plaintiff's state law claims as to defendants

14   Sysmobath and Tout be dismissed.

15   *iii. Defendant Price*

16   Whether or not Cal. Civ. Proc. Code § 340.16(e)(5) applies to plaintiff's state law claims

17   against defendant Price presents a closer question.

18   For a claim to be revived under Cal. Civ. Proc. Code § 340.16(e)(5), plaintiffs must allege

19   "all of the following: (A) the plaintiff was sexually assaulted[;] (B) One or more entities are

20   legally responsible for damages arising out of the sexual assault[;] and (C) The entity or entities,

21   including, but not limited to, their officers, directors, representatives, employees, or agents,

22   engaged in a cover up or attempted a cover up of a previous instance or allegations of sexual

23   assault by an alleged perpetrator of such abuse." Id. § 340.16(e)(2). In pertinent part, "cover up"

24   is defined as "a concerted effort to hide evidence relating to a sexual assault that incentivizes

25   individuals to remain silent or prevents information relating to a sexual assault from becoming

26

---

27   [11] Plaintiff alleges that defendants could have taken a swab from inside plaintiff's mouth, but there are no allegations that during the October 15, 2015 incident plaintiff and defendant

28   Pinchback engaged in sex acts that would have provided a DNA sample from plaintiff's mouth.

37

1    public or being disclosed to the plaintiff."  Id. § 340.16(e)(4)(A).  Few courts have addressed this

2    issue.  See Dutrisac v. STMicroelectronics, Inc., 2024 WL 3646949, at *12 (N.D. Cal. Aug. 2,

3    2024) (only three cases have addressed the cover up requirement of Cal. Civ. Proc. Code

4    § 340.16(e)(2)(C)[.])  In Dutrisac, the district court granted the defendants' motion to dismiss

5    because the facts alleged in the complaint failed to adequately allege a cover up, and the

6    allegations regarding defendant Bouvier's retaliation after the first alleged sexual assault were

7    inadequate to demonstrate defendant Bouvier's alleged actions constituted a "concerted effort."

8    Id. at *13 (citation omitted).

9         Here, plaintiff did not specifically allege a cover up by defendant Price, but rather argues

10   the allegations are sufficient to raise an inference that defendant Price attempted to cover up prior

11   incidents of sexual abuse.  (ECF No. 81 at 15-16.)  Plaintiff relies on the allegations that

12   defendant Price "failed to report those incidents to the Office of Internal Affairs for

13   investigation," "failed to supervise defendant Pinchback," and "failed to intervene and take action

14   against defendant Pinchback," and as a result, "encouraged and condoned the sexual abuse of

15   defendant Pinchback and failed to prevent harm to [plaintiff.]"  (Id. at 16 (citing ECF No. 64 at

16   ¶¶ 56-61).)  This Court disagrees.  The allegations relied upon by plaintiff are insufficient to

17   demonstrate a "cover up," as defined in Cal. Civ. Proc. Code § 340.16(e)(4)(A).  First, an alleged

18   "cover up" is belied by plaintiff's other allegation that defendant Pinchback "was previously

19   investigated by [ISU] for criminal and sexual misconduct involving a different state prisoner."

20   (ECF No. 64 at ¶ 46.)  Second, as argued by CDCR defendants, plaintiff alleged no facts showing

21   defendant Price tried to hide evidence or prevent information from being disclosed as "cover up"

22   is defined in Cal. Civ. Proc. Code § 340.16(e)(4)(A).  The allegations relied upon by plaintiff do

23   not raise an inference that defendant Price was involved in a "concerted effort to hide evidence

24   relating to a sexual assault" as the statute requires.  Third, the Court is persuaded that the

25   "concerted action" required under Cal. Civ. Proc. Code § 340.16(c)(4)(A) contemplates the

26   involvement of two or more individuals.  See Dutrisac, 2024 WL 3646949, at *13 (finding that

27   the plain meaning of the phrase "concerted effort" requires conscious exertion by two or more

28   people).  Plaintiff does not allege the involvement of another individual, ostensibly relying on

38

1    defendant Price's role as Warden.

2           Because there are insufficient allegations to raise an inference that defendant Price

3    engaged in "a concerted effort to hide evidence relating to a sexual assault that incentivizes

4    individuals to remain silent or prevents information relating to a sexual assault from becoming

5    public or being disclosed to the plaintiff," as defined under Cal. Civ. Proc. Code

6    § 340.16(e)(4)(A), the revival provision of Cal. Civ. Proc. Code § 340.16 does not apply, and the

7    Court recommends that plaintiff's state law claims as to defendant Price be dismissed.

8                              *iv.  Defendant Pinchback*

9           As to defendant Pinchback, the Court agrees that plaintiff's state law claim alleging sexual

10   assault and battery alleged as to defendant Pinchback falls within the ten year extension of the

11   statute of limitations under Cal. Civ. Proc. Code 340.16.  Here, the issue is whether the remaining

12   state law claims against defendant Pinchback are precluded under Cal. Civ. Proc. Code § 340.16

13   or also fall within the ambit of § 340.16 because they are related to the alleged sexual assault and

14   battery claim.

15          Section 340.16(5) of the Cal. Civ. Proc. Code states that "[t]his subdivision revives any

16   related claims, including, but not limited to, wrongful termination and sexual harassment, arising

17   out of the sexual assault that is the basis for a claim pursuant to this subdivision." Id.  Because

18   defendant Pinchback is the alleged perpetrator, who was subsequently convicted for sexual abuse

19   of a state prisoner (ECF No. 64 at ¶ 45), this Court finds that the related state law claims as to

20   defendant Pinchback are also revived.  See Acevedo v. eXp Realty, LLC, 2024 WL 650189, at

21   *30 (C.D. Cal. Jan. 29, 2024) (finding that because the claims alleging intentional infliction of

22   emotional distress and negligence resulted from each culpable defendant's alleged sexual assault,

23   "each claim seeks to recover damages that plaintiffs would not have suffered but for their sexual

24   assault.")  Because plaintiff alleges it was defendant Pinchback who committed the sexual assault

25   and battery, plaintiff is not required to allege a cover up as to defendant Pinchback.  See id.

26   Taking plaintiff's allegations as true, the Court finds that plaintiff included sufficient allegations

27   to demonstrate that the negligence and negligent and intentional infliction of emotional distress

28   claims resulted from plaintiff's claim that defendant Pinchback sexually assaulted and battered

1     plaintiff.  This brings the negligence and negligent and intentional infliction of emotional distress

2     claims within the revival provision of Cal. Civ. Proc. Code § 340.16(e)(5) because plaintiff would

3     not have suffered such violations absent the alleged sexual misconduct.

4            Defendant Pinchback argues that the voluntary dismissal of <u>Matthews I</u> triggers Cal. Civ.

5     Proc. Code § 340.16(e)(6)(A), which precludes the revival of claims litigated to finality in a court

6     of competent jurisdiction prior to January 1, 2023.  (ECF No. 72 at 8.)  But Cal. Civ. Proc. Code

7     § 340.16(e)(4) does not define the terms "litigated to finality."  Cal. Civ. Proc. Code

8     § 340.16(e)(4).  Defendant Pinchback cites <u>Yesh Music</u>, 727 F.3d at 357-58, as holding that "a

9     voluntary dismissal [without prejudice] is final for purposes of vacatur under Rule 60(b)," but

10    "[left] to this Court whether this exception applies and bars revival of the claims."  (ECF No. 72

11    at 8.)  However, the Court is not convinced that <u>Yesh Music</u>, a case decided on appeal from the

12    Southern District of Texas, would serve to define "litigated to finality" under California law.  No

13    party provided a California authority defining "litigated to finality."  Further, plaintiff included no

14    state law claims in <u>Matthews I</u>.  <u>See</u> <u>Matthews I</u> (ECF No. 18) (Second Amended Compl.); <u>see</u>

15    <u>also</u> <u>id.</u> (ECF No. 19) (screening order identifying only constitutional claims).  No party

16    addressed whether <u>Matthews I</u> was litigated to finality for purposes of <u>Matthews II</u> when

17    <u>Matthews I</u> did not have any state law claims.  Because the issue of whether <u>Matthews I</u> was

18    "litigated to finality," as defined under California law, was not adequately briefed, the Court

19    declines to address whether the voluntary dismissal of <u>Matthews I</u> would bar plaintiff's state law

20    claims as to defendant Pinchback.

21           In conclusion, the Court finds that plaintiff's sexual assault and battery state law claim

22    against defendant Pinchback falls within the ten year extension of the statute of limitations under

23    Cal. Civ. Proc. Code 340.16, and further finds that plaintiff's remaining state law claims against

24    defendant Pinchback are revived under Cal. Civ. Proc. Code § 340.16(e)(5) because they are

25    related to the alleged sexual assault and battery claim.

26           B.  <u>California Government Claims Act</u>

27           It is undisputed that plaintiff did not file a government tort claim; rather, plaintiff seeks to

28    be excused from such requirements.  As discussed below, the Court finds that because plaintiff

40

1    did not file a government tort claim or submit a request to file a late government tort claim and is

2    not entitled to be excused from filing a government tort claim under the doctrine of equitable

3    estoppel, plaintiff's state law claims should be dismissed.

4        Under the California Government Claims Act,[12] set forth in California Government Code

5    sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public

6    employee or entity unless the plaintiff first presented the claim to the California Victim

7    Compensation and Government Claims Board ("Board"), and the Board acted on the claim, or the

8    time for doing so expired.  Compliance with this "claim presentation requirement" constitutes an

9    element of a cause of action for damages against a public entity or official.  State v. Superior

10   Court (Bodde), 32 Cal. 4th 1234, 1244 (2004).  Thus, timely presentation of a claim under the

11   Government Claims Act is an element of the cause of action and must be pled in the complaint.

12   Id. at 1237, 1240; see also Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir.

13   1995).  The plaintiff must present facts demonstrating compliance, rather than simply conclusions

14   suggesting as much.  Shirk v. Vista Unified School Dist., 42 Cal. 4th 201, 209 (2007), as

15   modified (Oct. 10, 2007).  Such requirements also apply to state law claims included in a federal

16   action under § 1983.  See Volis v. Housing Auth. of the City of L.A. Emps., 670 F. App'x 543,

17   544 (9th Cir. 2016).

18       To be timely, a claim must be presented to the Board "not later than six months after the

19   accrual of the cause of action."  Cal. Govt. Code § 911.2.  Thereafter, "any suit brought against a

20   public entity" must be commenced no more than six months after the public entity rejects the

21   claim.  Cal. Govt. Code, § 945.6, subd. (a)(1).  Federal courts must require compliance with the

22   California Government Claims Act for pendent state law claims that seek damages against state

23   employees or entities.  Willis v. Reddin, 418 F.2d 702, 704 (9th Cir. 1969); Mangold, 67 F.3d at

24   1477.  State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may

25   

26   [12]  See Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal., 730 F.3d 1111,
     1124 (9th Cir. 2013) ("Consistent with the California Supreme Court, we 'adopt the practice of
27   referring to the claims statutes as the Government Claims Act, to avoid the confusion engendered
     by the informal short title Tort Claims Act.'") (quoting City of Stockton v. Superior Court, 42
28   Cal. 4th 730 (2007)).

1    proceed only if the claims were presented in compliance with the applicable exhaustion

2    requirements.  Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 627 (9th Cir.

3    1988); Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

4          All of the named defendants argue that plaintiff's state law claims are barred because it is

5    undisputed that plaintiff did not file a timely state tort claim and did not file a request to submit a

6    late state tort claim.  (ECF Nos. 69 at 7-8, 80 at 21-22.)  In the FAC, plaintiff concedes such

7    failure.  (ECF No. 64 at ¶¶ 62-72.)  Thus, absent some exemption, as discussed below, plaintiff's

8    state law claims are barred based on his undisputed failure to comply with the California

9    Government Claims Act.

10              *1.  California Government Code § 945.9(a) - CDCR Defendants Only*

11         Under California Government Code § 945.9(a), "[a] claim arising out of an alleged sexual

12   assault by a law enforcement officer" is exempt from the requirement to file a government tort

13   claim "if the alleged assault occurred while the officer was employed by a law enforcement

14   agency."  Cal. Gov't Code § 945.9(a).  Plaintiff argues that he was not required to file a

15   government tort claim for his state law claims against CDCR defendants[13] because they are law

16   enforcement officers, and therefore, exempt under Section 945.9(a) from the government tort

17   claim presentation requirement for claims arising out of an alleged sexual assault.  (ECF No. 81 at

18   16-17.)  This is based on plaintiff's argument that the actions of defendants Sysmobath and Tout

19   constitute sexual battery under California Penal Code § 243.4, and that plaintiff's related state law

20   claims arise out of this alleged sexual battery.  (See id.)

21         CDCR defendants deny California Government Code § 945.9(a) applies because, as

22   argued above, plaintiff's allegations against defendants Sysmobath and Tout do not classify as

23   sexual assault as intended by § 945.9(a).  In addition, because plaintiff alleged no claims for

24   sexual assault as to defendant Price, CDCR defendants argue that the exemption under § 945.9(a)

25   does not apply to plaintiff's state law claims against defendant Price.  (ECF No. 82 at 13-14.)

26   _____

27   [13]  Because defendant Pinchback was a custodial and not corrections staff, plaintiff does not
     contend that defendant Pinchback is exempt under California Government Code § 945.9(a).
28   (ECF No. 81 at 17.)

                                             42

As the Court found in section 4(c)(ii) above, the alleged actions or omissions of defendants Sysmobath and Tout did not take place in a sexual context, and therefore plaintiff's state law claims against Sysmobath and Tout are not exempt under § 945.9(a) from the claim presentation requirement of the California Government Claims Act.  Plaintiff argued as to "CDCR defendants" generally (ECF No. 81 at 16-17), but plaintiff failed to identify any allegations in the FAC that demonstrate or even suggest that defendant Price engaged in a sexual assault or sexual abuse of plaintiff.  This Court found none.  Therefore, the Court finds that plaintiff's state law claims as to CDCR defendants Sysmobath, Tout and Price should be dismissed based on plaintiff's failure to file a government tort claim as to such state law claims.

### 2.  Equitable Estoppel - All Named Defendants

Plaintiff argues that all defendants should be estopped from asserting plaintiff's non-compliance with the California Government Claims Act because defendants took retaliatory actions to deter plaintiff from pursuing his legal remedies and prevented him from timely filing a notice of claim or notice of late claim.  (ECF Nos. 71 at 6, 81 at 17.)  Following review of the parties' arguments, the Court finds plaintiff is not entitled to assert equitable estoppel because plaintiff failed to allege a specific threat or act of retaliation by a named defendant, and plaintiff failed to demonstrate he could not file a request to submit a late government tort claim after plaintiff was transferred away from DVI in July 2016.

#### a.  Plaintiff's Arguments

As to CDCR defendants, plaintiff relies on the same arguments he raised in asserting equitable estoppel for his First Amendment claim against CDCR defendants.  (ECF No. 81 at 18 (referring to ECF No. 81 at 10-12).)

As to defendant Pinchback, plaintiff argues that defendant Pinchback should be estopped because (a) defendant Pinchback repeatedly threatened to report plaintiff for rape if he reported her for sexual misconduct (ECF No. 64 at ¶¶ 16, 39, 112, & 149); (b) ISU officers told plaintiff that defendant Pinchback claimed she was raped by him, and Lt. Huff threatened plaintiff by stating "You know what happens to men in prison who rape women" (id. at ¶ 33); (c) the threat of reporting plaintiff for rape was perpetuated by performing an unnecessary DNA test on plaintiff's

1    penis, charging him with a disciplinary violations for overfamiliarity, and confining him to

2    administrative segregation for over three months (id. at ¶¶ 36-41); and (d) upon his release from

3    administrative segregation, plaintiff was subjected to ongoing threats, harassment and

4    intimidation by prison staff and other prisoners (id. at ¶¶ 42-44).  Plaintiff contends that as a

5    result, plaintiff reasonably believed he could be charged with raping defendant Pinchback and

6    thus was reasonably prevented from pursuing his civil legal remedies.  (ECF No. 71 at 7.)

7         Plaintiff argues that his position as to all defendants is supported by Ramirez v. County of

8    Los Angeles, 397 F. Supp. 2d 1208, 1229 (C.D. Cal. Oct. 25, 2005), where the district court

9    found that similar threatening conduct by law enforcement equitably estopped defendants from

10   asserting a limitations defense under the California Government Claims Act.  (ECF Nos. 71 at 7,

11   81 at 18-19.)  Plaintiff also contends that he was prevented from filing a late government tort

12   claim while the PREA investigation was pending, which did not conclude until 2017, and until he

13   received late notice of its conclusion in 2021, exceeding the one year limitation for late

14   government tort claims under California Government Code § 911.4, subd. (b).  (ECF Nos. 71 at 8,

15   81 at 19.)  Plaintiff argues that his fear of being prosecuted for raping defendant Pinchback

16   reasonably deterred plaintiff from pursuing his legal remedies until March 2021 after he was

17   informed that the PREA investigation had ended.  (ECF No. 71 at 8.)  Finally, plaintiff argues that

18   based on the same reasons the prior court found the "allegations of threats and intimidation

19   supported the unavailability of administrative remedies, this Court should find that those same

20   threats and acts of intimidation deterred the timely filing of a notice of claim."  (ECF Nos. 71 at

21   9, 81 at 19 (citing Matthews I (ECF No. 100 at 6:24-7:23).)

22                            b.   Defendant Pinchback's Reply

23        In reply, defendant Pinchback argues that she left prison grounds on October 15, 2015,

24   and never returned.  (ECF No. 72 at 2.)  The FAC contains no allegations that she threatened

25   plaintiff, i.e., by calls or letters, after October 15, 2015, and because plaintiff remained

26   incarcerated, defendant Pinchback argues she could not have retaliated against plaintiff.  (Id.)

27   Also, defendant Pinchback points out that plaintiff claims he was disciplined for overfamiliarity,

28   but then inconsistently alleges he was "never formally charged with overfamiliarity."  (Id. at 3

1    n.1.)

2           Moreover, because defendant Pinchback was employed by PIA, a state agency other than

3    CDCR, defendant Pinchback argues that it was unlikely that CDCR prison staff would be

4    motivated to prevent plaintiff from mailing a sealed envelope to PIA to present plaintiff's

5    government tort claim to PIA.  (Id. at 3.)  Defendant Pinchback points out that prisoners have

6    access to paper, envelopes, and free stamps (if indigent); can and do mail things from

7    administrative segregation units; and prison staff are not permitted to read prisoner mail.  (Id.

8    (citing Cal. Code of Regs., tit. 15, §§ 3133).)  Defendant Pinchback argues that plaintiff includes

9    no allegations that defendant Pinchback or any other PIA employee retaliated against plaintiff or

10   tried to deter plaintiff from filing a government tort claim.  (ECF No. 72 at 3.)  Defendant

11   Pinchback contends that plaintiff cites no legal authority to support his claim that if other CDCR

12   staff threatened or retaliated or investigated plaintiff in connection with the October 15, 2015

13   incident, that PIA or its staff should be estopped from asserting the lack of a government tort

14   claim.  (Id.)

15          As to the legal authorities relied upon by plaintiff, defendant Pinchback contends that the

16   authorities suggest that "only conduct by the same party would act to estop their claim of an

17   untimely tort claim."  (Id. (citing Ramirez, 397 F. Supp. 2d at 1229).)  Further, defendant

18   Pinchback points out that in Ramirez, the court "stated that whether plaintiff acted within a

19   reasonable time after the coercive effect of the threats had ended should be considered."  (ECF

20   No. 72 at 4.)  Defendant Pinchback argues that in John R. v. Oakland Unified School District, 48

21   Cal. 3d 438, 445 (1989), the court only tolled the period that the teacher's threats prevented the

22   plaintiffs from pursuing their claims.  (ECF No. 72 at 4.)  Thus, defendant Pinchback argues, the

23   authorities cited by plaintiff do not support a claim that plaintiff is entirely exempt from the

24   Government Claims Act requirements.  (Id.)  Indeed, defendant Pinchback contends that plaintiff

25   could have filed a late government tort claim after he was transferred away from DVI in July

26   2016, which was within the one year limitation for late government tort claims.  (Id. at 5.)

27   Defendant Pinchback points out that plaintiff cited no legal authority for plaintiff's argument that

28   he was prevented from filing a late notice of claim because the PREA claim was still under

1    investigation, and there is no requirement that a prisoner must await the conclusion of a PREA

2    investigation before filing a government tort claim or a grievance.  (Id. at 5.)

3                              c.   CDCR Defendants' Reply

4         CDCR defendants argue that equitable estoppel does not apply to relieve plaintiff from the

5    government tort claim requirement for plaintiff's state law claims just as it does not apply to

6    plaintiff's First Amendment claim.  (ECF No. 82 at 14.)  CDCR defendants contend that "[n]o

7    actions by CDCR defendants prevented plaintiff from filing a tort claim or a request to file a late

8    tort claim;" indeed, they point out that plaintiff "never alleges that any CDCR defendant made

9    any threats to plaintiff of any kind."  (Id.)  CDCR defendants argue that Lt. Huff's statement is

10   vague, was made after defendant Pinchback claimed plaintiff had raped her, and "does not

11   suggest any threat to file fake criminal charges against plaintiff."  (Id.)  Further, even if the

12   statement could be viewed as a threat, CDCR defendants contend that plaintiff admits that once

13   he was moved away from DVI in July 2016, he was no longer under the threat of retaliation, yet

14   plaintiff still failed to file a government tort claim.  (Id.)  Unlike Ramirez, where the prisoner

15   alleged "actual and specific threats" and which the court found the prisoner had been affected by

16   until he was released from custody, defendants argue that no such specific threats are alleged

17   here, and thus Ramirez does not support plaintiff's assertion of equitable estoppel.  (ECF No. 82

18   at 14 (citing Ramirez, 397 F. Supp. 2d at 1229).)

19        Further, CDCR defendants object to plaintiff's characterization of the prior court's

20   findings in Matthews I.  (ECF No. 82 at 15.)  Plaintiff asserted that "[f]or the same reasons that

21   [the prior court] previously found that plaintiff's allegations of threats and intimidation supported

22   the unavailability of administrative remedies, this court should conclude that those same threats

23   and acts of intimidation deterred the timely filing of a notice of claim."  (ECF No. 81 at 19:14-

24   17.)  However, in the June 9, 2021 findings and recommendations in Matthew I, CDCR

25   defendants contend that the prior court "simply stated that it was something that needed to be

26   pleaded and proved by defendants because the defense did not necessarily appear from the face of

27   the complaint at the time."  (ECF No. 82 at 15 (citing Matthews I (ECF No. 100 at 7:8-23)).)

28   Nevertheless, CDCR defendants argue that the analysis in this case—whether or not plaintiff was

                                          46

1    required to file a late tort claim before the late filing deadline expired in October 2016,

2    considering plaintiff had been transferred out of DVI in July 2016 and admitted that the

3    retaliation no longer continued after his transfer—is "far different" from the question of whether

4    administrative remedies were effectively available to plaintiff.  (ECF No. 82 at 15.)

5                       d.   Standards Governing Equitable Estoppel - State Law Claims (All

6                            Defendants)

7         As noted above, equitable estoppel "focuses primarily on the actions taken by the

8    defendant in preventing a plaintiff from filing suit."  Johnson, 314 F.3d at 414.  "In order for

9    equitable estoppel to apply, a plaintiff must show that he was unable to file a timely claim as a

10   result of his actual and reasonable reliance on the defendant's conduct or representations during

11   the applicable limitations period."  Sekerke, 2021 WL 148075, at *8 (citations omitted).

12   Specifically,

13              (1) the party to be estopped must be apprised of the facts; (2) that
                party must intend that his or her conduct be acted on, or must so act
14              that the party asserting the estoppel had a right to believe it was so
                intended; (3) the party asserting the estoppel must be ignorant of the
15              true state of facts; and (4) the party asserting the estoppel must
                reasonably rely on the conduct to his or her injury.
16

17   Honig v. San Francisco Planning Dep't, 127 Cal. App. 4th 520, 529 (2005).  "California equitable

18   estoppel is thus similar to and not inconsistent with federal common law, as both focus on actions

19   taken by the defendant which prevent the plaintiff from filing on time."  Lukovsky v. City &

20   Cnty. of San Francisco, 535 F.3d 1044, 1052 (9th Cir. 2008).

21                       e.   Discussion

22        The Court is persuaded that plaintiff is not entitled to relief based on equitable estoppel.

23   As to defendant Pinchback, the FAC does allege that defendant Pinchback repeatedly threatened

24   to report plaintiff for rape if he reported her for sexual misconduct (ECF No. 64 at ¶¶ 16, 39, 112,

25   & 149).  However, once defendant Pinchback's misconduct was discovered, plaintiff also alleges

26   that defendant Pinchback fled prison grounds on October 15, 2015.  (Id. at ¶ 31.)  Plaintiff

27   remained incarcerated, and there are no allegations that defendant Pinchback contacted plaintiff in

28   any way after October 15, 2015.  Even assuming some portion of time following October 15,

                                        47

1    2015 was tolled based on defendant Pinchback's threats, plaintiff failed to act within a reasonable

2    time after his transfer away from DVI in July 2016.  See John R., 48 Cal. 3rd at 446 (remanding

3    to trial court to determine, inter alia, whether plaintiffs acted within a reasonable time after the

4    coercive effect of the threats had ended).  Plaintiff did not submit a request to file a late

5    government tort claim after he was transferred away from DVI in July 2016, and the alleged

6    retaliation stopped.

7            Further, as to CDCR defendants, the FAC is devoid of any factual allegations that

8    defendants Sysmobath, Tout or Price threatened or intimidated plaintiff.  Even taking as true that

9    unidentified prison staff threatened and intimidated plaintiff while he remained at DVI, plaintiff

10   alleges no specific threat or retaliatory act that was taken by any named CDCR defendant.

11   Indeed, plaintiff's allegations of threats and intimidation by unidentified prison staff are too

12   vague and conclusory to determine how, or if, they played a role in plaintiff's failure to file a

13   timely government tort claim.  But even assuming they did, plaintiff also fails to demonstrate he

14   was subjected to such threats and intimidation by any of the named defendants (or anyone else for

15   that matter) after he was transferred away from DVI in July 2016 (ECF No. 64 at ¶ 71).  As with

16   defendant Pinchback, plaintiff's allegations fail to demonstrate he acted within a reasonable time

17   to submit a request for a late government tort claim as to CDCR defendants after plaintiff was no

18   longer incarcerated at DVI.

19           The Court is also not persuaded that plaintiff was deterred from filing a government tort

20   claim due to the pendency of the PREA investigation.  As argued by CDCR defendants, a PREA

21   investigation is focused on allegations of rape or sexual assault on an inmate, not a non-inmate

22   such as Pinchback.  Thus, the PREA investigation could not pose a threat of criminal prosecution

23   of plaintiff for allegedly engaging in sexual misconduct with defendant Pinchback.  In addition,

24   plaintiff's argument completely fails because plaintiff filed his Matthews I complaint pro se in

25   August 2019 based on the same underlying sexual misconduct by Pinchback, years before

26   plaintiff claims to have learned in 2021 that the PREA investigation concluded.  Had plaintiff

27   truly been deterred from filing a government tort claim while he thought the PREA investigation

28   was pending, he would not have publicly filed Matthews I, a federal court lawsuit.

1    It is undisputed that plaintiff failed to file any government tort claim, let alone a timely

2    claim, and that plaintiff did not submit a request to file a late government tort claim.  The Court

3    finds plaintiff is not excused from the Government Claims Act requirement.  Therefore, the Court

4    recommends granting defendant Pinchback's motion to dismiss (ECF No. 69), as well as CDCR

5    defendants' motion to dismiss (ECF No. 80) all the state law claims on the grounds that plaintiff

6    failed to comply with the California Government Claims Act.

7    VII.    LEAVE TO AMEND

8    Plaintiff has had multiple opportunities to amend his complaint, beginning in 2019 in

9    Matthews I, his first lawsuit.  See Matthews I (ECF Nos. 14, 18); Matthews II, (ECF Nos. 1, 64).

10   This Court considered whether plaintiff should be provided another opportunity to amend the

11   complaint.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice,

12   and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472

13   (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d

14   1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court

15   does not have to allow futile amendments).  Based on the deficiencies identified above and the

16   fact that plaintiff has filed four complaints since he first filed his original pro se complaint in

17   2019 in Matthews I, the Court finds that it would be futile to grant plaintiff leave to amend yet

18   again.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (noting discretion to deny

19   leave to amend is particularly broad where court afforded plaintiff one or more opportunities to

20   amend his complaint); see also Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) (A

21   district court can deny leave "where the amendment would be futile . . . or where the amended

22   complaint would be subject to dismissal").

23   In addition, regardless of plaintiff's assertions of error by his prior counsel, the claims in

24   the FAC are deficient for reasons unrelated to prior counsel.  As described above, all the state law

25   claims are barred based on plaintiff's undisputed failure to file a government tort claim.  As such,

26   amendment would be futile.  See Klamath-Lake Pharm., 701 F.2d at 1293.  Because only state

27   law claims are raised against defendant Pinchback, this means that there are no claims remaining

28   against Pinchback.

49

Further, as discussed above, all of plaintiff's claims accrued by October 2015, and the FAC alleges no later date that any named defendant may have acted.  Such accrual date resulted in the finding that plaintiff's First Amendment retaliation claims as to the CDCR defendants are barred by the statute of limitations, and the Court found no tolling was appropriate.  Moreover, plaintiff conceded that his Fourth and Eighth Amendment claims accrued on October 15, 2015, and were "untimely brought."  (ECF No. 81 at 6 & n.6.)  Because no amendment could overcome the statute of limitations bar, the Court recommends that plaintiff's First, Fourth and Eighth Amendment claims be dismissed without leave to amend.  <u>See, e.g.</u>, <u>Belanus v. Clark</u>, 796 F.3d 1021, 1027 (9th Cir. 2015) (dismissal without leave to amend is proper where "it is clear that no amendment could overcome the statute of limitations bar"), <u>cert. denied</u>, 580 U.S. 849 (2016)).

Therefore, the Court recommends that defendants' motions to dismiss be granted without leave to amend.

VIII.   DOE DEFENDANTS

As noted above, plaintiff named Does 1 -10 as defendants in the FAC.  Plaintiff alleges the involvement of the Doe defendants in connection with defendant Sysmobath's act of obtaining DNA evidence from plaintiff's penis.  (ECF No. 64 at ¶¶ 36, 38.)  Just as defendants Sysmobath and Tout are not subject to the ten year limitations period provided in Cal. Civ. Proc. Code § 340.16, neither are the Doe defendants because California Penal Code § 243.4 requires that the unwanted touching be for the purpose of sexual arousal, sexual gratification, or sexual abuse.  Cal. Penal Code § 243.4.  Because the Court found that defendant Sysmobath's actions were not taken for a sexual purpose or in a sexual context, the ten year extension of the limitation period does not apply to the Doe defendants.  <u>See</u> Cal. Civ. Proc. Code § 340.16; Cal. Penal Code § 243.4.

Further, because all of plaintiff's claims accrued by October 2015, and the FAC alleges no later date that any Doe defendant may have acted, all of plaintiff's claims against the Doe defendants are also barred by the four year statute of limitations as well as the failure to comply with the California Government Claims Act.

Therefore, the Court sua sponte recommends dismissing these unidentified defendants

50

1    without leave to amend because amendment would be futile.  See Craig v. United States, 413

2    F.2d 854, 856 (9th Cir. 1969) (district court may dismiss Doe defendants sua sponte).

3    IX.    CONCLUSION

4         Accordingly, IT IS HEREBY RECOMMENDED that:

5         1.  CDCR defendants' motion to dismiss (ECF No. 80) be granted as follows:

6             (A) Plaintiff's Fourth and Eighth Amendment claims against CDCR defendants be

7             dismissed based on plaintiff's concession that such claims are time-barred;

8             (B) Plaintiff's First Amendment claims against CDCR defendants be dismissed as

9             time-barred; and (C) Plaintiff's state law claims against CDCR defendants be

10            dismissed as barred by the statute of limitations, and based on plaintiff's failure to file

11            a government tort claim as required by California Government Code § 911.2 and

12            failure to submit a request to file a late government tort claim as required under

13            California Government Code § 911.4.

14        2.  Defendant Pinchback's motion to dismiss (ECF No. 69) be granted as follows:

15            Plaintiff's state law claims against defendant Pinchback be dismissed as barred due to

16            plaintiff's failure to file a government tort claim as required by California Government

17            Code § 911.2 and failure to submit a request to file a late government tort claim as

18            required under California Government Code § 911.4.

19        3.  Doe defendants be dismissed because the claims against them are also barred by the

20            four year statute of limitations as well as the failure to comply with the California

21            Government Claims Act.

22        4.  This action be dismissed without leave to amend because amendment would be futile.

23        These findings and recommendations are submitted to the United States District Judge

24   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

25   after being served with these findings and recommendations, any party may file written

26   objections with the court and serve a copy on all parties.  Such a document should be captioned

27   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

28   objections shall be filed and served within fourteen days after service of the objections.  The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  08/26/24

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/matt1329.mtd.69.80_Rev_2024-08-26

52