UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK MATTHEWS,<br>    Plaintiff,<br>  v.<br>PINCHBACK, et al.,<br>    Defendants. | No. 2:22-cv-1329-DJC-CSK-P<br><br>ORDER |

Plaintiff, a state prisoner proceeding through counsel, filed this civil rights action on July 27, 2022. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 26, 2024, the Magistrate Judge filed findings and recommendations herein which were served on all Parties and which contained notice to all Parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 83.) Plaintiff filed timely objections. (ECF No. 84.)

In accordance with 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court has conducted a *de novo* review of this case. Having carefully reviewed the filings, the Court finds the majority of the findings and recommendations are supported by the record and by proper analysis. Accordingly, the Court will adopt the findings and recommendations in part.

However, the Court declines to adopt the Magistrate Judge's recommendation that Plaintiff's state law claims for sexual assault and battery and intentional infliction of emotional distress against Defendants Sysmobath, Tout, and Does 1-10 be dismissed. In relevant part, Plaintiff alleges that, from May 2015 through October 2015, he was sexually harassed and assaulted by Defendant Pinchback. (ECF No. 64 ¶¶ 5, 26-30.) Plaintiff alleges that, on or about October 15, 2015, the sexual misconduct was discovered by a prison employee and reported to prison authorities. (*Id.* ¶ 31.) That same day, Plaintiff alleges he was detained and questioned concerning the sexual misconduct. (*Id.* ¶¶ 32-36.) During the questioning, Plaintiff alleges the investigators implied that, instead of Plaintiff being the victim, Plaintiff may have been the one who raped Defendant Pinchback. (*Id.* ¶ 33.)

Following the interrogation, Plaintiff alleges he was taken to a room where he was handcuffed and shackled. (*Id.* ¶ 36.) Plaintiff alleges Defendant Sysmobath and Does 1-10 "forcefully pulled down [Plaintiff's] underwear and administered a procedure on [his] penis." (*Id.*) Defendant Sysmobath "inserted an object into [Plaintiff's] penis, causing [him] immense pain." (*Id.*) Plaintiff alleges Defendants purportedly performed this "non-consensual penetration of [Plaintiff's] penis" in order to obtain Defendant Pinchback's DNA from Plaintiff's body. (*Id.* ¶ 37.) However, Plaintiff alleges that the procedure served "no investigatory purpose," but instead "was intended solely to humiliate, degrade, and intimidate [Plaintiff] and cause cruel and extreme pain and suffering for retaliatory and sadistic purposes." (*Id.*) Plaintiff claims Defendant Sysmobath performed this procedure in the presence of Defendant Tout and while Defendant Tout held down Plaintiff's arms. (*Id.* ¶ 38.) Based on these allegations, Plaintiff asserts claims for sexual assault and battery and intentional infliction of emotional distress against Defendants Sysmobath, Tout, and Does 1-10.[1] (*Id.* ¶¶ 135-60.)

---

[1] Although Plaintiff brings causes of action for negligence and negligent infliction of emotional distress against all Defendants, his allegations as to these causes of action pertain only to Defendant Price. (*See*

The Magistrate Judge recommends these claims be dismissed for two reasons: (1) the claims are time-barred and (2) Plaintiff failed to file a government tort claim before bringing this case. (ECF No. 83 at 34–37, 40–43, 50–51.) For the reasons set forth below, the Court disagrees, and finds that Plaintiff's claims for sexual assault and battery and intentional infliction of emotional distress are timely and Plaintiff is excused from filing a government tort claim as to these claims. Thus, the claims will not be dismissed.

### I. Plaintiff's State Law Claims Against Defendants Sysmobath, Tout, and Does 1–10 Are Subject to a Ten-Year Statute of Limitations

California's statute of limitations for personal injury claims is two years. Cal. Civ. Proc. Code § 335.1. California tolls the statute of limitations during imprisonment for up to two years under certain conditions, including when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." Civ. Proc. Code § 352.1(a). Because Plaintiff was incarcerated at all relevant times, Plaintiff had at least four years to bring his state law claims.

However, Plaintiff contends that his state law claims are subject to a ten-year, not four-year, statute of limitations because they fall under the revival provisions of California Civil Procedure Code section 340.16. (*See* ECF No. 81 at 14–15.) Section 340.16 provides, in relevant part, "any civil action for recovery of damages suffered as a result of sexual assault" shall be commenced within "10 years from the date of the last act, attempted act, or assault," and that any action seeking to recover damages suffered as a result of a sexual assault "based upon conduct that occurred on or after January 1, 2009, and is commenced on or after January 1, 2019 . . . [is] hereby revived and may be commenced until December 31, 2026." Civ. Proc. Code § 340.16(a), (b)(3). Plaintiff brought his state law claims against Defendants Sysmobath, Tout, and Does 1–10 on July 27, 2022, based on allegations they sexually assaulted him on

---

ECF No. 64 ¶¶ 161–168.) Thus, the Court finds Plaintiff has not asserted claims for negligence and negligent infliction of emotional distress against Defendants Sysmobath and Tout.

3

1  October 15, 2015.  Thus, Plaintiff argues these claims are timely because they were
2  filed after January 1, 2019, and were brought within ten years of the October 15,
3  2015, accrual date.  (ECF No. 81 at 13.)

4  Further, Plaintiff argues his allegations meet the definition of sexual assault in
5  the statute.  Section 340.16 defines "sexual assault" as any of the crimes described in
6  California Penal Code sections 243.4, 261, 264.1, 286, 287, or 289.  Civ. Proc. Code
7  § 340.16(b)(1).  Penal Code section 243.4(a) defines sexual battery as touching the
8  intimate part of another person, while unlawfully restrained,[2] against their will for the
9  specific purpose of sexual arousal, sexual gratification, or sexual abuse.  The California
10  Court of Appeal has held that sexual abuse, as used in Penal Code section 243.4,
11  includes non-consensual touching of a person's intimate body part "for the purpose of
12  insulting, humiliating, or intimidating" that person.  *In re Shannon T.*, 144 Cal. App. 4th
13  618, 622 (2006) ("*Shannon T.*").  Thus, Plaintiff argues his allegations against
14  Defendants Sysmobath, Tout, and Does 1–10 qualify as sexual battery under Penal
15  Code section 243.4(a) because the procedure on his penis served no investigatory
16  purposes and was sadistic sexual contact intended solely to humiliate, degrade, and
17  intimidate him.  (ECF No. 81 at 15 (citing ECF No. 64 ¶¶ 37, 64, 93, 116, 143, 152).)

18  The Magistrate Judge disagreed with Plaintiff, finding that Plaintiff had not
19  alleged sexual battery as defined in section 243.4 because there was no sexual
20  purpose for Defendants Sysmobath, Tout, and Does 1–10's actions.  (*See* ECF No. 83
21  at 36–37.)  Rather, the Magistrate Judge found that Defendants had performed the
22  procedure on Plaintiff's penis for a non-sexual, investigatory purpose–to obtain DNA
23  from Plaintiff's body.  (*Id.*)  In particular, the Magistrate Judge contrasted the facts of

---

[2] Although Penal Code section 243.4(a) refers to unlawful restraint, lawful restraint can become unlawful when the original lawful purpose is replaced with or supplemented by an unlawful purpose.  *See People v. Alford*, 235 Cal. App. 3d 799, 802–4 (1991) (holding a correctional officer who sexually assaulted two female inmates on different occasions while the women were physically restrained and being transported from one correctional facility to another was properly convicted of sexual battery under section 243.4 given that the correctional officer restrained the women not solely for the purpose of transporting them but also to enable him to commit sexual batteries against them).

this case with *Shannon T.*, reasoning "[P]laintiff's allegations regarding [D]efendants Sysmobath and Tout do not involve a sexual touching or provide a sexual context like that found in the surrounding circumstances cited in *Shannon T.*, 144 Cal. App. 4th at 622-23." (*Id.* at 36.)  Thus, the Magistrate Judge found that Plaintiff's claims were subject to a four-year, not ten-year, statute of limitations. (*Id.* at 37.)

However, the Court finds this reading of *Shannon T.* too narrow.  In *Shannon T.*, a 14-year-old boy approached a 16-year-old girl at school, directed that she get off the phone, called her "[his] ho," and then after the girl walked away from him, saying "whatever," slapped her face, grabbed her arm, and pinched her breast, causing her to cry and leaving a large bruise.  144 Cal. App. 4th at 620.  The boy challenged the juvenile court's subsequent sexual battery finding, arguing there was no specific intent because he and the victim had simply been "engaged in 'playful hitting' of each other." *Id.* at 621.  After observing that the statute, Penal Code section 243.4, did not define "sexual abuse" and that no published case had addressed the issue, the appellate court concluded that "'sexual abuse' includes the touching of a woman's breast, without consent, for the purpose of insulting, humiliating, or intimidating the woman, even if the touching does not result in actual physical injury." *Id.* at 622.  The court affirmed the juvenile court's finding, concluding that "the minor's purpose in pinching the victim's breast [could] be inferred from the act itself together with its surrounding circumstances" and that the "circumstances support[ed] a conclusion that the minor pinched the girl's breast for the specific purpose of insulting, humiliating, intimidating, and even physically hurting her." *Id.* at 622–23.  Thus, *Shannon T.* does not hold that a "sexual context" is required to establish sexual abuse.  Touching another's intimate body part without their consent for the purpose of insulting, humiliating, and intimidating them is enough.

Here, Plaintiff alleges his penis was penetrated without his consent, purportedly to obtain Defendant Pinchback's DNA from Plaintiff's body.  (ECF No. 64 ¶ 37.)  However, Plaintiff alleges this procedure was unnecessary because the DNA could

5

have been obtained in less intrusive ways and Defendants had other evidence a sexual encounter had taken place between Plaintiff and Defendant Pinchback, including an eyewitness account. (*Id.*)  Further, the procedure was conducted immediately after Plaintiff was questioned about the sexual misconduct, during which the investigators implied that Plaintiff may have raped Defendant Pinchback. (*Id.* ¶ 33.)  Thus, Plaintiff contends there was no investigatory purpose served by the penetration of his penis; rather, the procedure was conducted "solely to humiliate, degrade, and intimidate him" in order to penalize him for the suspected rape. (*Id.* ¶ 37.)  Based on the standard set forth in *Shannon T.*, the Court finds these allegations plausibly support a claim for sexual battery under Penal Code section 243.4(a).  The statute of limitations for Plaintiff's sexual assault and battery claim is ten years.

Plaintiff's other state law claim for intentional infliction of emotional distress is also premised upon his sexual assault and battery allegations against Defendants Sysmobath, Tout, and Does 1–10. (*See id.* ¶¶ 155–160).  Thus, this claim benefits from the ten-year statute of limitations as well.  *See Acevedo v. eXp Realty, LLC*, 713 F. Supp. 3d 740, 790–92 (C.D. Cal. 2024) (finding that section 340.16, by its terms, is not limited to *claims* of sexual assault, but applies to *any action* seeking damages as a result of sexual assault, and holding an intentional infliction of emotional distress claim was revived under section 340.16(b)(3) along with a sexual battery claim because plaintiffs alleged defendants caused plaintiffs emotional distress by "subjecting them to forceful sexual touching and assault," meaning plaintiffs sought to "recover damages that [they] would not have suffered, but for their sexual assault").

Accordingly, the Court holds Plaintiff's claims for sexual assault and battery and intentional infliction of emotional distress against Defendants Sysmobath, Tout, and Does 1–10 are timely as they were filed within the ten-year statute of limitations under California Civil Procedure Code section 340.16.

////

////

## II. Plaintiff is Excused from Filing a Government Tort Claim for his State Law Causes of Action against Defendants Sysmobath, Tout, and Does 1-10

Under the California Government Claims Act, California Government Code sections 810 *et seq.*, a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presents the claim to the California Victim Compensation and Government Claims Board, and the Board acts on the claim, or the time for doing so expires. Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Ct.*, 32 Cal. 4th 1234, 1244 (2004). However, under Government Code section 945.9(a), "[a] claim arising out of an alleged sexual assault by a law enforcement officer" is exempt from the requirement to file a government tort claim "if the alleged assault occurred while the officer was employed by a law enforcement agency." Cal. Gov't Code § 945.9(a).

Here, Plaintiff alleges Defendants Sysmobath, Tout, and Does 1-10 sexually assaulted him while employed as law enforcement officers with the California Department of Corrections and Rehabilitation and/or California Prison Industry Authority. (ECF No. 64 ¶¶ 7-10, 36-38.) Thus, Plaintiff argues he is exempt from the government tort claim presentation requirement for his claims arising out of Defendants' alleged sexual assault. (ECF No. 81 at 16-17.)

The Magistrate Judge found that "the alleged actions or omissions of [D]efendants Sysmobath and Tout did not take place in a sexual context, and therefore [P]laintiff's state law claims against Sysmobath and Tout are not exempt under § 945.9(a) from the claim presentation requirement of the California Government Claims Act." (ECF No. 83 at 43.) However, as held in Section I *supra*, Plaintiff has plausibly alleged a timely sexual assault and battery claim against Defendants Sysmobath, Tout, and Does 1-10.

Accordingly, the Court finds that section 945.9(a) applies and excuses Plaintiff from the claim presentation requirement imposed by the Government Claims Act.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 83) are ADOPTED in part.
2. CDCR Defendants' Motion to Dismiss (ECF No. 80) is GRANTED in part as follows:
    a. Plaintiff's Fourth and Eighth Amendment claims against Defendants Price, Sysmobath, Tout, and Does 1-10 are dismissed based on Plaintiff's concession that such claims are time-barred;
    b. Plaintiff's First Amendment claims against Defendants Price, Sysmobath, Tout, and Does 1-10 are dismissed as time barred;
    c. Plaintiff's claims for negligence and negligent infliction of emotional distress against Defendants Price and Does 1-10 are dismissed as barred by the statute of limitations and based on Plaintiff's failure to file a government tort claim as required by California Government Code section 911.2 and failure to submit a request to file a late government tort claim as required under California Government Code section 911.4; and
    d. Dismissal of these claims is without leave to amend because amendment would be futile.
3. CDCR Defendants' Motion to Dismiss (ECF No. 80) is DENIED in part as follows:
    a. Plaintiff's claims for sexual assault and battery and intentional infliction of emotional distress against Defendants Sysmobath, Tout, and Does 1-10 will not be dismissed as they are timely and Plaintiff's failure to file a government tort claim as required by California Government Code section 911.2 is excused under California Government Code section 945.9(a).

////

////

4. Defendant Pinchback's Motion to Dismiss (ECF No. 69) is GRANTED as follows:

    a. Plaintiff's state law claims against Defendant Pinchback are dismissed due to Plaintiff's failure to file a government tort claim as required by California Government Code section 911.2 and failure to submit a request to file a late government tort claim as required under California Government Code section 911.4; and

    b. Dismissal of these claims is without leave to amend because amendment would be futile.

5. This case shall proceed on Plaintiff's claims for sexual assault and battery and intentional infliction of emotional distress against Defendants Sysmobath, Tout, and Does 1–10 only.

IT IS SO ORDERED.

Dated:   **December 20, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – Matthews22cv1329

9