UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK MATTHEWS, | No. 2:22-cv-1329 DJC CSK P |
| Plaintiff, | |
| v. | ORDER |
| DEMITA PINCHBACK, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner, proceeding through counsel, filed this civil rights action seeking relief under 42 U.S.C. § 1983. Defendants A. Tout and B. Sysombath are employed by the California Department of Corrections and Rehabilitation ("CDCR"), and referred to herein as "CDCR defendants." CDCR defendants renewed their application[1] for leave to file an early motion for summary judgment on exhaustion grounds and to stay all discovery other than discovery directly related to the issues of exhaustion. (ECF No. 94.) Plaintiff does not oppose litigating an early summary judgment motion that would resolve the CDCR defendants' first

---

[1] Though CDCR defendants have labeled this request as an "ex parte" request, it is not an ex parte request. "Ex parte" is defined as "[d]one or made at the instance and for the benefit of one party only, and without notice to, or argument by, anyone having an adverse interest." EX PARTE, Black's Law Dictionary (12th ed. 2024). CDCR defendants both verbally informed plaintiff's counsel that CDCR defendants would be filing the instant motion, and also electronically served plaintiff's counsel with a copy of the motion. (ECF No. 94 at 10, 12.) Therefore, the instant motion is not an ex parte request.

1

affirmative defense (ECF No. 90 at 10), but "opposes this motion to the extent that it (1) seeks a decision on the exhaustion defense based on 'little discovery that would be beneficial to the issue' (ECF 94 at 5 n.3); and (2) includes another request to stay discovery without proper disclosure of documents that are directly related to the exhaustion issue on which defendants seek summary judgment." (ECF No. 95 at 1.)

As discussed below, CDCR defendants' motion for leave to file an early motion for summary judgment on exhaustion grounds is granted. (ECF No. 94.) The motion to stay discovery is partially granted. (Id.)

I.   RELEVANT BACKGROUND

This action proceeds on plaintiff's second amended complaint. (ECF No. 64.) On December 27, 2022, CDCR defendants first filed an ex parte motion to file an early motion for summary judgment based on statute of limitations and exhaustion grounds. (ECF No. 30.) On May 24, 2023, the Court approved the parties' stipulation that defendants could file a summary judgment motion on exhaustion grounds within fourteen days after a decision on the pending motion to dismiss by defendant Pinchback. (ECF No. 50.) Discovery was stayed "until a decision is issued on the motion(s) for summary judgment for failure to exhaust administrative remedies and based upon the statute of limitations." (Id. at 3.) On March 26, 2024, CDCR defendants were directed to file their motion to dismiss on statute of limitations grounds within twenty-one days, and the ruling on defendant Pinchback's motion was stayed pending briefing on the CDCR defendants' motion. (ECF No. 78.) On August 26, 2024, the Court issued findings and recommendations on both motions to dismiss. (ECF No. 83.) On December 20, 2024, the district court granted defendant Pinchback's motion to dismiss and partially denied the CDCR defendants' motion to dismiss, and ordered this case to proceed solely on plaintiff's state law claims for sexual assault and battery and intentional infliction of emotional distress against the CDCR defendants and Does 1-10. (ECF No. 87.) Plaintiff's federal claims against the CDCR defendants were dismissed, as were defendants Pinchback and Price. (Id.) After an extension of time, the CDCR defendants filed an answer. (ECF No. 90.)

On February 28, 2025, the CDCR defendants filed the instant motion for leave to file a

2

summary judgment motion on exhaustion grounds. (ECF No. 94.) On March 5, 2025, plaintiff filed an opposition. (ECF No. 95.) CDCR defendants did not file a reply.

## II. LEAVE TO FILE EARLY SUMMARY JUDGMENT

Plaintiff does not oppose CDCR defendants' motion to file an early summary judgment motion on exhaustion grounds. CDCR defendants are granted leave to file a motion for summary judgment on exhaustion grounds.

## III. MOTION TO STAY DISCOVERY

### A. The Parties' Positions

CDCR defendants argue that discovery should be limited to only those matters related to the exhaustion issue, and claim that "there is little discovery that would be beneficial to the issue to be decided by the Court" because plaintiff has access to all his grievances, and the pertinent grievance documents will be provided as exhibits to the motion for summary judgment. (ECF No. 94 at 5, n.3.)

On the other hand, plaintiff argues that the necessary discovery on exhaustion extends beyond the information contained in plaintiff's central file, pointing to the factual allegations identified in findings and recommendations recommending denial of motions to dismiss on exhaustion grounds filed in plaintiff's first civil rights action. (ECF No. 95 at 4-5 (citing Matthews v. Brown, No. 2:20-cv-2515 JAM DB P (E.D. Cal. June 9, 2021).) The magistrate judge noted that "plaintiff asserted his efforts to exhaust were thwarted by prison officials which rendered administrative remedies unavailable," and noted the following examples:

> following the alleged assault by defendant Pinchback on October 15, 2021 [sic], plaintiff was placed in administrative segregation and remained there until an investigation against him for "overfamiliarity" was concluded. Plaintiff argues defendants hid facts, misrepresented the nature of the investigation, and used the threat of fake rape charges against him to intimidate, silence him, and prevent him from filing a grievance. He alleges he was denied medical and mental health treatment after the assault, which prevented him from pursuing his rights. (ECF No. 79 at 5-9.) In addition, plaintiff asserts he was threatened by defendant Huff, who stated to plaintiff, "you know what happens to prisoners that rape woman [sic]" (Id. at 8). Plaintiff argues defendant Huff made this threat to intimidate plaintiff in order to prevent him from pursuing administrative remedies.

3

Id. at 6. Plaintiff argues that the investigation records are:

> necessary to document the following information: (1) the period that Plaintiff was under the threat of criminal prosecution for rape, (2) the period of time it took for Defendant Pinchback to be criminally prosecuted for her crime, (3) the persons who collected DNA evidence from Plaintiff's penis, whether they were medical staff, and any documented need to collect DNA from Plaintiff's penis in addition to the cheek swab that was performed, and (4) information obtained from the prison's required monitoring for retaliation against PREA victims.

Id. Specifically, plaintiff contends that the following discovery is related to exhaustion and should be produced prior to the filing of the exhaustion motion:

    1. An unredacted copy of plaintiff's Strategic Offender Management System ("SOMS") and Electronic Records Management System ("ERMS") files (the parties should meet and confer on what information in these files should be subject to the Protective Order governing this case (ECF 92));

    2. All grievances and related documents filed by plaintiff relating to the claims in this lawsuit;

    3. All investigation files related to the incident on October 15, 2015 that form the basis of this lawsuit, including the following:

        a. Files of the Investigative Services Unit at Deuel Vocational Institution ("DVI") where the incident occurred and the California Institution for Men ("CIM"), where plaintiff filed his initial grievance on this matter and where he currently resides;

        b. Files of Grievance Appeals Office from DVI and CIM;

        c. Files of the Office of Internal Affairs including administrative and criminal investigation files for allegations against former defendant Pinchback and/or plaintiff;

        d. Prison Rape Elimination Act ("PREA") files from DVI and CIM.

    4. All investigation files related to the investigation purportedly conducted by CDCR defendants in conducting the involuntary penile swab of plaintiff; and

    5. Incident reports by DVI staff in response to the incident of sexual misconduct by former defendant Pinchback on October 15, 2015 that were either authored by, or reference, CDCR defendants.

CDCR defendants did not file a reply.

B. Legal Standards

The Ninth Circuit has affirmed that district courts have "wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). While the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause. Id. (affirming district court's decision to stay discovery pending resolution of motion for summary judgment); Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss). Federal Rule of Civil Procedure 26 states "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery. Fed. R. Civ. P. 26(c)(1). The party seeking a protective order has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004).

The Federal Rules of Civil Procedure do not provide for an automatic stay of discovery when a potentially dispositive motion is pending, and federal courts generally look unfavorably upon such stays. See Mlejnecky v. Olympus Imaging Am., Inc., 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011); see also Skellerup Indus. Ltd. v. City of L.A., 163 F.R.D. 598, 600-601 (C.D. Cal. 1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." (citation and quotation marks omitted).).

District courts in the Ninth Circuit often apply a two-pronged test to decide whether to stay discovery. Mlejnecky, 2011 WL 4889743, at *6; Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp., 2007 WL 1146607, at *1 (E.D. Cal. 2007). The first prong requires that the pending motion "be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." Seven Springs Ltd. P'ship, 2007 WL 1146607, at *1. The second prong requires the court to "determine whether the pending, potentially dispositive motion can be

1 decided absent additional discovery." Id.  If either prong is not met, discovery should proceed.
2 Id.

3       C. Discussion

4       The first prong is met because if the Court finds that plaintiff failed to exhaust
5 administrative remedies as to the remaining state law claims against the CDCR defendants, there
6 will be no need to reach the merits of plaintiff's remaining claims.  As to the second prong, the
7 issue is whether plaintiff needs additional discovery to address the CDCR defendants' anticipated
8 motion for summary judgment on exhaustion grounds.  Plaintiff maintains that only limited
9 discovery has been provided to date.  (ECF No. 95 at 7.)  Of course, as argued by the CDCR
10 defendants, plaintiff has access to his own central file and grievances he filed to exhaust claims
11 raised in this issue.  Moreover, the Court finds that plaintiff's current list of discovery required is
12 again overbroad.  (See, e.g., ECF No. 61 at 3-4.)  For example, plaintiff provides no time limit on
13 the request for an unredacted copy of plaintiff's SOMS and ERMS files.  According to the
14 CDCR, plaintiff has been in CDCR custody since November 22, 2000.[2]  Thus, plaintiff's request
15 for plaintiff's entire SOMS and ERMS records is denied as overbroad.

16       However, plaintiff identified 20 pages from the grievance section of the SOMS file that
17 was previously produced, but was heavily redacted.  (ECF No. 95 at 7.)  Despite informing
18 counsel for CDCR defendants that such records were improperly redacted, plaintiff has not
19 received any response.  (Id. at 8.)  Because these records relate to plaintiff's grievances, they are
20 relevant and should be provided without redaction to plaintiff's counsel.  Moreover, the parties
21 have stipulated to a protective order, and the parties can meet and confer as to which documents
22 are subject thereto.  (See ECF No. 92.)

23       Further, CDCR defendants would be required to provide plaintiff's relevant grievances

---

[2] This information was obtained from the CDCR Inmate Locator website, https://ciris.mt.cdcr.ca.gov/ (accessed March 24, 2025).  The Court may take judicial notice of public records available on online inmate locators.  See United States v. Basher, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); see also Foley v. Martz, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator).

with their anticipated motion for summary judgment. L.R. 260(a). Therefore, defendants should produce all grievances and related documents filed by plaintiff relating to the remaining state law claims against CDCR defendants in this lawsuit.

Finally, the Court is not persuaded that the investigation files are relevant to exhaustion, but rather go to the merits of plaintiff's claims. Therefore, plaintiff's request for the investigation files is denied. In all other respects, discovery is stayed pending resolution of the anticipated motion for summary judgment on exhaustion grounds.

IV.   TIMING

CDCR defendants requested fourteen days from the Court's order to file their motion for summary judgment. (ECF No. 94 at 5.) Plaintiff's counsel noted her unavailability from March 27, 2025, to April 11, 2025. (ECF No. 93.) Because the Court is ordering the production of certain documents before the filing of CDCR defendants' motion for summary judgment, the Court sets forth the following schedule. CDCR defendants are granted thirty days in which to produce the documents identified in this order. After April 14, 2025, counsel shall meet and confer as to what documents are subject to the February 5, 2025 protective order (ECF No. 92). Fifteen days after the documents are produced, CDCR defendants shall file their motion for summary judgment on exhaustion grounds. That motion shall be briefed under Local Rule 230(l).

Accordingly, IT IS HEREBY ORDERED that:

1. CDCR defendants' motion for leave to file a summary judgment motion on exhaustion grounds (ECF No. 94) is granted;

2. Thirty days from the date of this order, CDCR defendants shall produce to plaintiff's counsel the following documents:

   A. Unredacted 20 pages from the grievance section of the SOMS file previously produced by CDCR defendants; and

   B. All grievances and related documents filed by plaintiff relating to the state law claims against CDCR defendants remaining in this lawsuit.

3. In all other respects, discovery is stayed pending resolution of the CDCR defendants' anticipated motion for summary judgment on exhaustion grounds.

7

        4. After April 14, 2025, and prior to the production deadline, counsel shall meet and confer as to what documents are subject to the February 5, 2025 protective order (ECF No. 92).

        5. Fifteen days after the documents are produced, CDCR defendants shall file their motion for summary judgment on exhaustion grounds. L.R. 230(l).

Dated: March 25, 2025

                                                    CHI SOO KIM
                                                    UNITED STATES MAGISTRATE JUDGE

/1/matt1329.sty.dsc2